UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KENNETH AND PAMELA PRICE JEAN<br>Plaintiff,<br><br>v.<br><br>CITY OF ASHBURNHAM POLICE<br>DEPARTMENT, CITY OF WINCHENDON<br>POLICE DEPARTMENT, ROB HARRINGTON,<br>in his capacity as CHIEF OF THE WINCHENDON<br>POLICE DEPARTMENT, JACK MURRAY, in his<br>capacity as CHIEF OF THE ASHBURNHAM<br>POLICE DEPARTMENT, TODD C. PARSONS,<br>RAYMOND M. ANAIR, ROBERT BRENNON,<br>WILLIAM P. GEOFFROY, BRIAN HART,<br>KEVIN AHEARN, KEVIN E. WOLSKI,<br>OFFICER JOHN DOE, OFFICER JOHN POE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 03-12306RGS |

## ANSWER OF DEFENDANTS, TOWN OF ASHBURNHAM, JACK MURRAY, KEVIN AHEARN, BRIAN HART, ROBERT BRENNON AND TODD PARSONS, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

### PARTIES

1.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore leave the Plaintiffs to prove same.

2.  The Defendants admit the allegations in Paragraph 2 of the Complaint.

3.  The Defendants admit the allegations in Paragraph 3 of the Complaint to the extent it alleges Jack Murray was the former Police Chief of the Town of Ashburnham. The defendants do not respond to the further allegations in Paragraph 3 of the Complaint as such allegations contain conclusions of law not requiring a responsive pleading.

4.  The Defendants admit the allegations in Paragraph 4 of the Complaint.

5.    The Defendants admit the allegations in Paragraph 5 of the Complaint.

6.    The Defendants admit the allegations in Paragraph 6 of the Complaint to the extent it alleges Robert Brennan, misnamed in the Complaint, is a Sergeant in the Ashburnham Police Department.

7.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore leave the Plaintiffs to prove same.

8.    The Defendants admit the allegations in Paragraph 8 of the Complaint.

9.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore leave the Plaintiffs to prove same.

10.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore leave the Plaintiffs to prove same.

11.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore leave the Plaintiffs to prove same.

12.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore leave the Plaintiffs to prove same.

## STATEMENT OF FACTS

13.    The Defendants deny the allegations in Paragraph 13 of the Complaint.

14.    The Defendants deny the allegations in Paragraph 13 of the Complaint.

15.    The Defendants deny the allegations in Paragraph 13 of the Complaint.

16.    The Defendants deny the allegations in Paragraph 13 of the Complaint.

17.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore leave the Plaintiffs to prove

same.

18.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore leave the Plaintiffs to prove same.

19.    The Defendants deny the allegations in Paragraph 19 of the Complaint..

20.    The Defendants deny the allegations in Paragraph 20 of the Complaint..

21.    The Defendants deny the allegations in Paragraph 21 of the Complaint..

22.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore leave the Plaintiffs to prove same.

23.    The Defendants deny the allegation in Paragraph 23 of the Complaint.

24.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore leave the Plaintiffs to prove same.

25.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore leave the Plaintiffs to prove same.

26.    The Defendants deny the allegations in Paragraph 26 of the Complaint.

27.    The Defendants deny the allegations in Paragraph 27 of the Complaint.

28.    The Defendants deny the allegations in Paragraph 28 of the Complaint.

29.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore leave the Plaintiffs to prove same.

30.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore leave the Plaintiffs to prove same.

31.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore leave the Plaintiffs to prove same.

32.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore leave the Plaintiffs to prove same.

33.  The Defendants deny the allegations in Paragraph 33 of the Complaint.

34.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore leave the Plaintiffs to prove same.

35.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore leave the Plaintiffs to prove same.

36.  The Defendants deny the allegations in Paragraph 36 of the Complaint.

37.  The Defendants deny the allegations in Paragraph 37 of the Complaint same.

38.  The Defendants deny the allegations in Paragraph 38 of the Complaint.

## STATEMENT OF CLAIMS

## COUNT I - FALSE IMPRISONMENT

39.  The Defendants repeat and reallege their answers to Paragraphs 1 through 38 of the Plaintiff's Complaint as if fully set forth herein.

40.  The Defendants deny the allegations in Paragraph 40 of the Complaint.

## COUNT II - INTENTIONAL INFLICTION

41.  The Defendants repeat and reallege their answers to Paragraphs 1 through 40 of the Plaintiff's Complaint as if fully set forth herein.

42.  The Defendants deny the allegations in Paragraph 42 of the Complaint.

43.  The Defendants deny the allegations in Paragraph 43 of the Complaint.

## COUNT III - 42 USC § 1983

44.  The Defendants repeat and reallege their answers to Paragraphs 1 through 43 of the Plaintiff's Complaint as if fully set forth herein.

45.  The Defendants deny the allegations in Paragraph 45 of the Complaint.

46.  The Defendants deny the allegations in Paragraph 46 of the Complaint.

## COUNT IV - MRCA

47.  The Defendants repeat and reallege their answers to Paragraphs 1 through 46 of the Plaintiff's Complaint as if fully set forth herein.

48.  The Defendants deny the allegations in Paragraph 48 of the Complaint.

49.  The Defendants deny the allegations in Paragraph 49 of the Complaint.

50.  The Defendants deny the allegations in Paragraph 50 of the Complaint.

## COUNT V - MALICIOUS PROSECUTION

51.  The Defendants repeat and reallege their answers to Paragraphs 1 through 50 of the Plaintiff's Complaint as if fully set forth herein.

52.  The Defendants deny the allegations in Paragraph 52 of the Complaint.

53.  The Defendants deny the allegations in Paragraph 53 of the Complaint.

54.  The Defendants deny the allegations in Paragraph 54 of the Complaint.

## COUNT VI - ABUSE OF PROCESS

55.  The Defendants repeat and reallege their answers to Paragraphs 1 through 54 of the Plaintiff's Complaint as if fully set forth herein.

56.  The Defendants deny the allegations in Paragraph 56 of the Complaint.

57.  The Defendants deny the allegations in Paragraph 57 of the Complaint.

58.  The Defendants deny the allegations in Paragraph 58 of the Complaint.

## COUNT VII - CONSPIRACY

59.    The Defendants repeat and reallege their answers to Paragraphs 1 through 58 of the Plaintiff's Complaint as if fully set forth herein.

60.    The Defendants deny the allegations in Paragraph 60 of the Complaint.

61.    The Defendants deny the allegations in Paragraph 61 of the Complaint.

## COUNT IX *[sic]* - 42 USC § 1983 - MUNICIPAL DEFENDANTS

62.    The Defendants repeat and reallege their answers to Paragraphs 1 through 61 of the Plaintiff's Complaint as if fully set forth herein.

63.    The Defendants deny the allegations in Paragraph 63 of the Complaint.

64.    The Defendants deny the allegations in Paragraph 64 of the Complaint.

65.    The Defendants deny the allegations in Paragraph 65 of the Complaint.

## COUNT XI *[sic]* - DEFAMATION

66.    The Defendants repeat and reallege their answers to Paragraphs 1 through 65 of the Plaintiff's Complaint as if fully set forth herein.

67-70. The Defendants do not respond to the allegations in Paragraphs 67 through 70 of the Complaint because these allegations are directed against other defendants.  To the extent these allegations are read to apply to these Defendants, the Defendants deny each and every allegation in Paragraphs 67 through 70 of the Complaint.

## FIRST DEFENSE

The plaintiffs' Complaint fails to state a claim against the defendants upon which relief can be granted.

## SECOND DEFENSE

The plaintiffs' Complaint fails to state a claim against the defendants upon which relief can be granted in that the defendant has no obligation to pay the plaintiff any amount of the losses or damages alleged.

## THIRD DEFENSE

The defendants state that, if the plaintiffs suffered damages as alleged, such damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

## FOURTH DEFENSE

The defendants state that the negligence of the plaintiffs was greater than the alleged negligence of the defendants and that such negligence of the plaintiffs contributed to her alleged damages. Therefore, the plaintiffs are barred from recovery under M.G.L. c. 231, §85.

## FIFTH DEFENSE

The defendants state that the plaintiffs' recovery against the defendants is barred under M.G.L. c. 258, § 10(a).

## SIXTH DEFENSE

The defendants state that the plaintiffs' recovery against the defendants is barred under M.G.L. c. 258, § 10(e).

## SEVENTH DEFENSE

The defendants state that the plaintiffs' claims against the defendants are based upon the defendants employees' alleged exercise or performance, or failure to exercise or perform, a discretionary function or duty within the scope of their office or employment and, therefore, the plaintiffs' recovery against the defendants is barred under M.G.L. c. 258, §10(b).

## EIGHTH DEFENSE

The defendants state that the plaintiffs' recovery against the defendants is barred under M.G.L. c. 258, §10(c).

## NINTH DEFENSE

The plaintiff's claims, to the extent they allege acts of malice, should be dismissed for failing to state a claim upon which relief can be granted, in that they lack particularity and provide no factual basis in support of allegations of malice, as required by the Rules of Civil Procedure.

## TENTH DEFENSE

The defendants cannot be liable under 42 U.S.C. § 1983 because they did not deprive the plaintiff of a constitutional or statutory protected right by virtue of a governmental policy or custom adopted, permitted or condoned by the Town of Ashburnham.

## ELEVENTH DEFENSE

The plaintiffs are estopped by their conduct from recovering on their claim.

## TWELFTH DEFENSE

The defendants say that the injuries or damages alleged were caused in whole or in part by the plaintiffs' own conduct.

## THIRTEENTH DEFENSE

The defendants say that the injuries or damages alleged were caused in whole or in part by the violation by the plaintiffs of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

## FOURTEENTH DEFENSE

The defendants were justified in their conduct and acts and, therefore, not liable to the plaintiffs.

## FIFTEENTH DEFENSE

The defendants state that the actions of the defendant police officers were performed according to, and protected by law, and/or legal process, and that therefore the plaintiffs cannot recover.

## SIXTEENTH DEFENSE

The defendant police officers, were privileged in their conduct and acts and that, therefore, the plaintiffs cannot recover.

## SEVENTEENTH DEFENSE

The defendants state that at all times relevant hereto, the defendant police officers, acted without malice toward the plaintiffs and that their actions relative to the plaintiffs were privileged by virtue of their acting reasonably and in good faith within the scope of their authority.

## EIGHTEENTH DEFENSE

The defendant police officers have qualified immunity from this suit as the alleged acts complained of occurred within the scope of their official duties and they had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the plaintiffs' rights at the time that they were allegedly committed.

## NINETEENTH-FIRST DEFENSE

The complaint must be dismissed for lack of service and/or insufficiency of service of process, in that the summons and complaint were not properly served on the defendants.

## TWENTIETH DEFENSE

The defendants answering state that the plaintiffs were not deprived any rights secured by either the state or U.S. Constitution or by the laws of the Commonwealth of Massachusetts or the United States.

## TWENTY-FIRST DEFENSE

The defendants answering state that the plaintiffs, by their conduct and actions and/or by the conduct and actions of their agents and servants, have waived any and all rights they may have had against the defendants.

## TWENTY-SECOND DEFENSE

The plaintiffs have failed to state a cause of action under 42 U.S.C. Section 1983 because the plaintiffs do not allege an official custom, policy or practice which caused the allegedly unconstitutional denial of the plaintiffs' civil rights and a municipality cannot be held vicariously liable for the unconstitutional acts of its officers or employees.

## TWENTY-THIRD DEFENSE

The defendants state that no act or omission by defendants was a proximate cause of damages, if any, allegedly sustained by the plaintiffs.

## TWENTY-FOURTH DEFENSE

The defendants answering state that any force allegedly used to detain or arrest plaintiffs, if it occurred at all, was a reasonable use of force under the circumstances.

### TWENTY-FIFTH DEFENSE

The defendants state that they are immune from liability in this matter pursuant to the so-called "public duty rule" as codified in the provisions of M.G.L. c. 258.

### TWENTY-SIXTH DEFENSE

The defendants state that the plaintiffs have failed to comply with the presentment requirements of M.G.L. c.258.

### TWENTY-SEVENTH DEFENSE

The defendants state that the plaintiffs were not in the exercise of due care, but rather the negligence of the plaintiffs constituted a cause for the injuries or damage complained of, wherefore recovery of the plaintiffs is barred in whole or in part, or is subject to diminution.

### TWENTY-EIGHTH DEFENSE

The defendants state that public employees are immune from suit for damages caused by any alleged negligence occurring within the performance of their employment. M.G.L. c. 258, § 2.

### TWENTY-NINTH DEFENSE

The defendants state that plaintiffs have failed to mitigate his damages as required by law.

### THIRTIETH DEFENSE

The defendants state that plaintiffs have failed to bring this case timely within the applicable statute of limitations.

### THIRTY-FIRST DEFENSE

The defendants state that suits against municipal officers in their official capacity are tantamount to suits against the municipality itself, and therefore must be dismissed.

### THIRTY-SECOND DEFENSE

The defendants state that a municipal police department is not a separate independent body politic subject to suit and therefore claims against it must be dismissed.

## THIRTY-THIRD DEFENSE

The defendants state that plaintiffs cannot recover under the Massachusetts Civil Rights Act because there has not been alleged the requisite threats, intimidation or coercion and therefore such claims must be dismissed.

## THIRTY-FOURTH DEFENSE

The defendants state that plaintiffs' Complaint must be dismissed for misnomer of a party.

## JURY CLAIM

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

The Defendants,
TOWN OF ASHBURNHAM, JACK MURRAY,
TODD C. PARSONS, ROBERT BRENNON,
BRIAN HART and KEVIN AHEARN,
By their attorneys,

John J. Cloherty, III, BBO #566522
PIERCE, DAVIS & PERRITANO, LLP
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail by hand on 2/19/04

-11-