UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************************
KENNETH AND PAMELA PRICE JEAN          *
                                       *
             Plaintiffs                *
                                       *
v.                                     *
                                       *
CITY OF ASHBURNHAM POLICE              *
DEPARTMENT, CITY OF WINCHENDON         *
POLICE DEPARTMENT, ROB HARRINGTON,     *
in his capacity as CHIEF OF THE WINCHENDON *   C.A. NO. 03-12306MLW
POLICE DEPARTMENT, JACK MURRY, in his  *
capacity as CHIEF OF THE ASHBURNHAM    *
POLICE DEPARTMENT, TODD C. PARSONS     *
RAYMOND M. ANAIR, ROBERT BRENNON,      *
WILLIAM P. GEOFFROY, BRIAN HART,       *
KEVIN AHEARN, KEVIN E. WOLSKI          *
OFFICER JOHN DOE, OFFICER JOHN POE.    *
                                       *
             Defendants                *
*********************************************
```

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

INTRODUCTION

This is an action against officers of the Town of Ashburnham and the Town of Winchendon police departments for civil rights and other violations causing loss and damage to the plaintiffs, Kenneth Jean and Pamela Price Jean, arising out of the unlawful detention, assault and battery, and arrest and prosecution of the plaintiffs on various occasions without probable cause, in a series of incidents that began in the summer of 1999. Defendant Officers Todd C. Parsons, Raymond M. Anair, Robert Brennon, William P. Geoffroy, Brian Hart, Kevin Ahearn, Kevin E. Wolski, and two currently unidentified officers from the Ashburnham Police Department violated the state and federal civil rights of the plaintiffs by arresting the plaintiffs

without probable cause multiple times, by maliciously prosecuting the plaintiffs without probable cause, and by otherwise tortiously injuring the plaintiffs.

The claims against the Towns of Ashburnham and Winchendon and their Chiefs of Police arises from the failure to train, supervise and discipline their officers, defendants Parsons, Anair, Brennon, Hart, Ahearn, Wolski, Geoffroy and two currently unidentified officers adequately, thereby giving them the message that they could misuse their authority as police officers and that such conduct would be tolerated or ignored by the defendant Police Departments.

## PARTIES

1. The Plaintiffs, Kenneth and Pamela Price Jean, are individuals with a usual residence in Ashburnham, Worcester County, Massachusetts entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

2. Defendant Town of Ashburnham Police Department is a department of the Town of Ashburnham, a municipality located in the County of Worcester in the Commonwealth of Massachusetts, and is the employer of defendants Parsons, Anair, Brennon, Hart, and Ahearn.

3. Defendant Jack Murry was a duly appointed Chief of Police of the Town of Ashburnham Police Department acting under color of law at all times relevant hereto and is named in his individual and official capacity.

4. Defendant Kevin Ahearn was a duly appointed and acting officer of the Ashburnham Police Department at all times relevant hereto and is named in his individual and official capacities.

5. Defendant Brian Hart was a duly appointed and acting officer of the Ashburnham Police Department at all times relevant hereto and is named in his individual and official capacities.

6. Defendant Robert Brennon was a duly appointed and acting Sargent of the Ashburnham Police Department at all times relevant hereto and is named in his individual and official capacities.

7. Defendant Raymond M. Anair was a duly appointed and acting officer of the Ashburnham Police Department at all times relevant hereto and is named in his individual and official capacities.

8. Defendant Todd Parsons was a duly appointed and acting officer of the Ashburnham Police Department at all times relevant hereto and is named in his individual and official capacities.

9. Defendant Town of WincheApril 28, 2004ndon Police Department is a department of the Town of Winchendon, a municipality located in the County of Worcester in the Commonwealth of Massachusetts, and is the employer of defendants Kevin E. Wolski and William P. Geoffroy.

10. Defendant Rob Harrington was a duly appointed Chief of Police of the Town of Winchendon Police Department acting under color of law at all times relevant hereto and is named in his official capacity.

11. Defendant Kevin E. Wolski was a duly appointed and acting officer of the Winchendon Police Department at all times relevant hereto and is named in his individual and official capacities.

12. Defendant William P. Geoffroy was a duly appointed and acting officer of the Winchendon Police Department at all times relevant hereto and is named in his individual and official capacities.

## STATEMENTS OF FACTS

13. The individual defendants have engaged in a pattern of harassment that has included invading the plaintiff's home without a warrant or probable cause to do so; stopping the plaintiffs on various occasions, some of which led to arrests and the bringing of false or unsubstantiated criminal charges; the taunting and teasing of the plaintiffs while they have been held as a result of these false arrests; the violation of normal bail and release procedures in order to extend the time that the plaintiffs have been held as a result of the unlawful arrests and similar acts in violation of the plaintiffs' civil rights.

14. This course of conduct began in the summer of 1999, when two currently unidentified Officers from the Ashburnham Police Department illegally entered and searched without consent the home of the plaintiffs, purportedly under the guise of serving a restraining order upon plaintiff Kenneth Jean. Although the plaintiffs are long time stable residents of Ashburnham, who own and have owned their own home for many years and plaintiff Kenneth Jean operates and has operated a local business for years, the restraining order was served, unnecessarily, by rousing the plaintiffs from their bed at one a.m. Over the objections of plaintiff Kenneth Jean and the unidentified younger officer at the scene, the senior officer forced his way into the plaintiffs' home and searched it, without a warrant or any probable cause, finding a small amount of marijuana.

15. Since that event plaintiff Kenneth Jean has been arrested at least three times and charged with crimes at least three times, on January 6, 2000, December 14, 2001 and April 27, 2002.

16. He has been acquitted or found not guilty on each of these charges, but only after incurring the risk of criminal jeopardy and substantial legal fees and other costs.[1]

17. Plaintiff Pamela Jean has been stopped by the defendants at least four times, on November 29, 2000, March 23, 2001, May 23, 2001 and December 14, 2001 and falsely and maliciously charged with crimes at least three times, March 23, 2001, May 23, 2001 and December 14, 2001.

18. On each occasion that she has been charged with crimes, plaintiff Pamela Jean has been acquitted or found not guilty, but only after incurring the risk of criminal jeopardy and substantial legal fees and other costs.

19. In the course of these arrests both plaintiffs have been held in cells without dry clothing, taunted and otherwise harassed and intimidated.

20. In particular, Plaintiff Pamela Jean has been defamed, falsely called a "prostitute" in public records, demeaned, mocked by the defendant officers who held the plaintiff's drivers license in front of her and argued over who gets to cut it up, repeatedly searched by multiple male officers without any females present, threatened with being sent to Framingham women's prison, left handcuffed to a bar in the booking station for hours, and not allowed to use a toilet for hours.

---

[1] The only occasion where plaintiff Kenneth Jean was not acquitted or found not guilty was the charge of possession of marijuana resulting from the illegal search of his home prior to his arraignment on Tuesday, October 5, 1999. Plaintiff Kenneth Jean chose not to incur the legal fees and costs necessary to challenge the search as unlawful and have the marijuana suppressed, not realizing that this was the beginning of an ongoing pattern of false arrests and harassment.

When she has had to use the toilet in the jail cells, she has been forced to do so in view of the defendant police officers, who have watched, gawked, mocked and laughed at her.

21. Cumulatively, this pattern of conduct by the defendants amounts to a deliberate and willful ongoing conspiracy to violate various constitutional rights of the plaintiffs. These rights include the right to be free from unlawful search and seizure, the right not to be punished except by due process of law, the right to liberty, the right to bear arms, and the right to be secure in one's person.

22. Plaintiffs have been damaged severely and continue to suffer damages, monetary and otherwise, as a direct and proximate result of the constitutionally violative conduct of the defendants, acting in concert and conspiracy to deprive the plaintiffs of their Constitutionally guaranteed rights as Americans and citizens of the Commonwealth of Massachusetts

## STATEMENT OF CLAIMS

### COUNT I

### FALSE IMPRISONMENT

23. Plaintiffs repeats and realleges each of the preceding paragraphs. The defendants caused the false imprisonment of the plaintiffs.

24. As a direct and proximate result of the acts of the defendants, the plaintiffs were deprived of their liberty, were caused great emotional distress, were subject to great humiliation and suffered other damages.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiffs repeats and realleges each of the preceding paragraphs.

26. The individual defendants' conduct, as set forth above, was outrageous beyond the bounds of human decency and beyond that which a civilized society would tolerate, and the defendants knew or should have known that said conduct would inflict severe emotional distress upon the plaintiffs.

27. Plaintiffs in fact suffered physical manifestations of mental and emotional distress and other damages as a result of the outrageous conduct of the individual defendants.

## COUNT III

### VIOLATION OF 42 U.S.C. SECTION 1983 – DEFENDANTS WOLSKI, GEOFFROY, AHEARN, HART, BRENNON, ANAIR, AND PARSONS

28. Plaintiff repeats and realleges each of the preceding paragraphs.

29. The individual police officer defendants, in performing the above intentional torts, violated plaintiff's federal civil rights, including, but not limited to, the right against unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable cause, and the right to security of the person.

30. As a direct and proximate result of the individual police officer defendants' acts, the plaintiffs suffered physical injury and pain and suffering, suffered great anxiety and strain, were caused great emotional distress, were subject to great humiliation and suffered other damages.

## COUNT IV

### VIOLATION OF MASS. CIVIL RIGHTS ACT

### VIOLATIONS OF CIVIL RIGHTS BY THREATS, INTIMIDATION OR COERCION

31. Plaintiff repeats and realleges each of the preceding paragraphs.

32. By accusing, detaining and falsely imprisoning the plaintiffs on multiple occasions, the defendants violated the plaintiffs' civil rights as guaranteed by the United States Constitution and the Massachusetts Declaration of Rights, including but not limited to the right to be free from unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable case, and the right to security of the person, causing damage for which the plaintiffs are entitled to recover.

33. Said conduct by each of the defendants constitutes violation of civil rights by threats, intimidation or coercion.

34. As a direct and proximate result of these acts, plaintiffs were deprived of their liberty, were caused great emotional distress and monetary damages, were subject to great humiliation and suffered other damages.

## COUNT V

### MALICIOUS PROSECUTION

35. Plaintiffs repeats and realleges each of the preceding paragraphs.

36. Each of the individual defendants swore out a criminal complaint or otherwise participated in the prosecution of the plaintiffs or conspired to further the prosecution of the plaintiffs in the above referenced criminal actions and they each did so without probable cause and with malice.

37. Said malicious prosecution by the individual defendant police officers caused plaintiffs Kenneth and Pamela Price Jean severe damage, including, but not limited to, economic loss, including significant attorneys fees and lost time from work, personal shame, degradation, humiliation, loss of standing in the community and emotional distress.

37. As a direct and proximate result of these acts, the plaintiffs were caused great emotional distress, humiliation, monetary damages and suffered other damages.

## COUNT VI

## ABUSE OF PROCESS

38. Plaintiffs repeats and realleges each of the preceding paragraphs.

39. By participating in the institution of the criminal prosecution of the plaintiffs, each of the individual defendants employed or conspired to employ legal process for a purpose for which it was not intended, to wit, to retaliate and harass Plaintiffs Kenneth and Pamela Price Jean.

40. Said abuse of process by the individual defendant police officers caused plaintiffs Kenneth and Pamela Price Jean severe damage, including, but not limited to, economic loss, including significant attorneys fees and lost time from work, personal shame, degradation, humiliation and emotional distress.

41. As a direct and proximate result of these acts, the plaintiffs were caused physical damages, great emotional distress, monetary damages and suffered other damages.

## COUNT VII

## CONSPIRACY

42. Plaintiffs repeats and realleges each of the preceding paragraphs.

43. The individual defendants each participated in a joint venture and conspired or participated in a conspiracy to deprive the plaintiffs of their freedom and of other civil rights.

44. As a direct and proximate result of this conspiracy, in which each of the defendants participated, the plaintiffs were caused physical damages, great emotional distress, monetary damages and suffered other damages.

## COUNT IX

## DEFAMATION

45. Plaintiffs repeats and realleges each of the preceding paragraphs.

46. The defendant Winchendon police officers Kevin Wolski and William Geoffroy deliberately, falsely and maliciously defamed plaintiff Pamela Jean by publishing, on May 24, 2001 and on other occasions, in public records that plaintiff Pamela Jean was a prostitute and did so maliciously and without cause.

47. The defendants knew this statement to be false or utterly disregarded whether the statement was true or not because no officer investigated or had reason to believe that Mrs. Jean was, in fact, a prostitute.

48. The defendants wrote this statement into the report solely to further humiliate and slander Mrs. Jean.

49. This false statement negatively effected Mrs. Jean's reputation and as a result she suffered pain, anguish, and humiliation.

## COUNT X

## VIOLATION OF 42 U.S.C. SECTION 1983 – MUNICIPAL DEFENDANTS

50. Plaintiff repeats and realleges each of the preceding paragraphs.

51. The defendant Towns of Ashburnham and Winchendon and their Police Chiefs Murry and Harrington maintained a policy or custom of failing to reasonably train and supervise its police officers. Defendant Towns of Ashburnham and Winchendon and their Police Chiefs Murry and Harrington also maintained a policy or custom of failing to adequately investigate Towns of Ashburnham and Winchendon Police Officers accused of misconduct.

52. Said policies and customs evidenced a deliberate indifference on the part of the City and Chiefs Murry and Harrington to the Constitutional rights of Kenneth and Pamela Price Jean and others. Said policies and customs specifically include the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Ashburnham and Winchendon police officers. These failures delivered a message to the individual defendant police officers herein that there would be no departmental sanctions for engaging in misconduct.

53. Defendants' official policy or custom proximately caused the plaintiffs' injury and damage.

## COUNT XI

### NEGLIGENCE -- INDIVIDUAL DEFENDANTS

54. Plaintiffs repeat and reallege each of the preceding paragraphs.

55. The individual defendants owed a duty to exercise reasonable care while the plaintiffs were in the defendants' towns, providing safety and security to the defendants, which duty was breached by the individual defendants, proximately causing plaintiff personal injury, loss and damage.

56. At all times pertinent hereto, the individual defendants were acting within the scope of their employment as police officers of the Town of Winchendon and the Town of Ashburnham.

57. The Towns of Winchendon and Ashburnham, as employers of the individual defendants is vicariously liable and liable under M.G.L., chapter 258, for the negligent act of their employees.

58. Proper demand was made upon appropriate chief executive officers of defendant Town of Ashburnham and defendant Town of Winchendon, pursuant to G. L. c. 258, by letter dated October 24, 2003, a copy of which is attached hereto as Exhibit A, and incorporated herein.

59. Defendant Town of Ashburnham and defendant Town of Winchendon never responded to plaintiff Jean's demand.

60. As a direct and proximate result of the defendants' negligence, each of the plaintiffs suffered physical injury and pain and suffering, suffered great anxiety and strain, were caused great emotional distress, were subject to great humiliation and suffered monetary and other damages.

COUNT XII

NEGLIGENT SUPERVISION

61. Plaintiffs repeat and reallege each of the preceding paragraphs.

62. Defendant Town of Ashburnham and defendant Town of Winchendon and Ashburnham Chief of Police Murry and Winchendon Chief of Police Harrington owed a duty of reasonable care to the plaintiffs and to others in the Towns of Ashburnham and Winchinendon to train and supervise their police officers and other employees properly and reasonably. As a part of this duty, defendant Town of Ashburnham, defendant Town of Winchendon, defendant Chief

Murry, and defendant Chief Harrington have a duty to investigate allegations of the use of unreasonable or excessive force by Ashburnham and Winchendon police officers and other employees accused of misconduct.

63. Said defendants breached their duty by failing to properly train and supervise the individual defendant police officers. Said failure specifically includes the failure to adopt and implement reasonable procedures to prevent abuse of authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of police officers, which failure delivered a message to defendant Parsons and the other individual defendants herein that there would be no departmental sanctions for engaging in misconduct.

64. This breach of duty proximately caused the plaintiff injury and damage.

65. Proper demand was made upon appropriate chief executive officers of defendant Town of Ashburnham and defendant Town of Winchendon, pursuant to G. L. c. 258, by letter dated October 24, 2003, a copy of which is attached hereto as Exhibit A, and incorporated herein.

66. Defendant Town of Ashburnham and defendant Town of Winchendon never responded to plaintiff Jean's demand.

67. As a direct and proximate result, each of the plaintiffs suffered physical injury and pain and suffering, suffered great anxiety and strain, were caused great emotional distress, were subject to great humiliation and suffered monetary and other damages.

WHEREFORE, the plaintiffs requests that this court grant them judgment against each of the defendants, jointly and severally, on each count for which they may be liable, in such amount as is reasonable and just, plus such cost, attorneys fees, punitive damages and interest as they are entitled by law.

**PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY.**

                                                Respectfully submitted,
                                                Kenneth and Pamela Price Jean,
                                                by their counsel,

Date: May 7, 2004                                               /S/ Andrew M. Fischer
                                                                     Andrew M. Fischer
                                                                     BB0# 167040
                                                                     JASON & FISCHER
                                                                     47 Winter Street
                                                                     Boston, MA 02108
                                                                     (617) 423-7904
                                                                     afischer@jasonandfischer.com

<u>CERTIFICATE OF SERVICE</u>

     I, Andrew M. Fischer, hereby certify that on this date I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to John J. Cloherty, III, Pierce, Davis, Perritano, LLP, Ten Winthrop Square, Boston, MA 02110, and to Nancy Frankel Pelletier, Robinson Donovan, P.C., 1500 Main Street, Ste. 1600, Springfield, MA 01115-5609.

Date: May 7, 2004                                               /S/ Andrew M. Fischer
                                                                     Andrew M. Fischer

jean\amendedk