UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KENNETH AND PAMELA PRICE JEAN, Plaintiffs | ) ) ) ) | |
| v. | ) ) | |
| CITY OF ASHBURNHAM POLICE DEPARTMENT, CITY OF WINCHENDON POLICE DEPARTMENT, ROB HARRINGTON, in his capacity as CHIEF OF THE WINCHENDON POLICE DEPARTMENT, JACK MURRAY, in his capacity as CHIEF OF THE ASHBURNHAM POLICE DEPARTMENT, TODD C. PARSONS, RAYMOND M. ANAIR, ROBERT BRENNON, WILLIAM P. GEOFFROY, BRIAN HART, KEVIN AHEARN, KEVIN E. WOLSKI, OFFICER JOHN DOE, OFFICER JOHN POE, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. NO. 03-12306-MLW |

## OPPOSITION OF DEFENDANTS JACK MURRAY, TODD PARSONS, ROBERT BRENNON, BRIAN HART AND KEVIN AHEARN TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants Jack Murray, Todd Parsons, Robert Brennon, Brian Hart and Kevin Ahearn

(collectively, the "individual Ashburnham defendants") hereby oppose the motion of plaintiffs

Kenneth and Pamela Price Jean for leave to file their proposed Amended Complaint insofar as

the plaintiffs seek to add claims against the individual Ashburnham defendants for negligence

(Count XI of the plaintiffs' proposed Amended Complaint) and negligent supervision[1] (Count

---

[1] It appears from the wording of the plaintiffs' proposed Amended Complaint that the former Chief of the Ashburnham Police Department, Jack Murray, is the only one of the individual Ashburnham defendants against whom the plaintiffs seek to add a claim for negligent supervision. To the extent that the plaintiffs might be seeking to assert that cause of action against any of the other individual Ashburnham defendants, however, it would be barred as a matter of law for the reasons set forth below.

XII of the proposed amended Complaint).[2]  As these claims are precluded as a matter of law

pursuant to the Massachusetts Tort Claims Act, the plaintiffs should not be permitted to assert

them against the individual Ashburnham defendants through their proposed Amended

Complaint.

While Mass. R. Civ. P. 15(a) provides that leave to amend a pleading "shall be freely

given when justice so requires," there are limitations on the circumstances under which a party

should be permitted to make such an amendment.  In particular, where a party seeks to add a

cause of action that would be barred as a matter of law, a court appropriately may decline to

permit such an amendment.  See, e.g., Jessie v. Boynton, 372 Mass. 293, 295 (1977).

That principle applies squarely here.  The Massachusetts Tort Claims Act provides , in

relevant part:

> [N]o such public employee . . . shall be liable for any injury or loss of
> property or personal injury or death caused by his negligence or wrongful act
> or omission while acting within the scope of his office or employment . . .

M.G.L. c. 258, § 2.  A "public employee" is defined to include "officers or employees of any

public employer, whether serving full or part-time, temporary or permanent, compensated or

uncompensated . . ."[3]  As all of the individual Ashburnham defendants are current or former

members of the Ashburnham Police Department, they unquestionably were "public employees"

within the meaning of the Massachusetts Tort Claims Act at the time of the events at issue.

---

[2] The plaintiffs also appear to be seeking leave to assert these two causes of action against the
defendant Town of Ashburnham (the "Town").  Without conceding either that proper presentment of
these claims was made or that they have any merit, the Town is not opposing the plaintiffs' motion
insofar as the plaintiffs seek to assert these causes of action against the Town.

[3] A "public employer" is in turn defined to include "the Commonwealth and any county, city . . .
[or] town . . ."  M.G.L. c. 258, §1.

Further, the plaintiffs explicitly allege that the individual Ashburnham defendants "were acting within the scope of their employment as police officers of . . . the Town of Ashburnham" in allegedly negligently causing the plaintiffs' civil rights to be violated. See proposed Amended Complaint, ¶ 56.

Accordingly, the plaintiffs are barred from asserting claims for negligence or negligent supervision against the individual Ashburnham defendants, and the plaintiffs' motion should be denied insofar as it seeks to add such claims. See, e.g., McNamara v. Honeyman, 406 Mass. 43, 48 (1989) (representatives of patient who committed suicide in state mental hospital could not assert claim for negligence against psychiatrist employed by hospital); Monahan v. Town of Methuen, 408 Mass. 381, 392 (1990) (firefighter injured in fall precluded from asserting claims for negligence against municipality's fire chief, building inspector and town manager).

Respectfully submitted,

JACK MURRAY, TODD PARSONS, ROBERT BRENNON, BRIAN HART and KEVIN AHEARN,

By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Cloherty, III, BBO #566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: May 17, 2004

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 5/17/04.

-3-

# PIERCE, DAVIS & PERRITANO, LLP

### COUNSELLORS AT LAW

Joel F. Pierce
John J. Davis*
Judith A. Perritano
John J. Cloherty III*

Of counsel:
Gerald Fabiano

TEN WINTHROP SQUARE
BOSTON, MA 02110-1257

TELEPHONE (617) 350-0950
FACSIMILE (617) 350-7760

Brian D. Carlson †
Sean T. Delaney
Meredith P. Freed
David C. Hunter †
Danielle T. Jenkins*
Maureen L. Pomeroy
Daniel G. Skrip♦

*also admitted in RI
♦also admitted in PA
†also admitted in NY

May 17, 2004

Clerk of Court
United States District Court
One Courthouse Way
Boston, MA 02210

> Re:    Jean v. Ashburnham Police Department et al., U.S.D.C. Civ. Action No. 03-12306-MLW

Dear Sir or Madam:

Enclosed for filing in the above referenced matter is the Opposition of Defendants Jack Murray, Todd Parson, Robert Brennon, Brian Hart and Kevin Ahearn to Plaintiffs' Motion for Leave to File Amended Complaint.

Thank you for your attention to this matter.

Sincerely,

PIERCE, DAVIS & PERRITANO, LLP

Brian D. Carlson

Enclosure
cc:    Andrew M. Fischer, Esq. (w/enc.)
Regina M. Ryan, Esq. (w/enc.)
Nancy Frankel Pelletier, Esq. (w/enc.)
Michael Akerson, Esq. (w/enc.)