UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************************
KENNETH AND PAMELA PRICE JEAN            *
                                         *
              Plaintiffs                 *
                                         *
v.                                       *
                                         *
CITY OF ASHBURNHAM POLICE                *
DEPARTMENT, CITY OF WINCHENDON           *
POLICE DEPARTMENT, ROB HARRINGTON,       *
in his capacity as CHIEF OF THE WINCHENDON *  C.A. NO. 03-12306MLW
POLICE DEPARTMENT, JACK MURRY, in his    *
capacity as CHIEF OF THE ASHBURNHAM      *
POLICE DEPARTMENT, TODD C. PARSONS       *
RAYMOND M. ANAIR, ROBERT BRENNON,        *
WILLIAM P. GEOFFROY, BRIAN HART,         *
KEVIN AHEARN, KEVIN E. WOLSKI           *
OFFICER JOHN DOE, OFFICER JOHN POE.      *
                                         *
              Defendants                 *
*********************************************
```

## PROPOSED AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is an action against officers of the Town of Ashburnham and the Town of

Winchendon police departments for civil rights and other violations causing loss and damage to

the Plaintiffs, Kenneth Jean and Pamela Price Jean, arising out of the unlawful detention, assault

and battery, and arrest and prosecution of the Plaintiffs on various occasions without probable

cause, in a series of incidents that began in the summer of 1999. Defendant Officers Todd C.

Parsons, Raymond M. Anair, Robert Brennon, William P. Geoffroy, Brian Hart, Kevin Ahearn,

Kevin E. Wolski, and two currently unidentified officers from the Ashburnham Police

Department violated the state and federal civil rights of the Plaintiffs by arresting the Plaintiffs

without probable cause multiple times, by maliciously prosecuting the Plaintiffs without probable cause, and by otherwise tortiously injuring the Plaintiffs.

The claims against the Towns of Ashburnham and Winchendon and their Chiefs of Police arises from the failure to train, supervise and discipline their officers, defendants Parsons, Anair, Brennon, Hart, Ahearn, Wolski, Geoffroy and two currently unidentified officers adequately, thereby giving them the message that they could misuse their authority as police officers and that such conduct would be tolerated or ignored by the defendant Police Departments.

## **PARTIES**

1. The Plaintiffs, Kenneth and Pamela Price Jean, are individuals with a usual residence in Ashburnham, Worcester County, Massachusetts entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

2. Defendant Town of Ashburnham Police Department is a department of the Town of Ashburnham, a municipality located in the County of Worcester in the Commonwealth of Massachusetts, and is the employer of defendants Parsons, Anair, Brennon, Hart, and Ahearn.

3. Defendant Jack Murry was a duly appointed Chief of Police of the Town of Ashburnham Police Department acting under color of law at all times relevant hereto, and is named in his individual and official capacity.

4. Defendant Kevin Ahearn was a duly appointed and acting officer of the Ashburnham Police Department at all times relevant hereto, and is named in his individual and official capacities.

5. Defendant Brian Hart was a duly appointed and acting officer of the Ashburnham Police Department at all times relevant hereto, and is named in his individual and official

-2-

capacities.

6. Defendant Robert Brennon was a duly appointed and acting Sargent of the Ashburnham Police Department at all times relevant hereto, and is named in his individual and official capacities.

7. Defendant Raymond M. Anair was a duly appointed and acting officer of the Ashburnham Police Department at all times relevant hereto, and is named in his individual and official capacities.

8. Defendant Todd Parsons was a duly appointed and acting officer of the Ashburnham Police Department at all times relevant hereto, and is named in his individual and official capacities.

9. Defendant Town of Winchendon Police Department is a department of the Town of Winchendon, a municipality located in the County of Worcester in the Commonwealth of Massachusetts, and is the employer of defendants Kevin E. Wolski and William P. Geoffroy.

10. Defendant Rob Harrington was a duly appointed Chief of Police of the Town of Winchendon Police Department acting under color of law at all times relevant hereto and is named in his official capacity.

11. Defendant Kevin E. Wolski was a duly appointed and acting officer of the Winchendon Police Department at all times relevant hereto and is named in his individual and official capacities.

12. Defendant William P. Geoffroy was a duly appointed and acting officer of the Winchendon Police Department at all times relevant hereto and is named in his individual and official capacities.

-3-

## STATEMENTS OF FACTS

13.  The individual defendants have engaged in a pattern of harassment that has included invading the plaintiff's home without a warrant or probable cause to do so; stopping the Plaintiffs on various occasions, some of which led to arrests and the bringing of false or unsubstantiated criminal charges; the taunting and teasing of the Plaintiffs while they have been held as a result of these false arrests; the violation of normal bail and release procedures in order to extend the time that the Plaintiffs have been held as a result of the unlawful arrests and similar acts in violation of the Plaintiffs' civil rights.

14.  This course of conduct began in the summer of 1999, when two currently unidentified Officers from the Ashburnham Police Department illegally entered and searched without consent the home of the Plaintiff Ken Jean, purportedly under the guise of serving a restraining order upon said Plaintiff.  Although said Plaintiff is a long time stable resident of Ashburnham, who owns and has owned his own home for many years, and operates and has operated a local business for years, the restraining order was served, unnecessarily, by rousing the Plaintiff from bed at one a.m.  Over the objections of said Plaintiff and an unidentified younger officer at the scene, the senior officer forced his way into the Plaintiffs' home and searched it, without a warrant or any probable cause, finding a small amount of marijuana.

15.  Since that event Kenneth Jean has been arrested at least three times and charged with crimes at least three times, on January 6, 2000, December 14, 2001 and April 27, 2002.

16.  Kenneth Jean been acquitted or found not guilty on each occasion he defended himself, but only after incurring the risk of criminal jeopardy and substantial legal fees and other costs.

-4-

17. Plaintiff Pamela Jean has been stopped by the defendants at least four times, on November 29, 2000, March 23, 2001, May 23, 2001 and December 14, 2001, and falsely and maliciously charged with crimes at least three times, on March 23, 2001, May 23, 2001 and December 14, 2001.

18. On each occasion that she has been charged with crimes, plaintiff Pamela Jean has been acquitted or found not guilty, or had the charges against her dismissed, but only after incurring the risk of criminal jeopardy and substantial legal fees and other costs.

19. While being held in custody on January 6, 2000 Kenneth Jean was handcuffed to a bar on the desk in the booking station without being provided a chair to sit on for hours, deprived of an opportunity for a prolonged period of time to use the bathroom , and not allowed to use the phone for an unreasonable amount of time to call someone to bail him out. After he posted the bail fee, the police still refused to allow him to leave, and thus he remained in the custody until he was brought to court the next morning.

20. After Kenneth Jean was found not guilty on all of the charges stemming from his January 6, 2000 arrest and a G.L. c. 209A order was vacated, said Plaintiff was entitled to the return of his FID card and firearm. Despite repeated demands by Mr. Jean and a ruling of the Gardner District Court, Defendant Murry has refused and continues to refuse to return Mr. Jean's property to him.

21. In May of 2001, without a warrant, and absent probable cause, or any exigent circumstances, Defendants Brennon and Parsons trespassed on the Plaintiffs' property, snuck up on the Plaintiffs while they were in their jacuzzi in the back yard of their house, and threatened the Plaintiffs that the Defendant Ashburnham Police would file "naked bathing" charges against

-5-

the plaintiffs and brand them as sex offenders.

22. On December 14, 2001 Plaintiffs' home caught on fire. While Mrs. Jean re-entered the home and Mr. Jean attempted to enter his back yard to rescue their cats, Defendants Brennon, Ahearn and Hart wrestled Mr. Jean to the ground and sprayed him in the face with pepper spray, and assaulted and battered Mrs. Jean, following which said Defendants arrested both Plaintiffs.

23. While they were being held overnight in custody on December 14, 2001 Plaintiffs were put in separate cells, harassed, and not provided dry clothing which they required. Furthermore, while they were being held, the police refused to provide any information in response to the repeated calls from the family and friends of Plaintiffs other than that they were holding the plaintiffs on five-thousand dollars ($5,000) cash bail, no bond.

24. During the course of being held in custody on March 23, 2001 Ms. Jean was mocked by the defendant officers who held her driver's license in front of her and argued over who gets to cut it up, was repeatedly searched by multiple male officers without any females present, was threatened with being sent to Framingham women's prison, was left handcuffed to a bar in the booking station for hours, and was not allowed to use a toilet for hours. When she was allowed to use the toilet, she was been forced to do so in view of the defendant police officers who watched, gawked, mocked and laughed at her. During the course of being held in custody on May 23, 2001, Mrs. Jean was defamed and demeaned by being falsely called a "prostitute" in public records and by other actions of the police.

25. Cumulatively, this pattern of conduct by the defendants amounts to a deliberate and willful ongoing conspiracy to violate various constitutional rights of the Plaintiffs. These rights include the right to be free from unlawful search and seizure, the right not to be punished except

-6-

by due process of law, the right to liberty, the right to bear arms, and the right to be secure in one's person.

26. Plaintiffs have been damaged severely and continue to suffer damages, monetary and otherwise, as a direct and proximate result of the constitutionally violative conduct of the defendants, acting in concert and conspiracy to deprive the Plaintiffs of their Constitutionally guaranteed rights as Americans and citizens of the Commonwealth of Massachusetts

## STATEMENT OF CLAIMS

### COUNT I
### FALSE IMPRISONMENT

27. Plaintiffs repeat and re-allege each of the preceding paragraphs.

28. The defendants caused the false imprisonment of the Plaintiffs.

29. As a direct and proximate result of the acts of the defendants, the Plaintiffs were deprived of their liberty, were caused great emotional distress, were subject to great humiliation and suffered other damages.

### COUNT II
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiffs repeat and re-allege each of the preceding paragraphs.

31. The individual defendants' conduct, as set forth above, was outrageous beyond the bounds of human decency and beyond that which a civilized society would tolerate, and the defendants knew or should have known that said conduct would inflict severe emotional distress upon the Plaintiffs.

32. Plaintiffs in fact suffered physical manifestations of mental and emotional distress and other damages as a result of the outrageous conduct of the individual defendants.

COUNT III
VIOLATION OF 42 U.S.C. SECTION 1983 – DEFENDANTS
WOLSKI, GEOFFROY, AHEARN, HART, BRENNON, ANAIR, AND PARSONS

33. Plaintiffs repeat and re-allege each of the preceding paragraphs.

34. The individual police officer defendants, in performing the above intentional torts, violated plaintiff's federal civil rights, including, but not limited to, the right against unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable cause, and the right to security of the person.

35. As a direct and proximate result of the individual police officer defendants' acts, the Plaintiffs suffered physical injury and pain and suffering, suffered great anxiety and strain, were caused great emotional distress, were subject to great humiliation and suffered other damages.

COUNT IV
VIOLATION OF CIVIL RIGHTS BY THREATS, INTIMIDATION OR COERCION

36. Plaintiff repeat and re-allege each of the preceding paragraphs.

37. By accusing, detaining and falsely imprisoning the Plaintiffs on multiple occasions, the defendants violated the Plaintiffs' civil rights as guaranteed by the United States Constitution and the Massachusetts Declaration of Rights, including but not limited to the right to be free from unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable case, and the right to security of the person, causing damage for which the Plaintiffs are entitled to recover.

38. Said conduct by each of the defendants constitutes violation of civil rights by threats, intimidation or coercion.

-8-

39.  As a direct and proximate result of these acts, Plaintiffs were deprived of their liberty, were caused great emotional distress and monetary damages, were subject to great humiliation and suffered other damages.

## COUNT V
## MALICIOUS PROSECUTION

40.  Plaintiffs repeat and re-allege each of the preceding paragraphs.

41.  Each of the individual defendants swore out a criminal complaint or otherwise participated in the prosecution of the Plaintiffs or conspired to further the prosecution of the Plaintiffs in the above referenced criminal actions and they each did so without probable cause and with malice.

42.  Said malicious prosecution by the individual defendant police officers caused Kenneth and Pamela Price Jean severe damage, including, but not limited to, economic loss, including significant attorneys fees and lost time from work, personal shame, degradation, humiliation, loss of standing in the community and emotional distress.

43.  As a direct and proximate result of these acts, the Plaintiffs were caused great emotional distress, humiliation, monetary damages and suffered other damages.

## COUNT VI
## ABUSE OF PROCESS

44.  Plaintiffs repeats and realleges each of the preceding paragraphs.

45.  By participating in the institution of the criminal prosecution of the Plaintiffs, each of the individual defendants employed or conspired to employ legal process for a purpose for which it was not intended, to wit, to retaliate and harass Kenneth and Pamela Price Jean.

46.  Said abuse of process by the individual defendant police officers caused Kenneth and Pamela Price Jean severe damage, including, but not limited to, economic loss, including

significant attorneys fees and lost time from work, personal shame, degradation, humiliation and emotional distress.

47. As a direct and proximate result of these acts, the Plaintiffs were caused physical damages, great emotional distress, monetary damages and suffered other damages.

## COUNT VII
## CONSPIRACY

48. Plaintiffs repeat and re-allege each of the preceding paragraphs.

49. The individual defendants each participated in a joint venture and conspired or participated in a conspiracy to deprive the Plaintiffs of their freedom and of other civil rights.

50. As a direct and proximate result of this conspiracy, in which each of the defendants participated, the Plaintiffs were caused physical damages, great emotional distress, monetary damages and suffered other damages.

## COUNT VIII
## DEFAMATION

51. Plaintiffs repeat and re-allege each of the preceding paragraphs.

52. The defendant Winchendon police officers Kevin Wolski and William Geoffroy deliberately, falsely and maliciously defamed plaintiff Pamela Jean by publishing, on May 24, 2001 and on other occasions, in public records that plaintiff Pamela Jean was a prostitute and did so maliciously and without cause.

53. The defendants knew this statement to be false or utterly disregarded whether the statement was true or not because no officer investigated or had reason to believe that Mrs. Jean was, in fact, a prostitute.

54. The defendants wrote this statement into the report solely to further humiliate and slander Mrs. Jean.

-10-

55. This false statement negatively effected Mrs. Jean's reputation and as a result she suffered pain, anguish, and humiliation.

## COUNT IX
## VIOLATION OF 42 U.S.C. SECTION 1983 – MUNICIPAL DEFENDANTS

56. Plaintiff repeat and re-allege each of the preceding paragraphs.

57. The defendant Towns of Ashburnham and Winchendon and their Police Chiefs Murry and Harrington maintained a policy or custom of failing to reasonably train and supervise its police officers. Defendant Towns of Ashburnham and Winchendon and their Police Chiefs Murry and Harrington also maintained a policy or custom of failing to adequately investigate Towns of Ashburnham and Winchendon Police Officers accused of misconduct.

58. Said policies and customs evidenced a deliberate indifference on the part of the City and Chiefs Murry and Harrington to the Constitutional rights of Kenneth and Pamela Price Jean and others. Said policies and customs specifically include the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Ashburnham and Winchendon police officers. These failures delivered a message to the individual defendant police officers herein that there would be no departmental sanctions for engaging in misconduct.

59. Defendants' official policy or custom proximately caused the Plaintiffs' injury and damage.

## COUNT X
## NEGLIGENCE – MUNICIPAL DEFENDANTS

60. Plaintiffs repeat and re-allege each of the preceding paragraphs.

61. The Defendants owed a duty to exercise reasonable care while the Plaintiffs were in

-11-

the Defendants' towns, providing safety and security to the Plaintiffs, which duty was breached by the Defendants, proximately causing Plaintiffs personal injury, loss and damage.

62.  At all times pertinent hereto, the individual Defendants were acting within the scope of their employment as police officers of the Town of Winchendon and the Town of Ashburnham.

63.  The Towns of Winchendon and Ashburnham, as employers of the individual Defendants are vicariously liable and liable under M.G.L., chapter 258, for the negligent act of their employees.

64.  Proper demand was made upon appropriate chief executive officers of Defendant Town of Ashburnham and defendant Town of Winchendon, pursuant to G. L. c. 258, by letter dated October 24, 2003, a copy of which is attached hereto as Exhibit A, and incorporated herein.

65.  Defendant Town of Ashburnham and defendant Town of Winchendon never responded to plaintiff Jean's demand.

66.  As a direct and proximate result of the Defendants' negligence, each of the Plaintiffs suffered physical injury and pain and suffering, suffered great anxiety and strain, were caused great emotional distress, were subject to great humiliation and suffered monetary and other damages.

COUNT XI
NEGLIGENT SUPERVISION – MUNICIPAL DEFENDANTS

67.  Plaintiffs repeat and reallege each of the preceding paragraphs.

68.  Defendant Town of Ashburnham and defendant Town of Winchendon owed a duty of reasonable care to the Plaintiffs and to others in the Towns of Ashburnham and Winchinendon to train and supervise their police officers and other employees properly and reasonably.  As a

part of this duty, defendant Town of Ashburnham and defendant Town of Winchendon have a duty to investigate allegations of the use of unreasonable or excessive force by Ashburnham and Winchendon police officers and other employees accused of misconduct.

69. Said defendants breached their duty by failing to properly train and supervise the individual defendant police officers. Said failure specifically includes the failure to adopt and implement reasonable procedures to prevent abuse of authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of police officers, which failure delivered a message to defendant Parsons and the other individual defendants herein that there would be no departmental sanctions for engaging in misconduct.

70. This breach of duty proximately caused the plaintiff injury and damage.

71. Proper demand was made upon appropriate chief executive officers of defendant Town of Ashburnham and defendant Town of Winchendon, pursuant to G. L. c. 258, by letter dated October 24, 2003, a copy of which is attached hereto as Exhibit A, and incorporated herein.

72. Defendant Town of Ashburnham and defendant Town of Winchendon never responded to plaintiff Jean's demand.

73. As a direct and proximate result, each of the Plaintiffs suffered physical injury and pain and suffering, suffered great anxiety and strain, were caused great emotional distress, were subject to great humiliation and suffered monetary and other damages.

**WHEREFORE**, the Plaintiffs requests that this court grant them judgment against each of the defendants, jointly and severally, on each count for which they may be liable, in such amount as is reasonable and just, plus such cost, attorneys fees, punitive damages and interest as they are entitled by law.

-13-

**PLAINTIFFS HEREBY INVOKE THEIR RIGHT TO TRIAL BY JURY.**

                                        Respectfully submitted,
                                        Kenneth and Pamela Price Jean,
                                        by their counsel,

Date: November 1, 2004

                                        Andrew M. Fischer
                                        BB0# 167040
                                        JASON & FISCHER
                                        47 Winter Street
                                        Boston, MA 02108
                                        (617) 423-7904

                                        Mark D. Stern
                                        BBO #479500
                                        MARK D. STERN, P.C.
                                        34 Liberty Avenue
                                        Somerville, MA 02144
                                        Tel. (617) 776-4020
                                        Fax  (617) 776-9250
                                        email:markdsternpc@rcn.com

The filing of the above Proposed Amended Complaint is allowed by the Court.

                                        ------------------------------
                                        Wolf, J.

November ____, 2004

-14-

CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to:

Michael Akerson
Austin M. Joyce
Edward P. Reardon, P.C.
397 Grove Street
Worcester, MA 01605

Douglas I. Louison
Regina M. Ryan
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

Nancy Frankel Pelletier
Robinson Donovan, P.C.
1500 Main Street - Suite 1600
Springfield, MA 01115

John J. Cloherty, III
Pierce, Davis, Perritano, LLP
Ten Winthrop Square
Boston, MA 02110

Andrew M. Fischer
Jason & Fischer
47 Winter Street
Boston, MA 02108

Signed:

Mark D. Stern

-15-