UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KENNETH AND PAMELA PRICE JEAN
Plaintiff,

v.

CITY OF ASHBURNHAM POLICE DEPARTMENT, CITY OF WINCHENDON POLICE DEPARTMENT, ROB HARRINGTON, in his capacity as CHIEF OF THE WINCHENDON POLICE DEPARTMENT, JACK MURRAY, in his capacity as CHIEF OF THE ASHBURNHAM POLICE DEPARTMENT, TODD C. PARSONS, RAYMOND M. ANAIR, ROBERT BRENNON, WILLIAM P. GEOFFROY, BRIAN HART, KEVIN AHEARN, KEVIN E. WOLSKI, OFFICER JOHN DOE, OFFICER JOHN POE,
Defendants.

CIVIL ACTION NO. 03-12306-FDS

**ANSWER OF DEFENDANTS, TOWN OF ASHBURNHAM, JACK MURRAY, KEVIN AHEARN, BRIAN HART, ROBERT BRENNAN AND TODD PARSONS, TO PLAINTIFFS' SECOND AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**

**INTRODUCTION**

The Defendants do not respond to the allegations in the "Introduction" Paragraph of the Second Amended Complaint as such allegations do not require a responsive pleading. To the extent a response is deemed necessary, the Defendants deny each and every allegation in the "Introduction" Paragraph of the Second Amended Complaint.

**PARTIES**

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Second Amended Complaint and therefore leave the Plaintiffs to prove same.

2. The Defendants admit the allegations in Paragraph 2 of the Second Amended Complaint.

3. The Defendants admit the allegations in Paragraph 3 of the Second Amended Complaint

to the extent it alleges Jack Murray was the former Police Chief of the Town of Ashburnham. The defendants do not respond to the further allegations in Paragraph 3 of the Second Amended Complaint as such allegations contain conclusions of law not requiring a responsive pleading.

4. The Defendants admit the allegations in Paragraph 4 of the Second Amended Complaint.

5. The Defendants admit the allegations in Paragraph 5 of the Second Amended Complaint.

6. The Defendants admit the allegations in Paragraph 6 of the Second Amended Complaint.

7. The Defendants admit the allegations in Paragraph 7 of the Second Amended Complaint.

8. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Second Amended Complaint and therefore leave the Plaintiffs to prove same.

9. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Second Amended Complaint and therefore leave the Plaintiffs to prove same.

10. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Second Amended Complaint and therefore leave the Plaintiffs to prove same.

11. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Second Amended Complaint and therefore leave the Plaintiffs to prove same.

12. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Second Amended Complaint and therefore leave the Plaintiffs to prove same.

## STATEMENT OF FACTS

13. The Defendants deny the allegations in Paragraph 13 of the Second Amended Complaint.

14. The Defendants deny the allegations in Paragraph 14 of the Second Amended Complaint.

15. The Defendants admit the allegations in Paragraph 15 of the Second Amended Complaint to the extent it alleges that Kenneth Jean has been arrested on multiple occasions. The Defendants deny each and every other allegation in Paragraph 15 of the Second Amended Complaint.

16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Second Amended Complaint and therefore leave the Plaintiffs to prove same.

17. The Defendants admit the allegations in Paragraph 17 of the Second Amended Complaint to the extent it alleges that Pamela Jean has been arrested on multiple occasions. The Defendants deny each and every other allegation in Paragraph 17 of the Second Amended Complaint.

18. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Second Amended Complaint and therefore leave the Plaintiffs to prove same.

19. The Defendants deny the allegations in Paragraph 19 of the Second Amended Complaint.

20. The Defendants deny the allegations in Paragraph 20 of the Second Amended Complaint.

21. The Defendants deny the allegations in Paragraph 21 of the Second Amended Complaint.

22. The Defendants admit the allegations in Paragraph 22 of the Second Amended Complaint to the extent it alleges that the Defendants responded to a house fire at Plaintiffs' house, and subsequently arrested Plaintiffs for various criminal charges based upon probable cause. The Defendants deny each and every other allegation in Paragraph 22 of the Second Amended Complaint.

23. The Defendants deny the allegation in Paragraph 23 of the Second Amended Complaint.

24. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Second Amended Complaint and therefore leave the Plaintiffs to prove same.

25. The Defendants deny the allegations in Paragraph 25 of the Second Amended Complaint.

26. The Defendants deny the allegations in Paragraph 26 of the Second Amended Complaint same.

## STATEMENT OF CLAIMS

## COUNT I - FALSE IMPRISONMENT

27. The Defendants repeat and reallege their answers to Paragraphs 1 through 26 of the Plaintiff's Second Amended Complaint as if fully set forth herein.

28. The Defendants deny the allegations in Paragraph 28 of the Second Amended Complaint.

29. The Defendants deny the allegations in Paragraph 29 of the Second Amended Complaint.

**COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

30. The Defendants repeat and reallege their answers to Paragraphs 1 through 29 of the Plaintiff's Second Amended Complaint as if fully set forth herein.

31. The Defendants deny the allegations in Paragraph 31 of the Second Amended Complaint.

32. The Defendants deny the allegations in Paragraph 32 of the Second Amended Complaint.

**COUNT III - 42 USC § 1983 - DEFENDANTS WOLSKI, GEOFFREY, AHEARN, HART, BRENNAN, ANAIR, PARSONS**

33. The Defendants repeat and reallege their answers to Paragraphs 1 through 32 of the Plaintiff's Second Amended Complaint as if fully set forth herein.

34. The Defendants deny the allegations in Paragraph 34 of the Second Amended Complaint.

35. The Defendants deny the allegations in Paragraph 35 of the Second Amended Complaint.

**COUNT IV -VIOLATION OF CIVIL RIGHTS BY THREATS, INTIMIDATION OR COERCION**

36. The Defendants repeat and reallege their answers to Paragraphs 1 through 35 of the Plaintiff's Second Amended Complaint as if fully set forth herein.

37. The Defendants deny the allegations in Paragraph 37 of the Second Amended Complaint.

38. The Defendants deny the allegations in Paragraph 38 of the Second Amended Complaint.

39. The Defendants deny the allegations in Paragraph 39 of the Second Amended Complaint.

**COUNT V - MALICIOUS PROSECUTION**

40. The Defendants repeat and reallege their answers to Paragraphs 1 through 39 of the Plaintiff's Second Amended Complaint as if fully set forth herein.

41. The Defendants deny the allegations in Paragraph 41 of the Second Amended Complaint.

42. The Defendants deny the allegations in Paragraph 42 of the Second Amended Complaint.

43. The Defendants deny the allegations in Paragraph 43 of the Second Amended Complaint.

**COUNT VI - ABUSE OF PROCESS**

44. The Defendants repeat and reallege their answers to Paragraphs 1 through 43 of the Plaintiff's Second Amended Complaint as if fully set forth herein.

45. The Defendants deny the allegations in Paragraph 45 of the Second Amended Complaint.

46. The Defendants deny the allegations in Paragraph 46 of the Second Amended Complaint.

47. The Defendants deny the allegations in Paragraph 47 of the Second Amended Complaint.

**COUNT VII - CONSPIRACY**

48. The Defendants repeat and reallege their answers to Paragraphs 1 through 47 of the Plaintiff's Second Amended Complaint as if fully set forth herein.

49. The Defendants deny the allegations in Paragraph 49 of the Second Amended Complaint.

50. The Defendants deny the allegations in Paragraph 50 of the Second Amended Complaint.

**COUNT VIII - DEFAMATION**

51. The Defendants repeat and reallege their answers to Paragraphs 1 through 50 of the Plaintiff's Second Amended Complaint as if fully set forth herein.

52.-55. The Defendants do not respond to the allegations in Paragraphs 52 through 55 of the Second Amended Complaint because these allegations are directed against other defendants. To the extent these allegations are read to apply to these Defendants, the Defendants deny each and every allegation in Paragraphs 52 through 55 of the Second Amended Complaint.

**COUNT IX - 42 USC § 1983 - MUNICIPAL DEFENDANTS**

56. The Defendants repeat and reallege their answers to Paragraphs 1 through 55 of the Plaintiff's Second Amended Complaint as if fully set forth herein.

57. The Defendants deny the allegations in Paragraph 57 of the Second Amended Complaint.

58. The Defendants deny the allegations in Paragraph 58 of the Second Amended Complaint.

59. The Defendants deny the allegations in Paragraph 59 of the Second Amended Complaint.

**COUNT X - NEGLIGENCE - MUNICIPAL DEFENDANTS**

60. The Defendants repeat and reallege their answers to Paragraphs 1 through 59 of the Plaintiff's Second Amended Complaint as if fully set forth herein.

61. The Defendants deny the allegations in Paragraph 61 of the Second Amended Complaint.

62. The Defendants do not respond to the allegations in Paragraph 62 of the Second Amended Complaint as such allegations contain conclusions of law not requiring a responsive pleading.

63. The Defendants do not respond to the allegations in Paragraph 63 of the Second Amended Complaint as such allegations contain conclusions of law not requiring a responsive pleading.

64. The Defendants admit the allegations in Paragraph 64 of the Second Amended Complaint to the extent it alleges that a letter purporting to be presentment of a claim under Chapter 258 was transmitted the Town. The Defendants deny each and every other allegation in Paragraph 64 of the Second Amended Complaint.

65. The Defendants deny the allegations in Paragraph 65 of the Second Amended Complaint.

66. The Defendants deny the allegations in Paragraph 66 of the Second Amended Complaint.

**COUNT XI - NEGLIGENT SUPERVISION - MUNICIPAL DEFENDANTS**

67. The Defendants repeat and reallege their answers to Paragraphs 1 through 66 of the Plaintiff's Second Amended Complaint as if fully set forth herein.

68. The Defendants deny the allegations in Paragraph 68 of the Second Amended Complaint.

69. The Defendants deny the allegations in Paragraph 69 of the Second Amended Complaint.

70. The Defendants deny the allegations in Paragraph 70 of the Second Amended Complaint.

71. The Defendants admit the allegations in Paragraph 71 of the Second Amended Complaint to the extent it alleges that a letter purporting to be presentment of a claim under Chapter 258 was transmitted the Town. The Defendants deny each and every other allegation in Paragraph 71 of the Second Amended Complaint.

72. The Defendants deny the allegations in Paragraph 72 of the Second Amended Complaint.

73. The Defendants deny the allegations in Paragraph 73 of the Second Amended Complaint.

**FIRST DEFENSE**

The plaintiffs' Second Amended Complaint fails to state a claim against the defendants upon which relief can be granted.

**SECOND DEFENSE**

The plaintiffs' Second Amended Complaint fails to state a claim against the defendants upon which relief can be granted in that the defendant has no obligation to pay the plaintiff any amount of the losses or damages alleged.

**THIRD DEFENSE**

The defendants state that, if the plaintiffs suffered damages as alleged, such damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

**FOURTH DEFENSE**

The defendants state that the negligence of the plaintiffs was greater than the alleged negligence of the defendants and that such negligence of the plaintiffs contributed to her alleged damages. Therefore, the plaintiffs are barred from recovery under M.G.L. c. 231, §85.

**FIFTH DEFENSE**

The defendants state that the plaintiffs' recovery against the defendants is barred under M.G.L. c. 258, § 10(a).

**SIXTH DEFENSE**

The defendants state that the plaintiffs' recovery against the defendants is barred under M.G.L. c. 258, § 10(e).

**SEVENTH DEFENSE**

The defendants state that the plaintiffs' claims against the defendants are based upon the defendants employees' alleged exercise or performance, or failure to exercise or perform, a discretionary function or duty within the scope of their office or employment and, therefore, the plaintiffs' recovery against the defendants is barred under M.G.L. c. 258, §10(b).

**EIGHTH DEFENSE**

The defendants state that the plaintiffs' recovery against the defendants is barred under M.G.L. c. 258, §10(c).

**NINTH DEFENSE**

The plaintiff's claims, to the extent they allege acts of malice, should be dismissed for failing to state a claim upon which relief can be granted, in that they lack particularity and provide no factual basis in support of allegations of malice, as required by the Rules of Civil Procedure.

**TENTH DEFENSE**

The defendants cannot be liable under 42 U.S.C. § 1983 because they did not deprive the plaintiff of a constitutional or statutory protected right by virtue of a governmental policy or custom adopted, permitted or condoned by the Town of Ashburnham.

**ELEVENTH DEFENSE**

The plaintiffs are estopped by their conduct from recovering on their claim.

**TWELFTH DEFENSE**

The defendants say that the injuries or damages alleged were caused in whole or in part by the plaintiffs' own conduct.

**THIRTEENTH DEFENSE**

The defendants say that the injuries or damages alleged were caused in whole or in part by the violation by the plaintiffs of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

**FOURTEENTH DEFENSE**

The defendants were justified in their conduct and acts and, therefore, not liable to the plaintiffs.

**FIFTEENTH DEFENSE**

The defendants state that the actions of the defendant police officers were performed according to, and protected by law, and/or legal process, and that therefore the plaintiffs cannot recover.

**SIXTEENTH DEFENSE**

The defendant police officers, were privileged in their conduct and acts and that, therefore, the plaintiffs cannot recover.

**SEVENTEENTH DEFENSE**

The defendants state that at all times relevant hereto, the defendant police officers, acted without malice toward the plaintiffs and that their actions relative to the plaintiffs were privileged by virtue of their acting reasonably and in good faith within the scope of their authority.

**EIGHTEENTH DEFENSE**

The defendant police officers have qualified immunity from this suit as the alleged acts complained of occurred within the scope of their official duties and they had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the plaintiffs' rights at the time that they were allegedly committed.

**NINETEENTH-FIRST DEFENSE**

The Second Amended Complaint must be dismissed for lack of service and/or insufficiency of service of process, in that the summons and Second Amended Complaint were not properly served on the defendants.

**TWENTIETH DEFENSE**

The defendants answering state that the plaintiffs were not deprived any rights secured by either the state or U.S. Constitution or by the laws of the Commonwealth of Massachusetts or the United States.

**TWENTY-FIRST DEFENSE**

The defendants answering state that the plaintiffs, by their conduct and actions and/or by the conduct and actions of their agents and servants, have waived any and all rights they may have had against the defendants.

**TWENTY-SECOND DEFENSE**

The plaintiffs have failed to state a cause of action under 42 U.S.C. Section 1983 because the plaintiffs do not allege an official custom, policy or practice which caused the allegedly unconstitutional denial of the plaintiffs' civil rights and a municipality cannot be held vicariously liable for the unconstitutional acts of its officers or employees.

**TWENTY-THIRD DEFENSE**

The defendants state that no act or omission by defendants was a proximate cause of damages, if any, allegedly sustained by the plaintiffs.

**TWENTY-FOURTH DEFENSE**

The defendants answering state that any force allegedly used to detain or arrest plaintiffs, if it occurred at all, was a reasonable use of force under the circumstances.

**TWENTY-FIFTH DEFENSE**

The defendants state that they are immune from liability in this matter pursuant to the so-called "public duty rule" as codified in the provisions of M.G.L. c. 258.

**TWENTY-SIXTH DEFENSE**

The defendants state that the plaintiffs have failed to comply with the presentment requirements of M.G.L. c.258.

**TWENTY-SEVENTH DEFENSE**

The defendants state that the plaintiffs were not in the exercise of due care, but rather the negligence of the plaintiffs constituted a cause for the injuries or damage complained of, wherefore recovery of the plaintiffs is barred in whole or in part, or is subject to diminution.

**TWENTY-EIGHTH DEFENSE**

The defendants state that public employees are immune from suit for damages caused by any alleged negligence occurring within the performance of their employment. M.G.L. c. 258, § 2.

**TWENTY-NINTH DEFENSE**

The defendants state that plaintiffs have failed to mitigate his damages as required by law.

**THIRTIETH DEFENSE**

The defendants state that plaintiffs have failed to bring this case timely within the applicable statute of limitations.

**THIRTY-FIRST DEFENSE**

The defendants state that suits against municipal officers in their official capacity are tantamount to suits against the municipality itself, and therefore must be dismissed.

**THIRTY-SECOND DEFENSE**

The defendants state that a municipal police department is not a separate independent body politic subject to suit and therefore claims against it must be dismissed.

**THIRTY-THIRD DEFENSE**

The defendants state that plaintiffs cannot recover under the Massachusetts Civil Rights Act because there has not been alleged the requisite threats, intimidation or coercion and therefore such claims must be dismissed.

**THIRTY-FOURTH DEFENSE**

The defendants state that plaintiffs' Second Amended Complaint must be dismissed for misnomer of a party.

**JURY CLAIM**

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

The Defendants,
TOWN OF ASHBURNHAM, JACK MURRAY,
TODD C. PARSONS, ROBERT BRENNAN,
BRIAN HART and KEVIN AHEARN,
By their attorneys,

John J. Cloherty, III, BBO #566522
**PIERCE, DAVIS & PERRITANO, LLP**
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail ~~(by hand)~~ on 12/23/04. electronic filing