UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************

KENNETH AND PAMELA PRICE JEAN

Plaintiffs

v.

CITY OF ASHBURNHAM POLICE
DEPARTMENT, CITY OF WINCHENDON
POLICE DEPARTMENT, ROB HARRINGTON,
in his capacity as CHIEF OF THE WINCHENDON
POLICE DEPARTMENT, JACK MURRY, in his
capacity as CHIEF OF THE ASHBURNHAM
POLICE DEPARTMENT, TODD C. PARSONS
RAYMOND M. ANAIR, ROBERT BRENNON,
WILLIAM P. GEOFFROY, BRIAN HART,
KEVIN AHEARN, KEVIN E. WOLSKI
OFFICER JOHN DOE, OFFICER JOHN POE.

Defendants

C.A. NO. 03-12306 FDS

*********************************

## MOTION TO SUBSTITUTE TRUE NAME OF DEFENDANT

Now come the plaintiffs and move this Honorable Court allow them to substitute the true name of defendant named in the complaint as John Doe, with his true name, that names being Officer Baranowski.

As reason, plaintiffs state that they did not learn the true name of this defendant until discovery, specifically the defendants' answers to interrogatories, signed and served in March 2005. Plaintiffs did not learn the true name of this defendant except from the other defendants through discovery.

There is no prejudice to defendant Baranowski or any of the other defendants in substituting the true name of defendant Baranowski, who was identified, albeit not by his true name, in the original complaint has had notice of this case and the defense that has been offered

is no different than it would have been, had this defendant originally been named by his true name rather than by the identifying information in the complaint.

All the defendants have been represented by the city's corporation counsel, who has known the true name of defendant Baranowski all along. The defendants have presented a full defense as to all the police officers involved with the detention and arrest of the plaintiff.

Any prejudice that may result is not to the defendants, who all have been named from the outset and all of whom have had knowledge of the complaint and the plaintiff's claims. Rather any prejudice will accrue to the plaintiffs, given the defense that their wrongful arrest was not by any of "named" defendants but by other unnamed or unidentified individuals.

Indeed, this "other" was neither unnamed nor unidentified in the initial complaint (or in the plaintiff notice pursuant to M.G.L., c. 258. He was named and identified as officer John Doe. With his true name now known to the plaintiff to be Officer Baranowski, plaintiff seeks not to amend the complaint by adding any new defendants, but to substitute the true name of defendant already named, sued and identified as officer John Doe.

Respectfully submitted,
Kenneth Jean, et al
by their counsel

Date: 3/22/05

Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

CERTIFICATE OF SERVICE

I, Andrew M. Fischer, hereby certify that on this date I served a copy of the above document on the parties by mailing a copy, first class, postage prepaid to John J. Cloherty, III, Pierce, Davis, Perritano, LLP, Ten Winthrop Square, Boston, MA 02110; Regina Ryan, Merrick, Louison & Costello, 67 Batterymarch Street, Boston, MA 02110; Austin M. Joyce, Edward P. Reardon, P.C., 397 Grove Street, Worcester, MA 01605; Nancy Frankel Pelletier, Robinson Donovan, P.C., 1500 Main Street, Ste. 1600, Springfield, MA 01115-5609 and to Mark Stern, 34 Liberty Avenue, Somerville, MA 02144.

Date: 3/22/05
jean\mtnsubname

Andrew M. Fischer

-2-