UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************
KENNETH AND PAMELA PRICE JEAN,           *
                                         *
            Plaintiffs                   *
                                         *
v.                                       *
                                         *
TOWN OF ASHBURNHAM POLICE                *
DEPARTMENT, TOWN OF WINCHENDON           *
POLICE DEPARTMENT, ROB HARRINGTON,       *
in his capacity as CHIEF OF THE WINCHENDON *  C.A. NO. 03-12306FDS
POLICE DEPARTMENT, JACK MURRY, in his    *
capacity as CHIEF OF THE ASHBURNHAM      *
POLICE DEPARTMENT, TODD C. PARSONS       *
RAYMOND M. ANAIR, ROBERT BRENNON,        *
WILLIAM P. GEOFFROY, BRIAN HART,         *
KEVIN AHEARN, KEVIN E. WOLSKI            *
OFFICER JOHN DOE, OFFICER JOHN POE,      *
                                         *
            Defendants                   *
*********************************
```

## MOTION FOR LEAVE TO AMEND COMPLAINT
## PURSUANT TO F.R.C.P., RULE 15(a)

Now come the plaintiffs and move that they be allowed to amend the complaint, to substitute the true name of one of the John Doe defendants, to add several counts arising from the same cause of action pled already and to identify specifically an incident that had been known generally but not specifically described in the complaint.

As reason, plaintiffs state that F.R.Civ.P., Rule 15(a) provides that leave to amend should be freely given when "justice so requires." For the reasons set forth below, justice does so require that the plaintiffs be permitted to amend the complaint as follows:

First, Plaintiffs have identified one of the "John Doe" defendants during discovery, Officer Marc Baronowski, and wish to substitute his true name as a named Defendant, and to plead specific allegations regarding his alleged unlawful conduct.

Second, Plaintiffs seek to add counts for loss of consortium, one for each of the Plaintiffs, for the loss of the love and companionship of the other of the Plaintiffs.

Third, Plaintiffs seek to add two legal claims, one for trespass and one for invasion of privacy, to conform to the evidence that apparently will be presented at trial. Both claims arise out of an incident which occurred when defendants Brennan and Baranowski entered onto the plaintiff's property, without consent or probable cause, confronted the plaintiffs who were in the jacuzzi in their backyard, and threatened the plaintiffs with arrest and other things.

This incident was not pled specifically in the original complaint, but the defendants Brennan and the Town of Ashburnham knew and understood that this incident was part of the pattern of conduct which comprises the plaintiffs' allegations, as they discuss it as such in their answers to interrogatories. [See particularly Brennan Answers to Interrogatories, attached hereto as Exhibit A]

**ARGUMENT**

This is an action against the towns' police departments and certain named officers of Ashburnham and Winchendon for civil rights and other violations causing loss and damage to the plaintiffs, Kenneth Jean and Pamela Price Jean, arising out of the unlawful detention, assault and battery, and arrest and prosecution of the plaintiffs on various occasions without probable cause, in a series of incidents that began in the summer of 1999, and primarily occurred in 2001 and continued with several criminal prosecutions thereafter.

Plaintiffs allege that these criminal prosecutions were pursued in bad faith, as part of the defendants' pattern of conduct directed at harassing the plaintiffs, in violation of their constitutional rights. All of these criminal prosecutions resulted in not guilty verdicts or like favorable dispositions for the plaintiffs.[1]

F.R.Civ.P. Rule 15 provides that leave to amend a complaint "shall be freely given when justice so requires". F.R.Civ.P. Rule 15(a)  Although the decision to grant a motion to amend is within the discretion of the trial judge, leave to amend shall be granted unless there are good reasons for denying the motion." <u>Mathis v. Massachusetts Electric Co.</u>, 409 Mass. 256, 565 N.E.2d 1180, 1185 (1991)

Thus the burden falls on the defendant to show why this motion to amend should not be allowed. "Absent a showing by the party opposing the motion to amend that the motion will seriously prejudice the presentation of his claim or defense, the court's failure to allow the motion will constitute an abuse of discretion and will warrant reversal." Smith and Zobel, <u>Rules Practice</u>, Mass Practice Series, Vol. 6, p. 444 (emphasis added), <u>citing</u> <u>Deakyne v. Commissioner of Lewes</u>, 416 F.2d 290 (3d Cir. 1969).

None of the proposed amendments alter in any substantial way the underlying factual allegations of the complaint or the thrust of Plaintiffs' claims.  The reason for naming Officer Baronowski at this time is self-evident and had to have been anticipated by all the parties. Plaintiffs' Counsel determined the need for a loss of consortium claim when discussing Plaintiffs' injuries with Plaintiffs and/or their treating psychological

---

[1] The individual Defendant Officers are Todd C. Parsons, Raymond M. Anair, Robert Brennan, William P. Geoffroy, Brian Hart, Kevin Ahearn, and Kevin E. Wolski. Two John Doe's were named in the Complaint, one of whom has been identified in discovery as Marc Baronowski.

counselors in anticipation of answering interrogatories for the Defendants. Plaintiffs' Counsel determined the need for the trespass and invasion of privacy counts when reviewing the answers to interrogatories of Officer Brennan.

The only factual addition to the complaint is a confrontation plaintiffs now understand occurred in May, 2001, while they were in a Jacuzzi in the back yard of their home. Plaintiffs were in the Jacuzzi when defendants Brennan and Baranowski entered the plaintiffs' property without permission. Defendant Brennan accused the plaintiffs of bathing naked. They were ordered to stand up. When they did, defendant Brennan found they were attired. He then threatened that if he ever found the plaintiffs improperly attired, they would be prosecuted as sex offenders.

Plaintiffs initially remembered this incident as occurring much earlier than 2001. Since plaintiffs could not bring this civil suit until after resolution of the multiple criminal charges were resolved in their favor, plaintiffs initially thought this incident was beyond the statute of limitations. Because there was no arrest record and the defendants produced and apparently have no incident report for the incident, the plaintiffs were unable to confirm the date from automatic disclosure or other available means, until defendant Brennan's answers to interrogatories.

However, defendants, in their answers to interrogatories, not only acknowledge that it took place in May 2001 but also indicate they were aware that the incident was part of the plaintiffs' claims and that they considered it to have been already encompassed in the allegations of the plaintiffs' complaint. [See Brennan Answers to Interrogatories, Exhibit A, hereto, answers 4 and 8]

Thus, there is no prejudice to the defendants in allowing this incident to be incorporated in the complaint, pursuant to F.R.Civ.P. Rule 15(b), which contemplates amending a complaint to conform to the evidence "when issues not raised by the pleadings are tried by express or implied consent of the parties". The rule continues that such issues "shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to conform to the evidence and to raise these issues may be made upon motion . . . at any time, even after judgment."

No prejudice to Defendants should accrue on account of any of the amendments. No deposition have yet occurred and the time for seeking further discovery has not expired; therefore, Defendants should not suffer any harm or surprise on account of the allowance of the proposed amendments.

Leave of Court is required because the Complaint has been answered and the deadline for amendments other than those newly discovered passed in January.

| | |
|---|---|
| Respectfully submitted,<br>For Kenneth Jean,<br>by his counsel | Respectfully submitted,<br>For Pamela Price Jean,<br>by her counsel, |
| /s/ Andrew M. Fischer<br>Andrew M. Fischer<br>BB0# 167040<br>JASON & FISCHER<br>47 Winter Street<br>Boston, MA 02108<br>(617) 423-7904<br>afischer@jasonandfischer.com | /s/ Mark D. Stern<br>Mark D. Stern<br>BBO#<br>MARK D. STERN P.C.<br>34 Liberty Avenue<br>Somerville, MA 02144<br>(617) 776 4020<br>markdsternpc@rcn.com |

Date April 15, 2005

## CERTIFICATE OF SERVICE

      I, Andrew M. Fischer, hereby certify that on this date I served a copy of the above document on the parties by mailing a copy, first class, postage prepaid to John J. Cloherty, III, Pierce, Davis, Perritano, LLP, Ten Winthrop Square, Boston, MA 02110; Regina Ryan, Merrick, Louison & Costello, 67 Batterymarch Street, Boston, MA 02110; Austin M. Joyce, Edward P. Reardon, P.C., 397 Grove Street, Worcester, MA 01605; Nancy Frankel Pelletier, Robinson Donovan, P.C., 1500 Main Street, Ste. 1600, Springfield, MA 01115-5609 and to Mark Stern, 34 Liberty Avenue, Somerville, MA 02144..

Date: April 15, 2005                                                     /s/ Andrew M. Fischer
                                                                                                                      Andrew M. Fischer

jean\mtnamend2