UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************

KENNETH AND PAMELA PRICE JEAN,     *
                                    *

        Plaintiffs                 *
                                   *.

v.                                    *
                                   *

TOWN OF ASHBURNHAM POLICE     *
DEPARTMENT, TOWN OF WINCHENDON   *
POLICE DEPARTMENT, ROB HARRINGTON, *
in his capacity as CHIEF OF THE WINCHENDON *  **C.A. NO. 03-12306FDS**
POLICE DEPARTMENT, JACK MURRY, in his  *
capacity as CHIEF OF THE ASHBURNHAM  *
POLICE DEPARTMENT, TODD C. PARSONS  *
RAYMOND M. ANAIR, ROBERT BRENNON,  *
WILLIAM P. GEOFFROY, BRIAN HART,    *
KEVIN AHEARN, KEVIN E. WOLSKI     *
OFFICER JOHN DOE, OFFICER JOHN POE,  *
                                   *

        Defendants           *

*******************************************

## MOTION FOR LEAVE TO AMEND COMPLAINT
## PURSUANT TO F.R.C.P., RULE 15(a)

Now come the plaintiffs and move that they be allowed to amend the complaint,

to substitute the true name of one of the John Doe defendants, to add several counts

arising from the same cause of action pled already and to identify specifically an incident

that had been known generally but not specifically described in the complaint.

As reason, plaintiffs state that F.R.Civ.P., Rule 15(a) provides that leave to amend

should be freely given when "justice so requires." For the reasons set forth below, justice

does so require that the plaintiffs be permitted to amend the complaint as follows:

First, Plaintiffs have identified one of the "John Doe" defendants during

discovery, Officer Marc Baronowski, and wish to substitute his true name as a named

Defendant, and to plead specific allegations regarding his alleged unlawful conduct.

Second, Plaintiffs seek to add counts for loss of consortium, one for each of the Plaintiffs, for the loss of the love and companionship of the other of the Plaintiffs.

Third, Plaintiffs seek to add two legal claims, one for trespass and one for invasion of privacy, to conform to the evidence that apparently will be presented at trial. Both claims arise out of an incident which occurred when defendants Brennan and Baranowski entered onto the plaintiff's property, without consent or probable cause, confronted the plaintiffs who were in the jacuzzi in their backyard, and threatened the plaintiffs with arrest and other things.

This incident was not pled specifically in the original complaint, but the defendants Brennan and the Town of Ashburnham knew and understood that this incident was part of the pattern of conduct which comprises the plaintiffs' allegations, as they discuss it as such in their answers to interrogatories. [See particularly Brennan Answers to Interrogatories, attached hereto as Exhibit A]

## ARGUMENT

This is an action against the towns' police departments and certain named officers of Ashburnham and Winchendon for civil rights and other violations causing loss and damage to the plaintiffs, Kenneth Jean and Pamela Price Jean, arising out of the unlawful detention, assault and battery, and arrest and prosecution of the plaintiffs on various occasions without probable cause, in a series of incidents that began in the summer of 1999, and primarily occurred in 2001 and continued with several criminal prosecutions thereafter.

-2-

Plaintiffs allege that these criminal prosecutions were pursued in bad faith, as part of the defendants' pattern of conduct directed at harassing the plaintiffs, in violation of their constitutional rights. All of these criminal prosecutions resulted in not guilty verdicts or like favorable dispositions for the plaintiffs.[1]

F.R.Civ.P. Rule 15 provides that leave to amend a complaint "shall be freely given when justice so requires". F.R.Civ.P. Rule 15(a)  Although the decision to grant a motion to amend is within the discretion of the trial judge, leave to amend shall be granted unless there are good reasons for denying the motion." *Mathis v. Massachusetts Electric Co.*, 409 Mass. 256, 565 N.E.2d 1180, 1185 (1991)

Thus the burden falls on the defendant to show why this motion to amend should not be allowed.  "Absent a showing by the party opposing the motion to amend that the motion will seriously prejudice the presentation of his claim or defense, the court's failure to allow the motion will constitute an abuse of discretion and will warrant reversal." Smith and Zobel, Rules Practice, Mass Practice Series, Vol. 6, p. 444 (emphasis added), citing *Deakyne v. Commissioner of Lewes*, 416 F.2d 290 (3d Cir. 1969).

None of the proposed amendments alter in any substantial way the underlying factual allegations of the complaint or the thrust of Plaintiffs' claims.  The reason for naming Officer Baronowski at this time is self-evident and had to have been anticipated by all the parties. Plaintiffs' Counsel determined the need for a loss of consortium claim when discussing Plaintiffs' injuries with Plaintiffs and/or their treating psychological

---

[1]The individual Defendant Officers are Todd C. Parsons, Raymond M. Anair, Robert Brennan, William P. Geoffroy, Brian Hart, Kevin Ahearn, and Kevin E. Wolski.  Two John Doe's were named in the Complaint, one of whom has been identified in discovery as Marc Baronowski.

counselors in anticipation of answering interrogatories for the Defendants. Plaintiffs'
Counsel determined the need for the trespass and invasion of privacy counts when
reviewing the answers to interrogatories of Officer Brennan.

The only factual addition to the complaint is a confrontation plaintiffs now
understand occurred in May, 2001, while they were in a Jacuzzi in the back yard of their
home. Plaintiffs were in the Jacuzzi when defendants Brennan and Baranowski entered
the plaintiffs' property without permission. Defendant Brennan accused the plaintiffs of
bathing naked. They were ordered to stand up. When they did, defendant Brennan found
they were attired. He then threatened that if he ever found the plaintiffs improperly
attired, they would be prosecuted as sex offenders.

Plaintiffs initially remembered this incident as occurring much earlier than 2001.
Since plaintiffs could not bring this civil suit until after resolution of the multiple criminal
charges were resolved in their favor, plaintiffs initially thought this incident was beyond
the statute of limitations. Because there was no arrest record and the defendants produced
and apparently have no incident report for the incident, the plaintiffs were unable to
confirm the date from automatic disclosure or other available means, until defendant
Brennan's answers to interrogatories.

However, defendants, in their answers to interrogatories, not only acknowledge
that it took place in May 2001 but also indicate they were aware that the incident was part
of the plaintiffs' claims and that they considered it to have been already encompassed in
the allegations of the plaintiffs' complaint. [See Brennan Answers to Interrogatories,
Exhibit A, hereto, answers 4 and 8]

Thus, there is no prejudice to the defendants in allowing this incident to be incorporated in the complaint, pursuant to F.R.Civ.P. Rule 15(b), which contemplates amending a complaint to conform to the evidence "when issues not raised by the pleadings are tried by express or implied consent of the parties". The rule continues that such issues "shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to conform to the evidence and to raise these issues may be made upon motion . . . at any time, even after judgment."

No prejudice to Defendants should accrue on account of any of the amendments. No deposition have yet occurred and the time for seeking further discovery has not expired; therefore, Defendants should not suffer any harm or surprise on account of the allowance of the proposed amendments.

Leave of Court is required because the Complaint has been answered and the deadline for amendments other than those newly discovered passed in January.

Respectfully submitted,
For Kenneth Jean,
by his counsel

Respectfully submitted,
For Pamela Price Jean,
by her counsel,

Andrew M. Fischer
BBO# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

Mark D. Stern
BBO#
MARK D. STERN P.C.
34 Liberty Avenue
Somerville, MA 02144
(617) 776 4020
Fax (617) 776 9250
markdsternpc@rcn.com

Date 4/18/05

## CERTIFICATE OF SERVICE

I, Andrew M. Fischer, hereby certify that on this date I served a copy of the above document on the parties by mailing a copy, first class, postage prepaid to John J. Cloherty, III, Pierce, Davis, Perritano, LLP, Ten Winthrop Square, Boston, MA 02110; Regina Ryan, Merrick, Louison & Costello, 67 Batterymarch Street, Boston, MA 02110; Austin M. Joyce, Edward P. Reardon, P.C., 397 Grove Street, Worcester, MA 01605; Nancy Frankel Pelletier, Robinson Donovan, P.C., 1500 Main Street, Ste. 1600, Springfield, MA 01115-5609 and to Mark Stern, 34 Liberty Avenue, Somerville, MA 02144..

Date: 4/16/05

Andrew M. Fischer

jean\mtnamend2

-6-



EXHIBIT

A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH AND PAMELA PRICE JEAN )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CITY OF ASHBURNHAM POLICE )<br>DEPARTMENT, CITY OF WINCHENDON )<br>POLICE DEPARTMENT, ROB HARRINGTON, )<br>in his capacity as CHIEF OF THE WINCHENDON )<br>POLICE DEPARTMENT, JACK MURRAY, in his )<br>capacity as CHIEF OF THE ASHBURNHAM )<br>POLICE DEPARTMENT, TODD C. PARSONS, )<br>RAYMOND M. ANAIR, ROBERT BRENNAN, )<br>WILLIAM P. GEOFFROY, BRIAN HART, )<br>KEVIN AHEARN, KEVIN E. WOLSKI, )<br>OFFICER JOHN DOE, OFFICER JOHN POE, )<br>    Defendants. )<br> ) | CIVIL ACTION NO. 03-12306-MLW |

## DEFENDANT ROBERT BRENNAN'S ANSWERS TO
## PLAINTIFFS' FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 1

List, describe and identify all complaints, written or oral, made against you arising from your duties as a police officer, made by (i) other police officers, (ii) other City officials or employees, or (iii) civilians, during your employment as a police officer.

## ANSWER NO. 1

The Defendant objects to this request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, and seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the Defendant objects to this request on the grounds that it seeks privileged, confidential and private information. The Defendant further objects to the extent this requests seeks information contained in personnel records protected from disclosure under Mass. Gen. L. ch. 4, §7, clause 26(c); Mass. Gen. L. ch. 66A, § 2(k); and Mass. Gen. L. ch. 268A, § 23(f). Furthermore, to the extent such information may exist, said information may contain names or information of crime victims or criminal offender record information, such documents are not public records under M.G.L. ch. 6 § 167, et. seq.

## INTERROGATORY NO. 2

List, describe and identify all unlawful or improper arrest, complaints of unlawful search and seizure and/or unlawful detainment, written or oral, made against you arising from your duties as a police officer, made by (i) other police officers, (ii) other City officials or employees, or (iii) civilians, during your employment as a police officer, in the 10 years prior to the litigation to the present, naming all parties involved, giving their addresses, and describe, with specificity, the underlying incident.

## ANSWER NO. 2

The Defendant objects to this request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, and seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the Defendant objects to this request on the grounds that it seeks privileged, confidential and private information. The Defendant further objects to the extent this request seeks information contained in personnel records protected from disclosure under Mass. Gen. L. ch. 4, §7, clause 26(c); Mass. Gen. L. ch. 66A, § 2(k); and Mass. Gen. L. ch. 268A, § 23(f). Furthermore, to the extent such information may exist, said information may contain names or information of crime victims or criminal offender record information, such documents are not public records under M.G.L. ch. 6 § 167, et. seq.

## INTERROGATORY NO. 3

List, describe and identify all communications between yourself and any other defendants including defendant City of Ashburnham and other Ashburnham Police Department police officers or employees which relate to the incident that forms the basis for this lawsuit.

## ANSWER NO. 3

The Defendant objects to this request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, and seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the Defendant objects to this request on the grounds that it seeks privileged, confidential and private information.

Without waving these or any other objections, Defendant states: Other than conversations on the subjects of having been sued by the plaintiffs and the need to complete interrogatory responses, at this time I do not recall the substance of any conversations that I may have had with any other defendants to this lawsuit regarding the allegations made in the Second Amended Complaint.

**INTERROGATORY NO. 4**

List, describe and identify all communications between yourself and any and all witnesses which relate to the incidents that forms the basis for this lawsuit, giving their names, addresses, the date of the communication, and the substance of each communication.

**ANSWER NO. 4**

The Defendant objects to this request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, and seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the Defendant objects to this request on the grounds that it seeks privileged, confidential and private information.

Without waiving these or any other objections, Defendant states: In May, 2001, Francesca A. Balzer of 143 Ashby Road in Ashburnham, a neighbor of Mr. Jean's, advised me that she frequently had observed a female, whom she believed was Mr. Jean's girlfriend, performing oral sex on Mr. Jean in the hot tub in Mr. Jean's yard. Ms. Balzer informed me that this conduct was taking place in plain view and had been observed by Ms. Balzer while she was in her home. These observations were confirmed by Mr. Paul Aubuchon of 29 Winnecowett Drive in Ashburnham, a contractor doing work on Ms. Balzer's home. Ms. Balzer requested that I speak with Mr. Jean and ask that he position a tarp of some sort around his hot tub in order that these activities could not be seen by his neighbors and the general public. Ms. Balzer further indicated to me that, at that time, Mr. Jean was in the hot tub.

**INTERROGATORY NO. 5**

Identify any expert witnesses you intend to use, giving their names, addresses, qualifications, the subject matter upon which they are expected to testify, the substance of the facts on which each expert is expected to testify, and a summary of the grounds for each expert's opinion. Identify all experts contacted in any way but who will not be used to testify.

**ANSWER NO. 5**

Defendant objects to this interrogatory as it exceeds the scope of discovery permissible regarding experts under Fed. R. Civ. P. 26(b)(4). Defendant also objects to this interrogatory on the grounds that it seeks discovery of information prepared in anticipation of litigation or for trial by or for Defendant or by or for Defendant's representatives. Furthermore, Defendant objects to this interrogatory on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendant concerning the litigation.

Without waiving these or any other objections: Defendant states that he has yet to determine what experts, if any, will be called at the trial of this matter. Defendant will supplement this answer prior to trial.

## INTERROGATORY NO. 6

List, describe and identify any and all insurance carriers and insurance policies which may provide coverage for any of the claims presented in the complaint.

## ANSWER NO. 6

Defendant states: Upon information and belief, the Town of Ashburnham may be able to answer Interrogatory No. 6.

## INTERROGATORY NO. 7

Describe all departmental and/or City regulations, customs or procedures required to determine probable cause or exigent circumstances for entering the private property of a person without their knowledge or consent, what those regulations, customs, or procedures are, and state with particularity how they were or were not complied with, by you and all other investigating officers with respect to your entry onto the property of Kenneth Jean and Pamela Price Jean, one of the incidents giving rise to this lawsuit, in May of 2001.

## ANSWER NO. 7

The Defendant objects to this request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, and seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant objects to this interrogatory on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the Defendant concerning the litigation.

Without waiving these or any other objections, Defendant Brennan states that the named Defendants followed departmental procedures and policies as provided by the Town of Ashburnham in its responses to Request for Production. The named Defendants filed the necessary paperwork and charges in accordance with said polices and procedures.

Based upon the information received from Ms. Balzer and Mr. Aubuchon, a threshold inquiry into the situation was warranted. As a police officer, I am charged with the duty to take action to prevent and suppress disorderly conduct. The conduct of Mr. Jean and his companion, as relayed to me by two witnesses, constituted lewd and lascivious behavior, specifically, a female performing oral sex upon a male in view of the public. The location of the sexual conduct, Mr. Jean's hot tub, was open to the view of his neighbors, as well as anyone using the nearby waterway. This public exposure

--4--

disregarded the substantial risk of exposure to other persons and, in fact, had produced alarm and shock to a neighbor on a regular basis. With lawful authority for a threshold inquiry, the entire interaction with Mr. Jean was completed within two minutes of arrival.

## INTERROGATORY NO. 8

Describe with specificity from beginning to end your involvement in the events that led to your entering the private property of Kenneth Jean and Pamela Price Jean in May of 2001 without warning the owners or obtaining their consent.

## ANSWER NO. 8

My initial receipt of the complaint from Ms. Balzer is detailed in the response to Interrogatory No. 4 above. After receiving the complaint, myself and another officer, in uniform, proceeded to the residence of Mr. Jean. I parked along the street, exited my cruiser and began to walk along the driveway area to the lake side of Mr. Jean's home, the side of his home facing Ms. Balzer's residence and also the location of the hot tub. I observed Mr. Jean in the hot tub with a female, both wearing swimsuits. I spoke with Mr. Jean, advising him that a neighbor had complained about his sexual activities in the hot tub being observed by the public. At that time, the female exited the hot tub and entered Mr. Jean's home. I informed Mr. Jean that I was not there to tell him what he could or could not do in the hot tub, but that such sexual activities being observed by the public could constitute a crime for which he could be summoned to court. I advised him that before that happened, possibly resulting in having to register as a sex offender, perhaps it would be appropriate to erect a tarp in order to block their activities from public view. Mr. Jean indicated that he should place a tarp in order to block public viewing of the hot tub. At that point, I, along with the other officer, left the premises. The interaction with Mr. Jean lasted approximately two minutes.

## INTERROGATORY NO. 9

Describe with specificity the substance of all non-privileged conversations you have had regarding the May 2001 entry onto the private property of the plaintiffs, identifying all parties involved in such conversations and giving the time and place of such conversations.

## ANSWER NO. 9

The Defendant objects to this request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, and seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, Defendant states: I spoke with Francesca Balzer and Paul Aubuchon regarding their observations of Mr. Jean's sexual conduct in his

–5–

hot tub. At one time or another, I have spoken with members of the Ashburnham Police Department on this matter, but am unable to recall the specific dates or substance of such conversations.

## INTERROGATORY NO. 10

Describe with specificity from beginning to end your involvement in the events that led to the December 14, 2001 arrest and detainment of plaintiffs Kenneth Jean and Pamela Price Jean.

## ANSWER NO. 10

Pursuant to Fed.R.Civ.P. 33(d), Defendant has produced all non-privileged documents responsive to this interrogatory. See "Narrative," Exhibit B of Defendants' Local Rule 26.1(B)(2) and Local Rule 26.2(a) Disclosure.

Responding further, the Defendant provides the following summary of the events of December 14, 2001: On December 14, 2001, I responded to a report of a house fire at 141 Ashby Road and, upon my arrival, observed the residence fully involved with fire and heavy smoke. As I approached the residence, I observed Pamela Jean by the front door, yelling into the residence through the front doorway, from which black smoke was pouring. I then observed Mr. Jean tumble through the doorway onto the ground outside the home. As Mrs. Jean was yelling about her cats in the residence, I began yelling to get away from the home and that no one was going back inside.

As he was being assisted by Officer Ahearn, Mr. Jean removed keys from his pocket and I took the keys and proceeded to one of the vehicles parked in the driveway and close to the residence. I moved the vehicle out of harm's way and, upon returning to the area, I saw Mrs. Jean striking at Officer Ahearn. I yelled at Officer Ahearn to place Mrs. Jean under arrest and, as I was doing so, I observed Mr. Jean running towards Officer Ahearn. I grabbed Mr. Jean in order to prevent him from reaching Officer Ahearn and, in doing so, Mr. Jean swung around and began striking at me with closed fists. For my own safety and while yelling at Mr. Jean to stay back, I pushed Mr. Jean backwards to create separation between us. Mr. Jean failed to comply with my demand to stay back and began to advance towards me, again swinging with closed fists. At that time I deployed my pepper spray and yelled for him to stay back or I would spray. Failing to comply with that order, I sprayed Mr. Jean with a one second burst as he continued to advance towards me. Mr. Jean wiped his face and again continued towards me, requiring that I use another one second burst of spray to halt his assault. By that time, Officer Ahearn arrived to assist me, but Mr. Jean continued to present physical resistance to both of us, striking at both Officer Ahearn and myself and punching Officer Ahearn in the head. Finally, Officer Ahearn, Officer Hart and myself were able to bring Mr. Jean under control and handcuff him. Mr. and Mrs. Jean then were transported by other officers to the station for booking, while I remained at the scene of the fire.

## INTERROGATORY NO. 11

Describe with specificity the substance of all non-privileged conversations you have had regarding the December 14, 2001 arrest of plaintiffs, identifying all parties involved in such conversations and

giving the time and place of such conversations.

## ANSWER NO. 11

The Defendant objects to this request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, and seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, Defendant states: I testified in court on the subject of the plaintiffs' December 14, 2001 arrests and, at various times, may have spoken with fellow officers on the subject of these arrests. I am unable to recall the specific dates or substance of such conversations.

## INTERROGATORY NO. 12

Set forth all communications you had with any other police officers from the time of the plaintiffs' arrest until the conclusion of the prosecution of the plaintiffs.

## ANSWER NO. 12

The Defendant objects to this request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, and seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, Defendant states: I am unable to recall any specific conversations with other police officers.

## INTERROGATORY NO. 13

Describe all departmental and/or City regulations, customs or procedures required to be taken in a detainment and arrest of the type giving rise to this lawsuit on December 14, 2001, what those regulations, customs, or procedures are, and state with particularity how they were or were not complied with respect to the arrest and detainment of Kenneth Jean and Pamela Jean on December 14, 2001. Also state with specificity whether, to your knowledge, how other investigating officers so complied.

## ANSWER NO. 13

The Defendant objects to this request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, and seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. The

Defendant objects to this interrogatory on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the Defendant concerning the litigation.

Without waiving these or any other objections: Defendant Brennan states that the named Defendants followed departmental procedures and policies as provided by the Town of Ashburnham in its responses to Request for Production. The named Defendants filed the necessary paperwork and charges in accordance with said polices and procedures.

At the time of the December 14, 2001 arrests of the plaintiffs, it was the express policy of the Ashburnham Police Department that all arrests were to be based upon probable cause. Given the conduct of the Jeans as described in my police report on this incident, as well as my Answer to Interrogatory No. 10, probable cause existed to arrest the Jeans for disorderly conduct, assaults and batteries upon police officers and resisting arrest. In addition, although I was not present for the incident, I later became aware that while Mr. Jean was being booked, he threatened to kill officers present at the booking and was charged with threatening to commit the crime of murder.

Responding further, given Mr. Jean's physical attack and attempts to inflict bodily harm on my person, as well as his refusal to comply with my verbal commands to stop, my use of OC pepper spray was made necessary, under the use of force continuum, in order to protect my own safety as well as bring Mr. Jean into compliance.

## INTERROGATORY NO. 14

List, describe and set forth how you determined what crimes to charge the plaintiffs with after the December 14, 2001 arrest, what the basis was for each charge, how you made the determination and each act you made in the course of prosecuting the plaintiffs.

## ANSWER NO. 14

Based on my observations as detailed in my police report on this incident, as well as my Answers to Interrogatory Nos. 10 and 13, in addition to the observations of other officers present at the scene, including Officer Ahearn, the decision was made that probable cause existed to arrest Mr. and Mrs. Jean for the crimes of disorderly conduct, assault and battery and resisting arrest.

Signed under the pains and penalties of perjury this _12_ day of _MARCH_____, 2005.

_Robert Brennan_
Robert Brennan

–8–

AS TO OBJECTIONS:
Counsel for the Defendant,
Robert Brennan,

Michael J. Akerson
BBO #: 558565
Andrew J. Gambaccini
BBO #: 654690
REARDON, JOYCE & AKERSON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KENNETH AND PAMELA PRICE JEAN<br>    Plaintiff,<br><br>v.<br><br>CITY OF ASHBURNHAM POLICE<br>DEPARTMENT, CITY OF WINCHENDON<br>POLICE DEPARTMENT, ROB HARRINGTON,<br>in his capacity as CHIEF OF THE WINCHENDON<br>POLICE DEPARTMENT, JACK MURRAY, in his<br>capacity as CHIEF OF THE ASHBURNHAM<br>POLICE DEPARTMENT, TODD C. PARSONS,<br>RAYMOND M. ANAIR, ROBERT BRENNAN,<br>WILLIAM P. GEOFFROY, BRIAN HART,<br>KEVIN AHEARN, KEVIN E. WOLSKI,<br>OFFICER JOHN DOE, OFFICER JOHN POE,<br>    Defendants. | CIVIL ACTION NO. 03-12306-MLW |

## DEFENDANT ROBERT BRENNAN'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 8

Describe with specificity from beginning to end your involvement in the events that led to your entering the private property of Kenneth Jean and Pamela Price Jean in May of 2001 without warning the owners or obtaining their consent.

### ANSWER NO. 8

My initial receipt of the complaint from Ms. Balzer is detailed in the response to Interrogatory No. 4 above. After receiving the complaint, myself and another officer, in uniform, proceeded to the residence of Mr. Jean. I parked along the street, exited my cruiser and began to walk along the driveway area to the lake side of Mr. Jean's home, the side of his home facing Ms. Balzer's residence and also the location of the hot tub. I observed Mr. Jean in the hot tub with a female, both wearing swimsuits. I spoke with Mr. Jean, advising him that a neighbor had complained about his sexual activities in the hot tub being observed by the public. At that time, the female exited the hot tub and entered Mr. Jean's home. I informed Mr. Jean that I was not there to tell him what he could or could not do in the hot tub, but that such sexual activities being observed

1

by the public could constitute a crime for which he could be summoned to court. I advised him that before that happened, possibly resulting in having to register as a sex offender, perhaps it would be appropriate to erect a tarp in order to block their activities from public view. Mr. Jean indicated that he should place a tarp in order to block public viewing of the hot tub. At that point, I, along with the other officer, left the premises. The interaction with Mr. Jean lasted approximately two minutes.

## FIRST SUPPLEMENTAL RESPONSE

Following receipt of the complaint from Ms. Balzer, Patrolman Mark Baranowski was the officer that accompanied me during the brief interaction with Mr. Jean and his female companion.


Signed under the pains and penalties of perjury this 25 day of March 2005.

Robert Brennan
Robert Brennan

2