UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENNETH JEAN and PAMELA PRICE JEAN, | : | CIVIL ACTION NO. 03-12306-FDS |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF ASHBURNHAM POLICE DEPARTMENT, TOWN OF WINCHENDON POLICE DEPARTMENT, ROB HARRINGTON, in his capacity as CHIEF OF THE WINCHENDON POLICE DEPARTMENT, JACK MURRAY, in his capacity as CHIEF OF THE ASHBURNHAM POLICE DEPARTMENT, TODD C. PARSONS, RAYMOND M. ANAIR, ROBERT BRENNAN, WILLIAM P. GEOFFROY, BRIAN HART, KEVIN AHEARN, KEVIN E. WOLSKI, OFFICER JOHN DOE, OFFICER JOHN POE, | : : : : : : : : : : : : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED.R.CIV.P. 15 (a)

Now come the Defendants, by and through their undersigned counsel, and hereby oppose

the motion of the Plaintiffs; Kenneth Jean and Pamela Price Jean; for leave to file their proposed

Amended Complaint.[1] As grounds therefore, the Defendants state the following:

[1]As articulated within the Motion for Leave to Amend, the Plaintiffs now seek three substantive modifications to the operative complaint in this matter, specifically, the addition of: (1) Officer Mark Baranowski as a named Defendant; (2) two counts of loss of consortium, separately advanced on behalf of each Plaintiff; and, (3) state tort claims for trespass and invasion of privacy.

Insofar as the Plaintiffs' Motion seeks to add Officer Mark Baranowski as a named Defendant, the Defendants do not oppose the Plaintiffs' Motion; the Defendants, however, do oppose the Plaintiffs' Motion to the extent that the filing seeks to add a total of four pendent state

## I.    PROCEDURAL BACKGROUND AND STANDARD OF REVIEW

The instant action, alleging sundry federal and state causes of action against a number of municipal and individual Defendants, was commenced on November 18, 2003. On two occasions following the filing of a responsive pleading by the Defendants, the Plaintiffs have sought, and have been granted, leave to amend their complaint. *See* Civil Docket for Case No. 4:03-cv-12306-FDS, Entries 9, 10, 27, 30. The Plaintiffs, again, now seek leave to file a further amendment: a Third Amended Complaint.[2]

With regard to the amendment of a pleading once a response to that document has been served, Fed.R.Civ.P. 15 (a) provides in relevant part, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Furthermore, as relevant here, during the scheduling conference conducted by this Court on December 6, 2004, an order was entered that amendments to the pleadings were to be filed by December 31, 2004. During that same scheduling conference, this Court cautioned that proposed amendments following that date would be allowed only for "good cause," the scope of which was defined by this Court as inclusive of matters revealed during the course of discovery and exclusive of a lawyer "getting a new idea." Insofar as the Plaintiffs' motion seeks leave to add four pendent state law claims, the motion represents such "new ideas" based upon information that was known, or with the exercise of reasonable diligence should have

---

law claims.

[2]The Defendants note that, although the Plaintiffs' proposed pleading is styled the "Second Amended Complaint and Demand for Jury Trial," this pleading actually would be the Third Amended Complaint, with a Second Amended Complaint having been filed by counsel for the Plaintiffs on December 7, 2004.

been known, by Plaintiffs' counsel well in advance of this Court's December 31, 2004 deadline for amendments to the pleadings.

## II.    THE PLAINTIFFS HAVE FAILED TO DEMONSTRATE GOOD CAUSE FOR THE GRANTING OF LEAVE TO ADD FOUR PENDENT STATE LAW CAUSES OF ACTION

As grounds for the addition of two loss of consortium claims, the Plaintiffs' Motion states that counsel for the Plaintiffs determined the need for such claims only when discussing the Plaintiffs' injuries with the "Plaintiffs and/or their treating psychological counselors in anticipation of answering interrogatories for the Defendants." Pl.Mot., pp. 3-4. Given the long temporal pendency of this matter, with the initial complaint having been filed in November of 2003, and, importantly, within the framework of this Court's December, 2004 instruction that, absent good cause, oversights in the crafting of the Plaintiffs' legal claims were to be remedied by December 31, 2004, the factual basis for these loss of consortium claims, as well as the potential legal ramifications thereof, with the exercise of appropriate investigatory diligence, reasonably should have been known by Plaintiffs' counsel well in advance of the December 31, 2004 deadline for amendments. Indeed, the Plaintiffs' prior complaints are rife with allegations of emotional damage; allegations of emotional distress that are identical to, if not inextricably intertwined with, the alleged emotional distress underlying the Plaintiffs' proposed loss of consortium claims. Put simply, Plaintiffs' counsel have arrived at new ideas based upon information readily available to them in advance of this Court's deadline and the Motion should be denied.

As the Motion pertains to the Plaintiffs' attempt to add pendent state law claims for trespass and invasion of privacy, the Plaintiffs' similarly have failed to demonstrate good cause

for this Court to grant leave to amend. As stated in the Motion, the Plaintiffs suggest that the

need for these additional causes of action, related to an alleged incident in which Defendant

Robert Brennan and Officer Mark Baranowski entered upon the Plaintiffs' property for the

purpose of preventing the continuation of the Plaintiffs' lewd public displays, was not seen by

Plaintiffs' counsel until their review of Defendant Robert Brennan's interrogatory responses. In

fact, the Plaintiffs' Motion indicates that this allegation was not included within the earlier

complaints because the Plaintiffs had remembered this alleged incident as occurring earlier than

2001, and ostensibly outside the scope of the statute of limitations for the filing of a civil lawsuit

based upon the incident. This statement is, however, demonstrably false.

In the Plaintiffs' Second Amended Complaint, filed in advance of this Court's December

31, 2004 amendment deadline, paragraph twenty-one not only contains the factual predicate for

this allegation, but also references the date of this incident as being in May of 2001. Second

Amended Complaint ¶ 21. In addition, as is demonstrated by a review of Defendant Robert

Brennan's Answers to Plaintiffs' First Set of Interrogatories, attached as "Exhibit A" to the

Plaintiffs' Motion, which the Plaintiffs rely upon as support for the proposition that the May,

2001 date was not known to the Plaintiffs until receipt of Defendant Brennan's responses,

Interrogatory No. 7 itself advances the May, 2001 date as the time period within which the

Plaintiffs alleged this incident to have occurred. Ex. A to Pl.Mot., p. 4. These statements by

counsel for the Plaintiff represent objective evidence that counsel for the Plaintiffs were aware of

this incident, and its date of alleged occurrence, far in advance of the December 31, 2004

amendment deadline.

Moreover, this Court should deny the Plaintiffs' Motion insofar as it seeks to add state

-4-

law claims of trespass and invasion of privacy because the possible legal ramifications arising out

of that factual predicate were known, or reasonably should have been known, to counsel for the

Plaintiffs well in advance of the amendment deadline. Notably, within paragraph twenty-one of

the Plaintiffs' Second Amended Complaint, it is alleged that "In May of 2001, without a warrant,

and absent probable cause, or any exigent circumstances, Defendants Brennan and Parsons

*trespassed* on the Plaintiffs' property . . . ." (Emphasis added.) Second Amended Complaint ¶

21. Given that the word "trespass" itself was used, it is eminently reasonable to presume that

Plaintiffs' counsel were aware, or at least should have been aware, of the potential state tort

claim of trespass well in advance of this Court's amendment deadline. In sum, the Plaintiffs

have failed to advance good cause for the amendment of the complaint to incorporate additional

state law causes of action and have demonstrated only that counsel for the Plaintiffs, since the

December 31, 2004 amendment deadline, have come up with "new ideas" flowing from

information known in advance of this Court's deadline.[3]

WHEREFORE, the Defendants respectfully request that the Plaintiffs' Motion for Leave

---

[3]The Defendants note further that the Plaintiffs' proposed amended pleading suffers from a number technical defects, many of which this Court already has expended judicial resources in correcting during the December 6, 2004 scheduling conference. These defects include the following: (1) the mislabeling of the municipal defendants as "Cities" and not "Towns"; (2) the misspelling of Defendant Robert Brennan's name; (3) the improper reference to Defendant Raymond Anair as a member of the Ashburnham Police Department and not the Winchendon Police Department; and, (4) the failure to include the referenced "Exhibit A" to the pleading.

Moreover, the Plaintiffs' proposed amended pleading contains, when compared to the Second Amended Complaint, no small number of additional alterations, including modifications to the wording and substance of the facts and claims being alleged, that are not referenced in the Plaintiff's Motion. In addition, the Plaintiffs' proposed amended pleading, without reference to having done so in the motion papers, restates claims of negligence against the individual Defendants despite the fact that, following the filing of two defense motions to strike those claims as barred by M.G.L. ch. 258, such claims were deleted from the Second Amended Complaint.

to Amend be denied.

| | |
|---|---|
| Defendants Jack Murray, Todd Parsons and Robert Brennan, By their attorneys, | Defendants Town of Ashburnham Police Department, Jack Murray, Todd Parsons, Robert Brennan and Kevin Ahearn, By their attorneys, |

/s/ Andrew J. Gambaccini                    /s/ John J. Cloherty

Michael J. Akerson                          John J. Cloherty
BBO #: 558565                               BBO #: 566522
Andrew J. Gambaccini                        Pierce, Davis & Perritano, LLP
BBO #: 654690                               Ten Winthrop Square
Reardon, Joyce & Akerson, P.C.              Boston, MA 02110
397 Grove Street                            (617) 350-0950
Worcester, MA 01605
(508) 754-7285

Defendants Town of Ashburnham              Defendants Town of Winchendon
Police Department, Jack Murray,            Police Department, Rob Harrington,
Todd Parsons, Robert Brennan and           Raymond M. Anair, William P.
Kevin Ahearn,                              Geoffroy and Kevin E. Wolski,
By their attorneys,                        By their attorney,

/s/ Regina M. Ryan                         /s/ Nancy Frankel Pelletier

Douglas I. Louison                         Nancy Frankel Pelletier
BBO #: 545191                              BBO #: 544402
Regina M. Ryan                             Robinson Donovan, P.C.
BBO #: 565246                              1500 Main Street, Suite 1600
Merrick, Louison & Costello, LLP           Springfield, MA 01115
67 Batterymarch Street                     (413) 732-2301
Boston, MA 02110
(617) 439-0305