UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12306-FDS

KENNETH AND PAMELA PRICE JEAN,          )
    Plaintiffs                              )
                                        )
vs.                                     )
                                        )
CITY OF ASHBURNHAM POLICE               )
DEPARTMENT, CITY OF WINCHENDON          )
POLICE DEPARTMENT,                      )
ROB HARRINGTON, in his capacity as      )
CHIEF OF THE WINCHENDON POLICE          )
DEPARTMENT, JACK MURRY, in his capacity )
as CHIEF OF THE ASHBURNHAM POLICE       )
DEPARTMENT, TODD C. PARSONS,            )
RAYMOND M. ANAIR, ROBERT BRENNON,       )
WILLIAM P. GEOFFROY, BRIAN HART,        )
KEVIN AHEARN, KEVIN E. WOLSKI           )
OFFICER JOHN DOE, OFFICER JOHN DOE,     )
    Defendants                              )

## EMERGENCY MOTION FOR PROTECTIVE ORDER AND/OR REQUEST FOR DISCOVERY CONFERENCE

NOW COME the defendants in the above-captioned matter and respectfully move this Court for a Protective Order precluding the deposition, presently scheduled for May 16, 2005, from proceeding, and further staying all discovery in this matter until such time as the plaintiffs have complied with their obligations pursuant to Fed.R.Civ.P. 26.  The defendants further request that a Discovery Conference be scheduled before this Court so as to address all pending discovery matters.

## PROCEDURAL BACKGROUND

The instant case was initially filed in Federal Court in Boston.  The defendants attempted to cause the plaintiff to voluntarily move the matter to the Central Division to no avail,

400014

ultimately necessitating in the filing of a motion by the defendants which was ultimately allowed without opposition.

Thereafter, a Scheduling Conference was held. Initially, both plaintiffs were represented by Andrew Fischer, Esq.. Subsequently, Mark D. Stern, Esq., also appeared on behalf of both plaintiffs. After discovery was initiated, counsel separated, resulting in the representation of the plaintiff Kenneth Jean by Andrew Fischer, Esq. and Pamela Jean by Mark Stern, Esq..

Paper discovery was initiated by both parties, and all parties purported to comply with the requirements of automatic disclosure. The parties then undertook to schedule a series of depositions. Immediately upon receipt of the deposition notices, counsel for the Winchendon defendants requested that the depositions take place in Worcester, as the location of the litigation, as well as the county of residence of all parties to the litigation. Attorney Stern refused to comply with the request. Thereafter, Regina Ryan, Esq. also requested, on behalf of the Ashburnham defendants, that the depositions be taken in Worcester. Again, the request was refused without explanation. On numerous occasions, counsel for the defendants attempted to address the matter as is required under both Rule 7 and Rule 37 of the Fed.R.Civ.P., to no avail.

The first deposition took place, at Mr. Stern's insistence, in Somerville, Massachusetts. The deposition took place in the dining room of Mr. Stern's home. The police officer was required to travel of 1½ hours in each direction to the deposition. At the conclusion of the deposition, Robert Ludlum, Esq., appearing for the Law Offices of Pierce, Davis, Perritano, LLP, on the record, requested that a more suitable location be found to conduct the depositions. Mr. Stern refused and, again, refused to discuss the matter with the parties.

During the course of the deposition, Mr. Stern questioned the witness from documents which he had in his possession, those being transcriptions of criminal matters which had neither

400014

been identified nor produced in automatic disclosure.  Again, on the record, Attorney Ryan, on

behalf of all defendants, requested the immediate production of the transcriptions.  To date, said

transcriptions have not been produced.

Additionally, the witness was questioned about at least three individuals who had not

been identified as persons having knowledge in automatic disclosure.  Plaintiff's counsel was

confronted with this issue but insisted on questioning the witness both with regard to the

individuals he had failed to identify and the substance of the officer's testimony at the criminal

matter.  To avoid the necessity of the officer traveling an additional 3 hours for the deposition,

counsel for the Town of Winchendon allowed the questioning but, again, requested that the

automatic disclosure be supplemented prior to further substantive depositions being taken.  To

date, no supplementation has occurred.

In the interim, a second deposition was taken of a Winchendon officer who is neither

named in the complaint nor identified in automatic disclosure as a person having knowledge of

information relating to this case.  Again, in an effort to appease plaintiff's counsel and prevent

unnecessary Court intervention, counsel agreed to produce the individual without a subpoena.

This deposition took place in Boston.

Thereafter, Regina Ryan, Esq., initiated a telephone conference with Attorney Stern, on

behalf of all defendants, once again, attempting to comply with the Federal Rules of Civil

Procedure regarding discovery conferences and attempting to articulate the reasons for the

request that the depositions take place in Worcester.  Mr. Stern would not engage in meaningful

dialogue, claiming that the matter had been conferenced at least seven times, and stated to the

attorneys who were on the phone, both of whom are female, "I thought women were the ones

who were supposed to understand no.  No means no."  At that point, Attorney Nancy Frankel

Pelletier indicated that the call was not serving the purposes of the Federal Rules of Civil Procedure and suggested that it be terminated. At that point, the parties terminated the call. Thereafter, Mr. Stern sent a letter to all counsel threatening to seek Rule 11 relief if the defendants proceeded to attempt to obtain Court intervention to resolve the matters in dispute. A copy of that correspondence is attached hereto and marked as Exhibit A.

In a final attempt to address the discovery issues, counsel for the Winchendon defendants, on behalf of all defendants, wrote to Attorney Stern by way of correspondence dated May 11, 2005, a copy of which is attached hereto and marked as Exhibit B. Mr. Stern responded on May 12 by way of correspondence, a copy of which is attached hereto and marked as Exhibit C. It is apparent from the correspondence that the parties are incapable of resolving the discovery disputes without Court intervention.

It is the goal of the defendants to resolve the discovery disputes prior to further deposition so as to allow the depositions to proceed in an orderly fashion.

## AS TO THE LOCATION OF THE DEPOSITIONS

The defendants recognize that the Federal Rules of Civil Procedure do not mandate that the depositions in this case be taken as requested in Worcester County. However, the defendants have repeatedly advised plaintiff's counsel that there is an undue hardship and/or burden placed upon the two small-town police departments and/or their officers in causing them to travel to Boston for the depositions in this case. In addition, the Winchendon police chief has indicated that there is a financial burden to the department in requiring the officers' presence in Boston due to the extensive travel time necessary. The parties have secured a location for the depositions, at no cost to the plaintiff, in Worcester County, and all defense counsel have agreed to travel to Worcester for all depositions, including those of the plaintiffs. It is solely to prevent undue

hardship to the parties and/or witnesses that the defendants request Court intervention ordering

the plaintiffs, minimally, to provide a reasonable explanation as to why they refuse to engage in

meaningful discussions in accordance with the Federal Rules to move the depositions so as to

prevent hardship to the witnesses and parties to this action.

## AS TO AUTOMATIC DISCLOSURE

The Federal Rules of Civil Procedure mandate that automatic disclosure be completed

before a party can undertake discovery in this case.  See Fed.R.Civ.P. 26, L.R. 26.2.  It was the

parties' understanding that said automatic disclosure had been completed, but it became readily

apparent at the first deposition that the plaintiffs had obtained documents which they sought to

question witnesses on but which had neither been identified nor provided prior to the

depositions.  In particular, Officer Anair, from Winchendon, was questioned about his testimony

at a criminal matter, and it appears as though the plaintiffs had a transcription of said testimony.

To allow further questioning of additional witnesses without the production of these

transcriptions, particularly where they have apparently testified, flies in the face of the stated

purpose of Rule 26 automatic disclosure.  Again, neither Mr. Stern nor Mr. Fischer has offered

any explanation for their failure to supplement their automatic disclosure, in accordance with

Fed.R.Civ.P. 26(e), while simultaneously demanding that the depositions proceed absent the

same.  The existence of the documents was unknown to the defendants when the depositions

were originally scheduled, and only became known upon questioning at the deposition of Officer

Anair.  The defendants mistakenly believed that counsel would comply with the request and

provide the requested transcriptions prior to the depositions of officers who had apparently

testified.  Presently, however, the transcriptions have not been received and there is a deposition

scheduled for Monday, May 16, 2005.  It is for that reason that the defendants request Court

intervention on an emergency basis.

WHEREFORE, based upon all of the foregoing, the defendants respectfully request

emergency intervention by this Court staying the further taking of depositions and/or any other

discovery by the plaintiffs until such time as they have complied with their obligations under

automatic disclosure.  The defendants further request that this Court either schedule this matter

for a Discovery Conference so that all present discovery issues may be resolved or, alternatively,

order that the plaintiffs comply with the requirements of Fed.R.Civ.P. 7 and 37 and substantively

participate in efforts by the defendants' counsel to resolve discovery disputes absent Court

intervention.

Respectfully submitted,

THE DEFENDANTS                          THE DEFENDANTS
CITY OF ASHBURNHAM POLICE                CITY OF WINCHENDON POLICE
DEPARTMENT, JACK MURRY,                  DEPARTMENT, WILLIAM P. GEOFFREY,
TODD C. PARSONS, ROBERT BRENNON,         KEVIN E. WOLSKI, RAYMOND M.
BRIAN HART, KEVIN AHEARN,                ANAIR AND
OFFICER JOHN DOE, OFFICER JOHN DOE       ROB HARRINGTON


By___*/s/ John Cloherty, III*_____     By___*/s/ Nancy Frankel Pelletier*_____
John J. Cloherty, Esq., of               Nancy Frankel Pelletier, Esq., of
Pierce, Davis, Perritano, LLP            Robinson Donovan, P.C.
Ten Winthrop Square                      1500 Main Street, Suite 1600
Boston, Massachusetts 02110              Springfield, Massachusetts 01115
BBO No.:  566522                         Phone (413) 732-2301  Fax (413) 785-4658
                                         BBO No.:  544402


By___*/s/  Regina M. Ryan*_____
Regina M. Ryan, Esq.,
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, Massachusetts 02110
BBO No.:  565246

400014

By_____*/s/ Andrew Gambaccini*_____
Andrew Gambaccini, Esq.
Reardon, Joyce & Ackerson, P.C.
397 Grove Street
Worcester, Massachusetts 01605
BBO No.:  654690