

FILE COPY

**Nancy Frankel Pelletier, Esq.**

(413) 732-2301 ext. 142
npelletier@robinson-donovan.com

May 11, 2005

**VIA FACSIMILE**

Mark D. Stern, Esq.
Mark D. Stern, P.C.
34 Liberty Avenue
Somerville, MA 02144

    RE:  Kenneth and Pamela Price Jean v. City of Ashburnham
           Police Department, et. al.
           Civil Action No.: 03-12306-FDS

Dear Mr. Stern:

    In response to yours of May 11, 2005, please be advised that I have never advised you that it is inconvenient for me to travel to Boston from Springfield. I have numerous cases in Boston and Worcester and frequently travel across the Commonwealth. I have repeatedly attempted to advise you that my request that the depositions be moved to Worcester has been made on behalf of my clients. As you know, this matter was initiated in Boston, despite the fact that proper venue lies in Worcester. I attempted to cause the matter to voluntarily be moved, to no avail, ultimately necessitating my filing of a motion. All of the parties in this case are within the confines of central Massachusetts and Worcester county. While the mileage may be similar, it is undisputed that the amount of time which it takes for the police officers to travel to Boston is almost twice that which it would take for them to travel to Worcester. Essentially, there is three hours of travel time involved for each officer to be deposed in Boston and/or Sommerville, and each has suggested to me that it is a hardship for them to do so. Additionally, the Chief of Police

399851

ROBINSON DONOVAN, P.C.
MAIN OFFICE: 1500 Main Street, Suite 1600 · Post Office Box 15609 · Springfield, MA 01115-5609 · 413-732-2301 · Fax: 413-785-4658
Northampton Office: 16 Armory Street · Northampton, MA 01060 · 413-587-9853
www.robinson-donovan.com

has advised me of the strain on the overtime budget imposed by attendance at these depositions as well. These are the sole reasons which I have attempted to articulate to you on numerous occasions, in support of my request to take depositions in this case in Worcester. As you know, all defense counsel in this case have requested that the depositions be taken in Worcester and we have secured a location for them. While you are correct that there is no rule mandating that these depositions be taken in any particular location, we are jointly requesting consideration of our position and, minimally, some explanation as to why our request is flatly rejected under the circumstances presented.

There is no doubt that the letter and spirit of the Federal Rules as most recently revised strongly encourages attorneys to attempt to work together to resolve discovery disputes without court intervention. It is also clear that the rules allow for court intervention to prevent hardship. We are simply requesting that, to avoid undue hardship, all parties agreed to conduct all depositions in a central location which happens to be the location in which the matter is pending and in which all parties to the litigation reside. Again, this is not for the convenience of the attorneys, but, rather, to prevent undue hardship to the parties and/or witnesses, including your clients.

On an additional note, I would request that all discovery at this point be stayed and, in the event we cannot come to some agreement as to the manner in which we will proceed, a discovery conference be convened. As you know, at the first deposition of Officer Anair it became clear that there were individuals who were not identified in your Automatic Disclosure and documents in your possession which were not produced and/or identified in Automatic Disclosure which were apparently essential to your case. I allowed you to question that officer on these issues despite the fact that the disclosure had not been presented and/or supplemented. A second deposition has now taken place and further disclosure has yet to be provided. At the first deposition, Ms. Ryan, on the record, requested that you provide all of the transcripts of the criminal matters, particularly those about which you questioned Officer Anair and which you had in your possession as of that date. To date, you have failed to supplement your Automatic Disclosure and/or provide the documents requested. It is my understanding that these transcripts contain testimony of other officers who you intend to depose although, absent the transcripts, that remains unclear. I request that you agree to postpone all further depositions until such time as you have complied with Automatic Disclosure. If we cannot agree to attempt to resolve any differences in a more amicable fashion, I would recommend a joint request for a discovery conference. We are prepared, if necessary, to file an emergency motion for a protective order.

399851

I would appreciate hearing from you by the close of business on May 12, 2005. Please note that this request is made on behalf of all defense counsel in this case.

Sincerely,

Nancy Frankel Pelletier

NFP:stk
cc: Maureen MacDonald
    John J. Cloherty, III, Esq.
    Andrew J. Gambaccini, Esq.
    Regina M. Ryan, Esq.
    Andrew M. Fischer, Esq.
9129/40158

399851