UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*******************************************
KENNETH AND PAMELA PRICE JEAN         *
         Plaintiffs                   *
                                      *
v.                                    *
                                      *
CITY OF ASHBURNHAM POLICE             *
DEPARTMENT, CITY OF WINCHENDON        *
POLICE DEPARTMENT, ROB HARRINGTON,    *
in his capacity as CHIEF OF THE WINCHENDON *  C.A. NO. 03-12306FDS
POLICE DEPARTMENT, JACK MURRY, in his *
capacity as CHIEF OF THE ASHBURNHAM   *
POLICE DEPARTMENT, TODD C. PARSONS    *
RAYMOND M. ANAIR, ROBERT BRENNON,     *
WILLIAM P. GEOFFROY, BRIAN HART,      *
KEVIN AHEARN, KEVIN E. WOLSKI         *
OFFICER JOHN DOE, OFFICER JOHN POE.   *
         Defendants                   *
*******************************************
```

## **PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Kenneth Jean hereby moves for reconsideration of the Order of the Court that all depositions of active Police Officers from Ashburnham and Winchendon be taken in Worcester County. As reason, plaintiff Kenneth Jean states that requiring that all defendants' depositions be taken in Worcester County would pose an undue hardship on the plaintiff without any countervailing benefit to the defendants that would warrant such a hardship.

Plaintiff Kenneth Jean suggests that the present order requiring his attorney to take the defendants' depositions in Worcester County is unjust order which resulted from the defendants filing their Motion for Protective Order improperly as an "Emergency Motion". This led to the Court addressing and ruling without the benefit of reviewing the defendants' opposition and reflecting upon a proper resolution, as is further set forth below.

## **ARGUMENT**

Plaintiff Kenneth Jean adopts the arguments asserted in the motion for reconsideration

filed by his co-plaintiff, but seeks to supplement those arguments with the following:

**A.  The burden placed on the plaintiffs is disproportionate to any benefit gained by the defendants**.

The underlying motion in this case was brought ostensibly to avoid burdensome travel for some ten (10) defendant police officers who were required, under local District Court rules,[1] to travel to Boston each one time for a deposition.[2]  What may not have been clear to the Court, because of the rush to address the issue as a self proclaimed "emergency" by the defendants was the tremendous cost and burden which the relief the defendants sought would have upon plaintiff's counsel.

The "relief" sought by the defendants was the twenty seven (27) minute one time saving each way to each defendant, that being the difference between driving from Winchendon or Ashburnham to Worcester rather than to the Boston office of plaintiff's counsel.[3]  To accomplish this benefit for the ten (10) defendants, fifty four (54) minutes round trip or less than an hour for each defendant, both plaintiffs' counsel would have to drive to Worcester ten times, three hours round trip each [see the Mapquest attachment for Worcester to Boston drivetime], for a total of sixty (60) hours drive time.  Sixty (60) billable hours totals is twenty one thousand ($21,000) dollars, at $350 per hour.  This is a substantial burden for the plaintiffs.

In addition, plaintiffs' counsel would be inconvenienced by having to conduct depositions out of their office, in other space, where they do not have their files, their computers, their

---

[1]Local District Court Rule 30.1 states that "Boston shall be deemed a convenient place for taking of a deposition of any person who resides, is employed, or transacts business in person" in Worcester County.

[2]The defendants raised another issue in their motion, that they had not received copies of their testimony at the underlying criminal trials of the plaintiff.  This issue has been satisfactorily resolved and is not the subject of this motion to reconsider.

[3]See attached Mapquest printouts showing drivetime from Winchendon to Worcester as 1 hour three minutes and drivetime from Winchendon to Boston as one hour thirty minutes, only twenty seven (27) minutes more.  The driving time savings from Ashburnham would be even less.

copying machines or their staff support. Although the cost of this inconvenience is difficult to calculate, the cost of renting a conference room is easily calculable, as one hundred fifty ($150) dollars a day in Worcester County. For ten (10) depositions, this cost would be an additional one thousand five hundred ($1,500.00) dollars for the plaintiffs.

Thus the financial burden alone on the plaintiffs, without considering the inconvenience and other burdens it places on plaintiffs' counsel, will be at least twenty two thousand five hundred ($22,500.00) dollars. Should the plaintiffs prevail on their civil rights claim, this cost will be shifted back to the defendants.

The Court should keep in perspective that this is a civil rights case. Plaintiff Kenneth Jean and his wife, co-plaintiff Pamela Price Jean, allege a pattern of harassment which includes multiple false arrests and beatings. These included his being arrested without probable cause and beaten while his home was burning down.

The defendants' stated reason for seeking to move their depositions to Worcester County is "the financial burden" to the defendant Winchendon Police Department, which is apparently paying its defendant officers overtime for the time they spend defending a civil rights suit against them. Without raising the *Monell* issues implied by the defendant police department's apparent acceptance and coddling of officers involved in what may still be only allegations but are without doubt serious civil rights violations, suffice it to say that the defendant department has no obligation to pay the its officers for the time they spend defending civil rights charges against them. Thus any "financial burden" is self imposed and not the consequence of complying with the Local District Court Rule, which wisely has determined that travel to Boston is not burdensome to a deponent. The defendants have offered no legitimate reason why the Court should except them from the local rule.

**B. Defendants failed to confer with plaintiff's counsel, as required by Local District Court Rule 7.1, and failed to serve the motion or give notice of the motion or its filing to plaintiff Kenneth Jean.**

The Local District Court Rules require that a moving party confer with opposing counsel and attempt to narrow issues before filing any motion with the District Court. No effort whatsoever was made to confer with the undersigned, sole counsel for plaintiff Kenneth Jean. This was not known by the Court when it considered defendants' motion.

Also not known to the Court was the fact that counsel for all parties had engaged in numerous telephone conversations regarding the scheduling and location of depositions.[4] Two of the four defense counsel, Regina Ryan of Merrick, Louison & Costello and John Cloherty of Pierce, Davis, Perritano, LLP are in Boston. Thus four of the six counsel that are attending these depositions are in Boston already and had no objection to conducting to conducting the depositions in Boston. The outcome of the rounds of phone calls was the Worcester firm of Reardon, Joyce & Ackerson, PC, was also content to have defendants' depositions taken in Boston. Only counsel from Springfield, Nancy Pelletier, voiced any displeasure in coming to Boston for defendants' depositions, but when it was pointed out that she would have to drive to Worcester, if not Boston, it was agreed or at least accepted by all counsel that Boston was the most convenient situs for defendants' depositions.

At least this was what undersigned plaintiff's counsel understood until receiving notice of the defendants' self-proclaimed "emergency motion. Not only was there no conference, as required by Local District Court Rule 7.1: defense counsel did not serve plaintiff Kenneth Jean or

---

[4] These discussions were in the weeks prior to and incident to the scheduling of the depositions and **not** in contemplation of any "emergency" motion or, for that matter, in contemplation of any motion, at all. Undersigned counsel was unaware even that defendants were aggrieved, let alone that they were brining a motion, let alone an emergency motion.

even give his counsel notice of the motion. Counsel only learned of the filing of the motion after business hours on Wednesday, May 11, 2005, by the email notice from the Court, and, due to an evidentiary hearing in state district Court on May 12, 2005, had no opportunity to prepare a response for the Court. Moreover, his prior court appearance limited plaintiff's Kenneth Jean's counsel ability to participate in the telephonic hearing, as his cell phone connection was intermittent and so sporadic that the Court was obliged to limit oral opposition to the motion to co-counsel.

Thus the failure of the defendants to comply with requirements of notice and to confer prevented the plaintiff Kenneth Jean from being able to respond at all, let alone respond adequately to the motion. Consequently, this motion to reconsider is plaintiff Kenneth Jean's first opportunity to respond to the defendants' self declared "emergency" motion. Had plaintiff Kenneth Jean been given the opportunity to respond and be fully heard thereon, the aspect of the Motion seeking to move all defendants' deposition likely would have been denied.

## CONCLUSION

For the reasons stated above, especially that defendants have shown no reason why depositions should be moved to Worcester, at great cost to the plaintiffs, this Honorable Court should reconsider and vacate its Order requiring Plaintiffs to take depositions in Worcester county rather than in Boston.

Date: May 17, 2005

Respectfully submitted,
Kenneth Jean,
by his counsel,

/s/ Andrew M. Fischer
Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

Afischer@jasonandfischer.com

CERTIFICATE OF SERVICE

    I Andrew M. Fischer, hereby certify under the pains and penalties of perjury that on the above date I sent by regular mail, postage pre paid a copy of the foregoing documents to the individual listed below:

Nancy Frankel Pelletier
Robinson Donovan, P.C.
1500 Main Street - Suite 1600
Springfield, MA 01115

John J. Cloherty, III
Pierce, Davis, Perritano, LLP
Ten Winthrop Square
Boston, MA 02110

Regina M. Ryan
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

Austin M. Joyce
Reardon, Joyce & Ackerson, P.C.
397 Grove Street
Worcester, MA 01605

    /s/ Andrew M. Fischer
    Andrew M. Fischer

jean\mtn4reconsideration-ken