# MARK D. STERN, P.C.

34 LIBERTY AVENUE • SOMERVILLE, MA 02144 • (617) 776 4020 • FAX: (617) 776 9250 • email: markdsternpc@rcn.com

May 17, 2005

Martin Castles
Courtroom Clerk
United States District Court
for the District of Massachusetts
Harold D. Donohue Federal Bldg and Courthouse
595 Main Street, suite 502
Worcester, MA 01608

                Re:    Jean v. Town of Ashburnham Police Dept., et al.
                      Docket No. 2003 CV 12306-FDS

Dear Mr. Castles:

      Yesterday I mailed the Court Plaintiff Pamela Jean's Motion for Reconsideration. Please advise the Court, on reflection, I am troubled by my choice of three words/phrases used therein and believe a different choice would have been more appropriate. I respectfully request you present this letter to the Court along with the motion so that it is not misconstrued.

      As indicated below, I drafted the motion for reconsideration before having information leading me to come to two of these conclusions stated below, and erred in not revising the motion thoroughly enough thereafter to reflect the new information I obtained yesterday.

      I wish to emphasize that these changes are in what I perceive to be by far the least important argument presented.[1] Notwithstanding that fact I would like the record before the Court to be entirely accurate and will fax this letter to all counsel so that they have the changes in advance of receiving the motion which I mailed to them yesterday.

      First, in footnote 9 on page six I use the word "plainly" as a modifier. In light of the distinction between the Towns and their insurance companies drawn for me for the first time by Ms. Pelletier in our May 16, 2005 conference of the motion for reconsideration, I believe it would have been more appropriate for me to have written the "claim of alleged financial burden I perceived to be plainly specious at that time."[2]

---

      [1] As indicated below, I think it even less important today than I did yesterday.

      [2] After my conversation with Ms. Pelletier, I made a number of changes in the draft of the motion to reference Towns and/or their insurance carriers, but did so by a word search for the word "Towns." Since that search did not lead me to this one statement in the footnote, I inadvertently failed to make the change therein.

      Second, in the text on the same page, at line six, I use the word "required" in reference to the determination to depose the police officers in the locale within Worcester County closest to Boston. On reflection it would have been more appropriate to say that the choice was based only in part to avoid the probability of suffering otherwise unnecessary physical pain.[3] It is not "required" in that I could choose to take the chance that I would not have the pain on any given day and/or to endure the discomfort and/or pain,[4] and on other occasions have determined that on balance that I would or should make such a choice.[5]

      Finally, after reviewing the Mapquest entry attached hereto, which I had not obtained before the end of the day yesterday, I have determined that the use of the phrase "virtually none or very little" at the bottom of page six is inappropriate. It would be more accurate to have said "... it will result in somewhat less of the allegedly-intended cost savings to the Towns..."

      I regret not having been more careful in the first instance and not having caught these errors before I sent in the motion. I hope the fact that they were made in a minor argument does not detract from the four, far more important arguments presented to the Court on pages two through five of the motion.

Cordially,

Mark D. Stern

cc.    By fax transmission to Andrew M. Fischer; Nancy Frankel Pelletier; John J. Cloherty, III; Douglas I. Louison and Regina M. Ryan; Michael Akerson and Austin M. Joyce; Pamela Price Jean

---

[3] The considerable cost to Plaintiffs and their Counsel of driving an additional twenty minutes each way into Worcester County on a dozen occasions was also taken into consideration. To be entirely truthful consideration was also given to the convenience to Ms. Pelletier, the ultimate cost to the Towns when and if Plaintiffs prevail, and environmental issues which are always considered by this Counsel when unnecessary automobile travel is involved, though none of these latter three minor considerations were deemed sufficiently important to warrant the motion, and none were asserted as a basis for the motion.

[4] On many occasions I suffer no pain at all when driving for more than forty five minutes. On other occasions I have to interrupt driving because the pain becomes so bad; I can then resume driving after a five or ten minute break. Even on such occasions I can continue thereafter to drive, though it usually remains intensely uncomfortable. Hence, I am never precluded from driving provided I leave enough time for at least one or two such breaks per hour; and hence the use of the word "required" was inappropriate.

[5] For two examples, in December 2002 I chose to endure such pain to take what would ordinarily be a three hour drive to and from my uncle's funeral in Westchester County, New York; it took me nearly five and a half hours to make the trip one way and four hours to return though there was no traffic in either direction. On the other hand, my wife owns a home in southern Maine and I sometimes choose to make that seventy five minute drive in my own car so that we can go or return at different times; on many of these occasions I have suffered minimal discomfort or no pain at all

**START** Winchendon, MA US     **END** Westborough, MA US

| Maneuvers | Distance |
|---|---|
| **1:** Start out going SOUTHWEST on CENTRAL ST/US-202 toward POND ST. | 0.4 miles |
| **2:** Turn LEFT onto SPRING ST/MA-12. | 2.3 miles |
| **3:** SPRING ST/MA-12 becomes MA-140 S. | 9.5 miles |
| **4:** Merge onto MA-2 E toward FITCHBURG/PRINCETON. | 11.8 miles |
| **5:** Merge onto I-190 S via EXIT 33 toward LEOMINSTER/WORCESTER. | 2.5 miles |
| **6:** Take the RT-117 E exit- EXIT 7- toward LANCASTER. | 0.2 miles |
| **7:** Turn LEFT onto NEW LANCASTER RD/MA-117. Continue to follow MA-117. | 8.0 miles |
| **8:** Merge onto I-495 S toward MARLBORO/TAUNTON. | 10.3 miles |
| **9:** Merge onto MA-9 W/TURNPIKE RD via EXIT 23B toward WORCESTER. | 1.6 miles |
| **10:** Turn SLIGHT RIGHT onto ramp. | 0.1 miles |
| **11:** Turn RIGHT onto MA-30 W/E MAIN ST. | 1.5 miles |
| **12:** MA-30 W/E MAIN ST becomes MA-135. | 0.1 miles |
| **13:** Turn SHARP LEFT onto MILK ST/MA-135. | <0.1 miles |
| **14:** Turn RIGHT onto GROVE ST. | 0.1 miles |
| **15:** End at Westborough, MA US | |

**Total Est. Time:** 1 hour, 8 minutes     **Total Est. Distance:** 48.83 miles