UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH JEAN and PAMELA PRICE JEAN, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF ASHBURNHAM POLICE DEPARTMENT, TOWN OF WINCHENDON POLICE DEPARTMENT, ROB HARRINGTON, in his capacity as CHIEF OF THE WINCHENDON POLICE DEPARTMENT, JACK MURRAY, in his capacity as CHIEF OF THE ASHBURNHAM POLICE DEPARTMENT, TODD C. PARSONS, RAYMOND M. ANAIR, ROBERT BRENNAN, WILLIAM P. GEOFFROY, BRIAN HART, KEVIN AHEARN, KEVIN E. WOLSKI, OFFICER JOHN DOE, OFFICER JOHN POE, <br><br> Defendants. | CIVIL ACTION NO. 03-12306-FDS |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTIONS
FOR RECONSIDERATION OF THIS COURT'S MAY 13, 2005 PROTECTIVE ORDER**

Now come the Defendants, by and through their undersigned counsel, and hereby oppose the Plaintiffs' motions for reconsideration of this Court's May 13, 2005 discovery order as that order concerns the location of future depositions of active law enforcement officers in connection with this litigation.[1] Contrary to the assertions of the Plaintiffs, the order of this Court was neither "unjust" (Pl. Kenneth Jean's Mot. for Reconsid., p. 1) nor was the issuance of the order and its parameters ill-considered. (Pl. Pamela Jean's Mot. for Reconsid., pp. 1-2)

---

[1] In the interest of efficiency, this Joint Opposition is filed in response to the motions filed by Plaintiff Pamela Jean as well as Plaintiff Kenneth Jean.

(describing the order as "not well considered"). Moreover, as is evidenced by a review of the substance of the Plaintiffs' motions for reconsideration, the Plaintiffs' requests are improper as they advance arguments that either were made by the Plaintiffs previously, and found unpersuasive by this Court, or properly should have been raised by the Plaintiffs during this Court's telephonic hearing on the Defendants' Emergency Motion for Protective Order and/or Request for Discovery Conference.

## I.   STANDARD OF REVIEW

As the First Circuit Court of Appeals has noted, "District judges need wide latitude in designing protective orders, and the Federal Rules of Civil Procedure reflect that approach. Rule 26 (c) generously permits 'for good cause shown' the making of 'any order which justice requires' to protect against annoyance, embarrassment or undue burden occasioned by discovery. The district court has 'broad discretion' to decide 'when a protective order is appropriate and what degree of protection is required' . . . and great deference is shown to the district judge in framing and administering such orders." (Citations omitted.) *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 532 (1st Cir. 1993). For the reasons advanced by the Defendants in their written request for a protective order, and during the subsequent telephonic hearing, this Court properly exercised its discretion in its May 13, 2005 order, and the Plaintiffs' motions for reconsideration should be denied.

## II.   COUNSEL FOR THE PLAINTIFFS WERE AWARE OF THE LONGSTANDING DISPUTE OVER DEPOSITION LOCATION, THE MATTER WAS THE SUBJECT OF A MULTITUDE OF CONFERENCES AND PLAINTIFFS' COUNSEL WERE ADVISED OF THE DEFENDANTS' INTENT TO SEEK EMERGENCY JUDICIAL INTERVENTION

For quite some time during the course of this litigation, the existence of a dispute as to

the appropriate location for the taking of depositions has been evident and this dispute has been the subject of numerous communications between counsel for the Plaintiffs and defense counsel. (*See, e.g.,* May 11, 2005 correspondence from Mark Stern to defense counsel, attached to Plaintiff Pamela Jean's Motion for Reconsideration, stating that "in regard to this request I have conferred with some or all of you on no less than five and as many as seven occasions regarding this demand/request on your parts . . . .") Although two depositions already had taken place as of the time of the Defendants' filing of their request for a protective order; one in Somerville and one in Boston; this debate over location had not abated and, in fact, had intensified as to further depositions in the days leading up to the Defendants' request for a protective order. (*See* May 11, 2005 correspondence from Mark Stern.)

As relevant to the Motion for Reconsideration filed on behalf of Plaintiff Kenneth Jean, in which the argument is made that defense counsel failed to confer personally with Attorney Fischer in advance of the filing of the Emergency Motion for Protective Order and/or Request for Discovery Conference, it is true that no verbal communications with Attorney Fischer took place immediately preceding the filing of the request for a protective order; however, the insinuation that any counsel to this matter was unaware of the continuation of the dispute over location, or the Defendants' intention to seek emergency judicial intervention, is false. Prior to the filing of the request for a protective order, written correspondence was exchanged on this very subject and all counsel was copied on such correspondence, including Attorney Fischer. (*See* May 11, 2005 correspondence from Mark Stern; see also May 11, 2005 correspondence from Attorney Pelletier, attached hereto and marked as Exhibit A.)

Given the number of attorneys involved in this litigation, in the days preceding the filing

of the request for a protective order, Attorneys Pelletier and Ryan were authorized to speak on behalf of the remaining defense counsel and, based on the litigation conduct thus far, they possessed a good faith belief that Attorney Stern spoke not only on behalf of himself, but also spoke for Attorney Fischer on the subject of deposition location. Indeed, it is worthy of note that, as to any prejudice flowing from a failure to confer properly, although Attorney Fischer's Motion for Reconsideration contends that defense counsel did not confer with him in advance of filing the request for a protective order, the Motion in no way indicates that his position on the location issue deviates, or has deviated at any time, from that taken by Attorney Stern. In fact, quite the opposite, Attorney Fischer's Motion for Reconsideration expressly adopts those arguments made in the Motion filed by Attorney Stern. (Pl. Kenneth Jean's Mot. for Reconsid., p. 1.)

As to the broader issue raised by Plaintiffs' counsel, that they received inadequate notice of the Defendants' intent to seek *emergency* intervention by this Court, that notion is belied by Attorney Pelletier's May 11, 2005 correspondence. (*See* Exhibit A.) After articulating the factors bearing upon the Defendants' joint request on the subject of deposition location, Attorney Pelletier wrote: "We are prepared, if necessary, to file an emergency motion for a protective order." (Exhibit A, p. 2.) In response to that correspondence from Attorney Pelletier, correspondence from Attorney Stern was received by defense counsel, also dated May 11, 2005 and as attached to Plaintiff Pamela Jean's Motion for Reconsideration, that expressed his intent to seek Rule 11 sanctions should a defense motion be filed on the subject of deposition locations. Following that correspondence, and once it had become clear that adequate resolution of the matter reasonably could not be expected to be forthcoming, the emergency request was filed.

The request was made on an emergency basis because, as this Court was made aware, the request was being filed on May 12, 2005 and the next scheduled deposition was to take place on May 16, 2005. Put simply, Plaintiffs' counsel were aware not only that the dispute over deposition locations continued, but that it was the Defendants' intention to seek relief from this Court on an emergency basis.

### III. THE PLAINTIFFS' MOTIONS FOR RECONSIDERATION CONTAIN NO GROUNDS SUFFICIENT TO WARRANT THIS COURT'S MODIFICATION OF ITS MAY 13, 2005 PROTECTIVE ORDER

A review of the Plaintiffs' motions for reconsideration reveal that the essence of the requests consist of little more than a rehashing of the same arguments previously considered by this Court during the May 13, 2005 telephonic hearing on the Defendants' Emergency Motion for Protective Order and/or Request for Discovery Conference.[2] The Court, after hearing from Plaintiffs' counsel on their objections to the Defendants' request for relief,[3] exercised its considerable discretion in the issuance and crafting of a protective order pursuant to

---

[2] In order to ensure an accurate record, this Court should be advised that, with regard to those portions of the Plaintiffs' motions focused upon the financial burden to the Plaintiffs in renting space in Worcester County for the taking of depositions, the firm of Reardon, Joyce & Akerson, P.C., has expressed, on more than one occasion, its willingness to provide a conference room at no charge. In addition, as it relates to the Plaintiffs' counsels' comments that any burden upon the municipal Defendants relating to overtime or travel payments to individual officers being deposed in connection with this matter is self-imposed, counsel for the Plaintiffs have no knowledge regarding the contractual or other obligations that these municipalities have to their police officers.

[3] Although Attorney Fischer's participation in the telephonic hearing was limited by virtue of his use of a cell phone, the manner of his appearance on May 13, 2005 was a function of his own decision to use a cell phone. In any event, as discussed earlier, at no time has Attorney Fischer indicated that his position on this matter, or the arguments that he seeks to advance in support of that position, differs materially from that of Attorney Stern, who did participate fully in the telephonic hearing.

Fed.R.Civ.P. 26 (c) and the Plaintiffs, through their motions for reconsideration, have done little to change the landscape from that which was surveyed by this Court on May 13, 2005.

As to the one issue raised within Plaintiff Pamela Jean's Motion for Reconsideration that was not present in this Court's initial consideration of the issue, Attorney Stern's medical concerns, it is important to note that Attorney Stern himself, in correspondence to this Court dated May 17, 2005, characterized this point as "what I perceive to be by far the least important argument presented," further intimating that he thought the issue was "even less important today than I [thought it] yesterday." (*See* May 17, 2005 correspondence of Attorney Stern to Martin Castles, Docket Entry No. 48.) Suffice it to say for present purposes that Attorney Stern, who, prior to this time had not advised defense counsel of any physical ailment that operates to limit his involvement in this litigation, has agreed to represent a Worcester County client in connection with allegations made against a number of Worcester County Defendants in a matter pending before the federal court in Worcester.

In evaluating the Plaintiffs' motions for reconsideration, this Court may seek guidance from federal precedent in the area of motions to alter or amend a judgment pursuant to Fed.R.Civ.P. 59 (e). In that context, the United States Court of Appeals for the First Circuit, reviewing case law arising out of Fed.R.Civ.P. 59 (e), has remarked that cases interpreting the Rule state "no more than the proposition that Rule 59 (e) does not allow the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *National Metal Finishing Company v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990). The Plaintiffs have done precisely that in their motions for reconsideration and this Court should affirm its earlier order.

## IV. CONCLUSION

WHEREFORE, the Defendants respectfully request that the Plaintiffs' Motions for Reconsideration be denied.

| | |
|---|---|
| Defendants Jack Murray, Todd Parsons and Robert Brennan,<br>By their attorneys, | Defendants Town of Ashburnham Police Department, Jack Murray, Todd Parsons, Robert Brennan and Kevin Ahearn,<br>By their attorneys, |
| /s/ Andrew J. Gambaccini | /s/ John J. Cloherty |
| Michael J. Akerson<br>BBO #: 558565<br>Andrew J. Gambaccini<br>BBO #: 654690<br>Reardon, Joyce & Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>(508) 754-7285 | John J. Cloherty<br>BBO #: 566522<br>Pierce, Davis & Perritano, LLP<br>Ten Winthrop Square<br>Boston, MA 02110<br>(617) 350-0950 |
| Defendants Town of Ashburnham Police Department, Jack Murray, Todd Parsons, Robert Brennan and Kevin Ahearn,<br>By their attorneys, | Defendants Town of Winchendon Police Department, Rob Harrington, Raymond M. Anair, William P. Geoffroy and Kevin E. Wolski,<br>By their attorney, |
| /s/ Regina M. Ryan | /s/ Nancy Frankel Pelletier |
| Douglas I. Louison<br>BBO #: 545191<br>Regina M. Ryan<br>BBO #: 565246<br>Merrick, Louison & Costello, LLP<br>67 Batterymarch Street<br>Boston, MA 02110<br>(617) 439-0305 | Nancy Frankel Pelletier<br>BBO #: 544402<br>Robinson Donovan, P.C.<br>1500 Main Street, Suite 1600<br>Springfield, MA 01115<br>(413) 732-2301 |