UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENNETH JEAN and PAMELA PRICE JEAN, | : : : | CIVIL ACTION NO. 03-12306-FDS |
| Plaintiffs, | : : | |
| v. | : : | |
| TOWN OF ASHBURNHAM POLICE DEPARTMENT, TOWN OF WINCHENDON POLICE DEPARTMENT, ROB HARRINGTON, in his capacity as CHIEF OF THE WINCHENDON POLICE DEPARTMENT, JACK MURRAY, in his capacity as CHIEF OF THE ASHBURNHAM POLICE DEPARTMENT, TODD C. PARSONS, RAYMOND M. ANAIR, ROBERT BRENNAN, WILLIAM P. GEOFFROY, BRIAN HART, KEVIN AHEARN, KEVIN E. WOLSKI, OFFICER JOHN DOE, OFFICER JOHN POE, | : : : : : : : : : : : : | |
| Defendants. | : : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE TRUE NAME OF JOHN DOE DEFENDANT, FILED ON AUGUST 1, 2005**

Now come the Defendants,[1] by and through their undersigned counsel, and hereby oppose the Plaintiffs' motion[2] to name Gregory Gushlaw, formerly of the Ashburnham Police Department, as the John Doe Defendant previously unidentified by the Plaintiffs in their

---

[1] Defendants Town of Ashburnham Police Department, Jack Murray, Todd C. Parsons, Robert Brennan, Brian Hart, and Kevin Ahearn.

[2] Prior to filing this Motion to Substitute True Name of Defendant, Plaintiffs' counsel failed to confer with Defendants' counsel in an attempt to resolve or narrow the issue presented. *See* LR, D.Mass. 7.1 (A) (2) ("No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."). Despite this procedural infirmity, the Defendants will respond to the merits of the Plaintiffs' motion.

Complaint, Amended Complaint, Second Amended Complaint and proposed Third Amended Complaint.[3]

Following the December 6, 2004 scheduling conference in this matter, this Court entered an order that the parties were to file amendments to the pleadings no later than December 31, 2004. Should amendments be sought subsequent to that date, this Court further advised that leave would be granted only upon demonstrated "good cause" sufficient to justify the untimely attempt at modification. Now, for the second time since the passage of the December 31, 2004 deadline, the Plaintiffs seek leave to amend their operative complaint. This Court should deny the Plaintiffs' motion because, given the justification advanced in support of the request to amend, the motion is untimely and lacking in the good cause necessary to overcome the procedural bar of this Court's December 31, 2004 deadline.

As a review of the Plaintiffs' two page motion reveals, the reason advanced by the Plaintiffs as the basis for seeking leave to identify Mr. Gushlaw as the John Doe Defendant is that, although Mr. Gushlaw "was identified, albeit not by his true name, in the original complaint," the Plaintiffs "did not learn the true name of this defendant until" several depositions that were conducted in June, 2005. Mot. to Substitute, p. 1. Whereas the Plaintiffs' motion itself does not set forth the particular conduct that the Plaintiffs allege Mr. Gushlaw to have engaged in, but does state that the alleged conduct already has been identified in the operative complaint, it is necessary to review that pleading in order to assess the motion.

In the Second Amended Complaint, as in the previous complaints, there is just one

---

[3]The Plaintiffs' motion for leave to file a Third Amended Complaint, opposed by the Defendants jointly, currently remains pending before this Court.

paragraph in which the conduct of which the Plaintiffs complain allegedly were committed by "two currently unidentified [o]fficers of the Ashburnham Police Department." Second Amended Complaint, ¶ 14. This portion of the Second Amended Complaint alleges that these unidentified Ashburnham officers illegally entered Plaintiff Kenneth Jean's home "under the guise of serving a restraining order," and, during a subsequent search of the premises, discovered marijuana. Id. Apparently, given the instant motion's reference to the operative complaint, the Plaintiffs now seek to substitute Mr. Gushlaw as a named participant to this challenged conduct insofar as his name was unknown to the Plaintiffs prior to the June, 2005 depositions conducted in connection with this litigation. This justification is demonstrably false.

Putting aside the issue as to whether, prior to this litigation, the Plaintiffs and their counsel were aware, or should have been aware, of the identities of the Ashburnham officers, including Mr. Gushlaw, involved in this incident,[4] the fact of the matter is that the Plaintiffs, and their counsel, were advised of Mr. Gushlaw's identity and involvement with Mr. Jean in this very incident early in this litigation and, importantly, prior to this Court's December 31, 2004 deadline for amendments to the pleadings.

Specifically, within the Defendant Town of Ashburnham's Local Rule 26.1 (B) (2) Disclosure, served upon counsel on November 29, 2004, Gregory Gushlaw of the Ashburnham Police Department was identified as an individual then known "to have witnessed the transaction or occurrence giving rise to the litigation or to have substantial discoverable information about the claims or defenses." See Defendants' Local Rule 26.1 (B) (2) Disclosure, appended hereto as

---

[4] Given that, as a result of this incident, Plaintiff Kenneth Jean was arrested for marijuana possession, prosecuted criminally for the offense and thereafter pleaded guilty to the charge.

-3-

"Exhibit A." Admittedly, this identification in the Local Rule 26.1 (B) (2) Disclosure, although surely naming Mr. Gushlaw as an individual with knowledge of the facts underlying this litigation, did not identify Mr. Gushlaw as an individual involved in the incident described in Paragraph 14 of the Second Amended Complaint. That nexus, however, was provided by the Defendant Town of Ashburnham's Local Rule 26.2 (A) Disclosure and appended documents, also served on November 29, 2004. Within the materials provided in those Automatic Disclosures are: (1) a dispatch log entry sheet regarding the October 2, 1999 service of a restraining order upon Plaintiff Kenneth Jean at his home that includes the name of Mr. Gushlaw as one of the two officers serving the order and involved in the subsequent arrest of Plaintiff Kenneth Jean for possession of a class D substance; (2) a two page arrest report and a two page incident report regarding the service of the order and the arrest of Plaintiff Kenneth Jean, both of which also identify Mr. Gushlaw as an involved officer; and, notably, (3) a two page narrative by Mr. Baranowski, identifying Mr. Gushlaw as the other officer involved in the incident, and a one page narrative filed by Mr. Gushlaw himself, describing his personal involvement in the service of the restraining order and the subsequent arrest. *See* Exhibit B, appended hereto.

Put bluntly, even assuming that the Plaintiffs and their counsel were unaware of the identity of Mr. Gushlaw prior to the initiation of this litigation, despite being aware of the allegedly wrongful conduct itself and including it within the Complaint, these Automatic Disclosures undeniably apprised Plaintiffs' counsel of Mr. Gushlaw's identity, as well as providing Plaintiffs' counsel with a detailed linkage between Mr. Gushlaw and the incident alleged in the Complaint and successor complaints to have been committed by the "unidentified" Ashburnham officers. With the reasonable exercise of diligence, Plaintiffs' counsel had more

than ample time to amend the pleadings to identify Mr. Gushlaw in advance of this Court's December 31, 2004 deadline, including within the Plaintiffs' Second Amended Complaint, filed with this Court on or about December 7, 2004. Indeed, this Court should take notice of the fact that, since the service of these Automatic Disclosures, in addition to the passage of more than eight (8) months time, the Plaintiffs twice have amended, or sought leave to amend, the operative complaint—on neither occasion did the Plaintiffs seek to substitute Mr. Gushlaw for an unidentified Defendant.

The Plaintiffs' request for leave to substitute Mr. Gushlaw as a named party to this litigation follows months of actual or constructive awareness of both Mr. Gushlaw's identity and his involvement in the incident alleged in the original Complaint. The Plaintiffs' failure to seek amendment of the pleadings to substitute Mr. Gushlaw as a named party prior to the instant motion, and in compliance with this Court's December 31, 2004 deadline, exhibits a lack of reasonable diligence in the prosecution of this matter. Accordingly, the Defendants respectfully request that the Plaintiffs' Motion to Substitute True Name of Defendant be denied.

| | |
|---|---|
| Defendants Jack Murray, Todd Parsons and Robert Brennan, By their attorneys, | Defendants Town of Ashburnham Police Department, Jack Murray, Todd Parsons, Robert Brennan, Brian Hart and Kevin Ahearn, By their attorneys, |
| /s/ Andrew J. Gambaccini<br>Michael J. Akerson<br>BBO #: 558565<br>Andrew J. Gambaccini<br>BBO #: 654690<br>Reardon, Joyce & Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>(508) 754-7285 | /s/ John J. Cloherty<br>John J. Cloherty<br>BBO #: 566522<br>Pierce, Davis & Perritano, LLP<br>Ten Winthrop Square<br>Boston, MA 02110<br>(617) 350-0950 |

Defendants Town of Ashburnham
Police Department, Jack Murray,
Todd Parsons, Robert Brennan, Brian Hart
and Kevin Ahearn,
By their attorney,

/s/ Regina M. Ryan
Regina M. Ryan
BBO #: 565246
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305