UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| KENNETH AND PAMELA PRICE JEAN, | ) | CIVIL ACTION NO. 03-12306-FDS |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ASHBURNHAM POLICE | ) | |
| DEPARTMENT, CITY OF WINCHENDON | ) | |
| POLICE DEPARTMENT, ROB HARRINGTON, | ) | |
| in his capacity as CHIEF OF THE WINCHENDON | ) | |
| POLICE DEPARTMENT, JACK MURRAY, in his | ) | |
| capacity as CHIEF OF THE ASHBURNHAM | ) | |
| POLICE DEPARTMENT, TODD C. PARSONS, | ) | |
| RAYMOND M. ANAIR, ROBERT BRENNON, | ) | |
| WILLIAM P. GEOFFROY, BRIAN HART, | ) | |
| KEVIN AHEARN, KEVIN E. WOLSKI, | ) | |
| OFFICER JOHN DOE, OFFICER JOHN POE, | ) | |
|     Defendants | ) | |
| _____ | ) | |

**DEFENDANT TOWN OF ASHBURNHAM'S MOTION FOR CRIMINAL OFFENDER
RECORD INFORMATION, CONVICTION DATA, ARREST
REPORTS, AND PROBATION RECORDS OF PLAINTIFF PAMELA PRICE JEAN**

Now comes the Defendant Town of Ashburnham and hereby moves this Court for an Order

granting access to Plaintiff Pamela Price Jean's adult Criminal Offender Record Information

("CORI"), including all criminal record information, all conviction data, all arrest reports, and all

probation records. In support of this Motion, Defendant states:

1.    Under Massachusetts law a general grant of access was approved by the Criminal History

    Systems Board that permits attorneys of record in civil litigation to request criminal records

    for the purposes of witness impeachment and/or trial strategy. See, Mass. Gen. L. ch. 6 §

    172(c); see also, Schuurman v. Town of North Reading, 139 F.R.D. 276, 277-78 (D.Mass.

    1991) (finding that prior convictions are admissible to impeach any witness, including

plaintiffs testifying on their own behalf and, therefore, discovery of the plaintiff's criminal records is reasonably calculated to lead to the discovery of admissible evidence); see also Mass. Gen. L. ch. 233 § 21 (providing that the credibility of a witness may be impeached by showing that he has been convicted of a crime).

2.    Under the Federal Rules of Evidence, evidence of a prior conviction is admissible for the purpose of attacking the credibility of a witness. See Fed. R. Cvi. P. 609.

3.    In this case, Plaintiff asserts various tort claims in her Complaint against the Defendants, as well as three Counts alleging Civil Rights violations. The tort claims are filed against all the individual police officers, with the exception of the last Count alleging defamation of character. The three Civil Rights Counts consist of a claim under the Federal Civil Rights law, 42 U.S.C. §1983, against the individual police officers, a separate claim under §1983 against the municipal defendants, and lastly a claim under the State of Massachusetts Civil Rights Act. See Pl.'s Compl.

4.    The Plaintiff's Complaint centers on her arrests for various charges by the Police Departments of the Towns of Winchendon and Ashburnham. See Pl.'s Compl.

5.    Pamela Price Jean, as Plaintiff, is expected to testify at trial and has provided answers to interrogatories propounded by the Defendant Town of Ashburnham.

6.    In her answers to Interrogatories propounded by the Defendant Town of Ashburnham, plaintiff Pamela Price Jean acknowledged she had previously been arrested in other jurisdictions. See P. Price Jean Answer to Interrogatory number 4. (attached hereto as **Exhibit A**).

7.    In order to adequately defend against Plaintiff's allegations, it is vital that Defendant has

access to Pamela Price Jean's criminal record information, conviction data, arrest reports and Board of Probation records in order to effectively conduct cross-examination at trial.

8.    The due process clause of the Fourteenth Amendment of the United States Constitution and Article XI of the Declaration of Rights to the Massachusetts Constitution (remedies by recourse to the law, to be free, complete and prompt) requires that the Defendant have access to this information.

9.    As reflected in the accompany attorney affidavit, Defendant's counsel certifies the CORI information will only be used for authorized purposes, such as trial strategy and cross examination concerning bias, and/or impeachment purposes, and it will not be disseminated to any unauthorized persons.

WHEREFORE, Defendant Town of Ashburnham respectfully requests that this Court issue an Order granting Defendant access to all of Pamela Price Jean's criminal record information, conviction data, arrest reports and Board of Probation records.  A copy of a proposed Order is attached hereto.

Defendant,
TOWN OF ASHBURNHAM,
By its attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Cloherty III, BBO #566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 7/26/05                .

3

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KENNETH AND PAMELA PRICE JEAN | \* |
| Plaintiffs | \* |
| | \* |
| v. | \* |
| | • |
| CITY OF ASHBURNHAM POLICE DEPT. et al. | \* |
| Defendants | \* |

C.A. NO. 03-12306MLW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF PAMELA JEAN'S ANSWERS TO INTERROGATORIES PROPOUNDED BY DEFENDANT TOWN OF ASHBURNHAM

Plaintiff objects to the interrogatories to the extent that they call for disclosure of work product and/or attorney client privileged, and/or husband-wife privileged communications. Plaintiff also objects to those interrogatories and subparts in excess of twenty-five, but has responded to them on the understanding that they count as interrogatories from the individual defendants as well as from the town..

1) State your full name, and the name you customarily use, your residence address and telephone number at the present time, your social security number and your date of birth, place of birth (City, County and State, or what Country), and the exact name appearing on your birth certificate.

**ANSWER**

> Pamela Jean Jean
> Pamela Jean
> 141 Ashby Rd.
> P.O. Box 237
> Ashburnham, MA 01430
> 978 827 3344
> 12 27 61
> Ishpheming, MI
> Pamela Jean Nesgoda

2) List in chronological order the addresses at which you have resided in the past ten years, indicating the approximate dates at each address, commencing with the present.

**ANSWER**

| | |
|---|---|
| 141 Ashby Rd., Ashburnham, MA | 3-99 to present |
| 212 Baldwinville St. Rd., Winchendon, MA | 1995 to 3-99 |

3) Please state, in connection with your marital status:

(a) Whether single, married, widowed or divorced;

**ANSWER**

Married

(b) If married, give the full name and age of your spouse and date and place of marriage, and last known address of spouse, if separated;

**ANSWER**

Kenneth R. Jean        age 48        3-28-01 in Negril, Jamaica

(c) If you have any children, give the names and ages of your children, and identify who has custody of them;

**ANSWER**

| | | |
|---|---|---|
| Kyle Price | age 15 | Joint custody with ex husband Stephen M. Price |
| Zebadiah Scott Skripick | age 26 | |

(d) If you have ever been married to someone else, other than in your answer to (b) above, list to whom, when and where, for what approximate period of time by dates, and whether the marriage(s) were terminated by death, divorce or annulment.

**ANSWER**

| | | | |
|---|---|---|---|
| Stephen M. Price | 4-89 in Midland, MI | 4-89 to 4-99 | Divorced |
| Kevin Ritter | 2 years Midland, MI | | Divorced |

4) If you have ever been arrested or convicted for a felony and/or misdemeanor describe the arrest(s) and offenses(s) and when and where they occurred, and under what name or names you were arrested or convicted, and when and in what city, county, state and country.

**ANSWER**

In Michigan around 1990, I was arrested for driving under the influence. In 1985, I was assaulted and charged with an offense while I was in a crowd observing police trying to arrest someone and was pushed into the police. I do not know for certain the specific charges or the outcomes thereof. More recently I have been detained or arrested only on the following dates for the following charges, all in Massachusetts, USA in the towns indicated. I was at various times referred to as Pamela Price as well as by my proper name. The docket numbers of the Court proceedings are indicated in my answer.

| 11-29-00 | Protective Custody | Winchendon | NA |
| 3/23/01 | DUI, 2 A&B's on P.O.'s, and A&B w/ dangerous weapon[1] | Winchendon | Not Guilty  0170CR0214 |
| 5/23/01 | DUI resisting arrest, & A&B w/ dang. weapon, Operating after a Suspended License | Winchendon, and then Ashburnham | Dismissed, then motor vehicle related charges reissued and then dismissed again |
| 12/14/01 | **Pam**: disorderly;  2 counts A & B on P.O.; resisting arrest | Ashburnham | Not Guilty Docket Number 0170CR0632 |

5) Please state whether you have experienced substance abuse problems, including alcohol or drugs, and/or have you ever sought treatment or counseling of any kind for such problems, within ten (10) years of the date of the incidents described in your complaint. If so, describe:

**ANSWER**

No

(a) The nature of the drug or alcohol use;

**ANSWER**

NA

(b) The dates or times the problems were experienced; and

**ANSWER**

NA

(c) The treatment or counseling received.

**ANSWER**

NA

6) Please identify by case name, docket number, court or agency, and date all lawsuits or legal actions in which you have been a plaintiff or defendant, as well as the outcome of such lawsuits (i.e. whether pending or concluded by dismissal, settlement, jury trial), and whom (which party(ies)) the outcome favored.

**ANSWER**

See Answer to Interrogatory #4

7) Describe all of the injuries and complaints, of any nature whatsoever [whether objective or subjective], that you allege resulted from the incidents described in your Complaint, including

---

[1] I may also have been charged with Disorderly Conduct, and Resisting Arrest.

both those injuries of which you or your doctors are now aware or of which you or your doctors now suspect, including but not limited to the following specific details:

(a) List and describe each specific detail, giving the exact location within or upon your body of all injuries, and the nature of your complaint [whether physical, dental, emotional, nervous, mental or psychological].

**ANSWER**

I suffered bruises, abrasions, cuts, a broken foot, and severe emotional distress.

(b) If you have completely recovered from each such injury and complaint, state the date you recovered from such injury or complaint.

**ANSWER**

I have completely recovered from the physical injuries. I recovered from the bruises and abrasions within days or weeks after the injury, I recovered from the broken foot within months after the injury. I have not recovered from the emotional injuries.

(c) Identify or separately list all of your present disabilities and complaints [whether objective or subjective], the frequency and duration of your complaints of pain, etc., the location of and degree of any limitations you now have, and a detailed description of any medical condition you have at the present time, which you attribute to the incidents.

**OBJECTION**

Plaintiff objects to the terms "disabilities" and "complaints"as vague, and to the term "complaints" as overly broad. Notwithstanding those objections and specifically reserving them, she answers:

**ANSWER**

The emotional injuries I have suffered are disabling. The pain is frequent and the duration continual. It has limited me in virtually of normal life activities and along with a negative "CORI" report limited my ability to work. Specifically, there have been periods of time lasting a few months such as after a Winchendon Police Officer shot and killed someone when I have felt so threatened that I have been unable to leave the house. I have been unable to sleep, to engage in pastimes I used to be able to do such as fishing, reading, bowling, going to movies, and playing with my son. I have gained approximately 30 pounds due to binge eating when I am stressed. I have lost trust in and cannot bear being around other people, and, when I am, I have difficulty having conversations with them. I am not able to concentrate. On account of this, I have been unable to work for nearly three of the past four years, and, when I did work for a stretch of approximately fifteen months (September 2003 to December 2004) as a waitress at the Weathervane Restaurant in Leominister, I found it unbearable and had to quit. I last worked as a certified nursing assistant at the Gardner Skilled Nursing Home in 1998, and have looked into returning to work in the healthcare/nursing home field or taking courses at the Montachusetts Regional Technical School towards a LPN degree, but have been advised that I would not be able to do so on account of my negative CORI report, which has been caused by my wrongful arrests by the defendants, even though I was never found guilty of anything.

(d) Identify or separately list and describe each of your claimed permanent disabilities.

**ANSWER**

I do not know if any of my disabilities are permanent, nor do I know that they are not.

(e) If as a result of any injury in the incidents described in your Complaint, any doctor gave you a temporary or permanent disability rating, give the name and address of the doctor, what the rating covers, when the rating was made, the percentage of rating and the reason therefor.

**ANSWER**

I am not aware that any doctor gave me a temporary or permanent disability rating

---

8) If, as a result of any injuries allegedly sustained in the incidents described in your Complaint, you were unable to perform any of your normal and usual functions, duties or activities, of whatever nature, at any time prior to the incidents [which you were able to perform before the incidents], state such function, duty, activity you were unable to perform, and also separately state what functions, duties or activities, if any, you are still unable to perform, and why.

**OBJECTION**

Plaintiff objects to this interrogatory as vague due to the fact that it is self-contradictory, asking, in effect, -- "If you were unable to perform any of your normal and usual functions, duties or activities, of whatever nature, at any time **prior to the incidents as a result of any injuries allegedly sustained in the incidents** described in your Complaint..." (emphasis added) -- and for this reason Plaintiff cannot answer the interrogatory as framed.

---

9) Do you, or does anyone on your behalf, contend that as a result of the injuries allegedly sustained in the incidents described in your Complaint, there has been any aggravation of a pre-existing condition [whether a prior illness, disease, injury, or a mental, nervous or psychological condition]? If so, please supply the following specific details:

(a) state the condition which has been aggravated;

**ANSWER**

Adhesions I had from ten abdominal surgeries between 1990 and 1997 were very aggravated by ongoing stress and caused me severe pain.

(b) which of your injuries caused the aggravation;

**ANSWER**

The severe emotional distress.

(c) when the aggravation commenced;

**ANSWER**

It commenced in the time period including March and May 2001.

(d) how long it lasted;

**ANSWER**

The emotional distress continues to date.

(e) the extent or degree of aggravation;

**ANSWER**

The degree of aggravation of the adhesions was severe.

(f) when were you first advised or became aware that such a pre-existing condition existed and when it became aggravated; and,

**ANSWER**

I became aware that I had adhesions from surgeries when I had the surgeries between 1990 and 1997. They became aggravated between March and May 2001.

(g) by whom, if anyone, were you advised that such a condition pre-existed and had been aggravated (if it is exclusively your own opinion, please so state).

**ANSWER**

Dr. Kwetkowski, Dr. McNicholas, Dr. Munoz, and Dr. Arcand @ Fallon Leominister; also Dr. Eddy @ Winchendon Health Center.

10) If you received any medical care or treatment from any doctor, or anyone as a result of the alleged injuries or suffering received from the incidents described in your complaint, please supply the following details:

(a) the date you first received such medical care or treatment, and the name and address of the doctor, or other practitioner who treated you and where;

**ANSWER**

I was seen for a broken foot on December 16, 2001. I have been treated for emotional distress since the spring of 2001. The doctors or other practitioners who treat/treated me are:

Unknown doctor attending Fallon Med Center in Leominister, MA on December 16, 2001 for injuries sustained the night of the house fire

Regina Englade, counselor for the Lipton Center @ 100 Erdman Way, Leominister, MA 978-537-0956

Dr. Listerud, Psychiatrist, 100 Erdman Way, Leominister, MA 978-537-0956

Dr. Eddy, Winchendon, MA Health Center, Ash St. Winchendon, MA 01475 978-297-2311

Dr. Kwetkowski, Dr. McNicholas, Dr. Munoz, and Dr. Arcand @ Fallon Medical Center, Leominister, MA 978-534-6500

(b) the name and address of each such doctor, or other practitioner, indicating his/her specialty, if any, whom you have seen for medical care or treatment as a result of injuries received in this incident;

**ANSWER**

See answer to "a" above.

(c) for what injuries or complaint did each doctor, or other practitioner treat or care for you;

**ANSWER**

As to broken foot, see answer to "a" above.  As for emotional distress, see names of four doctors listed in answer to "a" above.

(d) the dates of care or treatment by each such person;

**ANSWER**

As to broken foot, see answer to "a" above.  As for emotional distress, the treatment has been continual since its commencement.

(e) the treatment given and the treatment by each such person;

As to broken foot, only advice as to care.  As for emotional distress, counseling and medications. As to adhesions, pain medications.

(f) the medication and narcotics prescribed, by whom and for what purpose, where obtained, and the frequency and the period of time from date to date over which taken; and

**OBJECTION**

Plaintiff objects to the request that she recount the dates she took each pill as being unreasonably burdensome.

**ANSWER**

I have taken Serequel, Wellbutrin, Prozac (sometimes in generic form of Fluoxentine), Effexor and Lorazapen for emotional distress.  I have taken Tylenol, Percocet (sometimes in generic form of Roxicet) and Oxyconden for pain.  Each was prescribed by my doctors.  I just began Fluoxentine daily, and have been taking Percoset daily for more than a year, and recently had to increase my dosage.  I will seek to obtain records of the prescriptions which will provide the other information requested.

(g) the nature, extent and duration by dates of any self-administered home care or therapy, and if recommended by any doctor or therapist, give his name and address.

**ANSWER**

I treated my bruises, abrasions and cuts myself without consultation with a doctor.  The other information requested has been provided above.

11) What is your education, special training and experience for your work, business, occupation or profession?

I have a HS GED.  I was a certified nurse's assistant from 1986 to 1999 then renewed my CNA in 2001 but could not get a job due to negative CORI report.  I was an Emergency Medical Technician from 1996 to 1998.

12) Do you claim lost wages as a result of the alleged incidents in your Complaint? If so, what is the amount of lost wages? If you lost any time from work since the incidents for any other reason, not due to injuries received in the incidents, state the reasons and indicate the periods of time lost and the amount of income lost, if any, stating in complete detail how you compute such a loss.

**ANSWER**

I cannot place a dollar amount on these losses.  For a further explanation see my answer above regarding disabilities.  Most costs were covered by insurance except for significant co-payments.

13) In connection with your claim for medical, dental and other expenses for which you have already received bills, please provide the following information about these bills:

(a) the amount of each bill, the date thereof, the items charged, the dates on which services were rendered, and the name and address of the person or firm that rendered or supplied the same [itemized bills may be attached to supply portions of your answers in detail];

(1) for each doctor, and other practitioner, including any and all expenses;

(2) for each hospital or institution;

(3) for the purchase or rental charge for each device, and supply and equipment, and, if rented, the period of time so rented, identifying and describing what each item was for and the period of time actually used;

(4) for medicines and medical supplies and when and where purchased;

(5) for nursing care, giving the inclusive period of time from date to date and indicating whether the care was by a registered or practical nurse, and the name and address of each nurse;

(6) for household help and household services, the nature of the work, the frequency supplied, the inclusive period of time from date to date that such work or services were furnished, and the name and address of each such employed person or firm rendering such services, and their relationship to you, if any;

(7) for any medical expenses, including first aid; and

(8) for ambulance service.

**ANSWER**

I will secure and provide records of these charges.

14) In connection with your future medical expenses and care, based upon your best information and belief or based upon what you can ascertain, describe in detail the duration of such future medical care, the nature of it and what it will be for, by whom it is to be rendered if now known, and the estimated cost thereof by each such person or institution.

**ANSWER**

I have no such information at this time.

15) State all witnesses'' names, addresses and telephone numbers known to you, your attorney, your insurance carrier, their representatives, or anyone acting in your behalf or their own behalf, including but not limited to the following information:

(a) Of all persons who saw or heard, or claim to have seen or heard, or to have any knowledge of any of the events or happenings which occurred at the time of the incidents referred to in your lawsuit. State the relationship of each such witness to you;

**ANSWER**

All of the Defendants, Kenneth Jean, same address as my own, my husband; Joseph Maguy, Ashby Rd., Ashburnham, MA 978 827 4408, neighbor; Kenneth Holmquist, 142 Ashby Rd., Ashburnham, MA 978 827 5950, neighbor; Brian and Denise Goyette, Parker St. Gardner, MA 978 630 3752, friends; Karl Klardie, my husband's brother in law, 603 647 8776; Kyle Price, son.

(b) Of all persons who heard, or claim to have heard any statements made by any person concerning how the incidents happened. Please include all who witnessed or heard statements made by your or any of the Defendants that are alleged in your Complaint;

**ANSWER**

See above answer.

(c) Of all persons who have or claim to have, any knowledge concerning the injuries or damages sustained by you or others in the incidents, other than the doctors you have previously mentioned;

**ANSWER**

Kenneth R. Jean,, Unknown doctor attending Fallon Medical Center in Leominister, MA on December 16, 2001 for injuries sustained the night of the house fire; Regina Englade; Dr. Listerud; Dr. Eddy, Dr.Munoz; Denise Goyette, Karl Klardie.

(d) Of all persons who witnessed any of the incidents or allegations in your Complaint regardless of whether you intend to call these people to testify.

My son Kyle.

16) Please describe the events surrounding each incident described in your Complaint including but not limited to the following information:

(a) The time of day and date of each incident and the location

(b) The person or persons present;

(c) The manner in which the incident occurred;

(d) Each and every act or statement of the Defendant or Defendants, agent or agents, servant or servants and/or employee or employees which constituted a deprivation of your constitutional rights, an intentional tort, or otherwise contributed to the injuries you allege that the Defendant(s) caused you;

(e) Whether you had ingested or consumed any alcoholic beverage, prescription medication, or illicit narcotic within twelve (12) hours of the incident(s) alleged; and if so, specify quantity, type, and brand name of such beverages, medications or narcotics; where you obtained such items; and who else was present or otherwise witnessed your ingesting or consuming such items.

(f) The substance of any oral communications or statements immediately prior, during and after the incidents described in your Complaint:

(1) made by you or;

(2) by any witnesses;

(3) by any of the Defendants;

(4) by any agents of the Defendants which contributed to or was a factor in any of the alleged wrongs committed which form the basis of this lawsuit;

**ANSWER**

With regard to each and every one of the incidents recounted below, I had not ingested or consumed any alcoholic beverage, or illicit narcotic within twelve (12) hours prior to the incident(s) alleged. Indeed, I had not ingested or consumed any alcoholic beverage for a few years prior to any of the incident(s) alleged. It is possible I could have taken a prescription medication.

A.     INCIDENT NUMBER ONE

On November 29, 2001 at approximately 7 p.m. while I was stopped on the side of Route 12 in Winchendon, MA, Winchendon police officers questioned me about what I was doing. On information and belief the police officers were Walsh and Wolski. No one else was present. When one of the officers appeared to take notice of pictures of my fiance on the dashboard of my car, he became confrontational and thereafter brought me to the police station under "protective custody"due to what he claimed was my inebriation until my friend Denise Goyette arrived to have me released. I was never asked to or offered the opportunity to take a breathalyser test. The police insisted that she, and not my fiance come to get me, on account of which I had to spend additional time in custody at the police station. On information and belief, no contemporaneous police report was made of the incident. On information and belief, a report was made months later at the insistence of my fiance. The only injury I suffered on this account was getting extremely nervous.

B.     INCIDENT NUMBER TWO

On March 23, 2001 at approximately 7 p.m., I was driving my car in Winchendon during a snow storm on the way back from shopping at Wallmart to purchase a few things I needed for a trip to Jamaica to get married. As I was driving, a dog ran out in front of my car and I swerved to avoid

it. My car ended up in a snow bank. I did not hit anything with my car and no damage was caused. Winchendon officers arrived on the scene within seconds after I went off the road, almost as if they had been following me. A witness whose identity I do not know but am seeking to discover stopped and attempted to inform the police regarding the fact that the dog caused the incident. On information and belief the Police paid little attention to her. On information and belief the witness also went to the Winchendon Police Department to make a statement. On information and belief, the woman's statement has ever been found. The police searched my car without my consent and brought me to the police station, where Officer Anair cut my licence right in front of me despite my pleading to him that I needed my licence to board a plane the next day. Although I was accused of operating under the influence, I was never asked to or offered the opportunity to take a breathalyser test. On account of not having my licence, I had to delay my trip by a day. They charged me with DUI and multiple counts of assault and battery on a police officer. The police cut up my drivers license forcing me to not be able to board the plane to get married in Jamaica the following day. I suffered no physical injuries; however, after this incident my emotional state began to deteriorate so much that I attempted to commit suicide. I took an excessive amount of Motrin, after which I vomited. I did not seek any medical treatment on account of the overdose, but did seek treatment for my emotional condition. On information and belief my profession was listed on one of the police officer's reports as "prostitute."

C.    INCIDENT NUMBER THREE

On a date unknown to me, in the evening, while sitting in a Jacuzzi with my husband in our back yard, Officers Brennan and another officer whom, I am advised, was officer Baronowski, without any audible or other warning such as pulling their cruiser into our driveway, without consent, and without a warrant walked into back yard. They insisted that we stand up and display ourselves. When they found that we were attired, Officer Brennan made a statement to the effect that if he can ever document that we were in the Jacuzzi naked we would be charged as sex offenders.

D.    INCIDENT NUMBER FOUR

On May 23, 2001, in the early evening, I was speaking to my husband from a pay phone in Winchendon, MA, when I was approached by two Winchendon Police Officers. Although I repeatedly tell them that I do not wish to speak to them, they took the phone from me and hung it up. Then they begin pushing me and confronting me with charges of DUI though I was never asked to or offered the opportunity to take a breathalyser test. My car had been left in Ashburnham after being driven off the road by my husband and gotten stuck. We were on the way back from dropping off my son at his father's house in Winchendon at sometime between 8 and 9 p.m. My husband had gone home to get his truck, with which he intended to pull the car out, and left me with the car. I moved over to the driver's side of the car because exiting the care from the side of the passenger door would have put me in mud on a downhill slope, and waited there. A passerby stopped and offered me a ride, which I took. I got out of his car at the first available phone booth, in Winchendon, where I called my husband to tell him that I had relocated. I eventually was charged with DUI and multiple counts of assault and battery on police officers by the Winchendon police. I was pat searched by a number of male officers. Those of the charges related to the operation of a motor vehicle were later made by the Ashburnham police and dropped by the Winchendon police. My husband was told that I would be released on PR when he arrived at the police station. At the same time the police taunted me,

saying that I was going to be sent to Framingham's women's prison. On information and belief, when my husband arrived, he was told the bail is now $500.00; he said okay, and asked them to release me. On information and belief the police made him show the money before they eventually released me. I suffered a laceration on my leg after the accident while I was getting out of the car. I went to the emergency room and was prescribed adavan/lorazapen for my emotional distress. I also took tylenol for the pain caused to my shoulder by the police having pushed and grabbed it.

E.    INCIDENT NUMBER FIVE

On December 14, 2001 at approximately 9:15 p.m., a spark from the fireplace started my home on fire. While I was attempting to search for our pets in the back yard, the police arrived and at first one, then another of them began to beat my husband. On information and belief this was observed by my neighbors. As I came around to the front yard, saw this, and shouted. "What is going on," officer Ahearn who appeared to be standing guard while other officers beat my husband, yelled at me, "you kicked me bitch," began pushing me, stomped on my foot so hard he fractured it, scraped my elbow, put handcuffs on me, and placed me under arrest in his cruiser. On information and belief, at the same time they put handcuffs on my husband, and slammed his face into the trunk of the cruiser so hard blood ran out of his mouth. On information and belief, one of our neighbors tried to ask my husband if there was anyone in the house. The police would not let him answer. On information and belief, shortly after one of the policemen laughed and said, "I have never seen anybody take so much pepper spray in my life." On information and belief, after this, the firemen intentionally stopped fighting the fire and intentionally allowed the house to burn.

In the cruiser on the way to Winchendon Officer Ahearn repeatedly called me "cunt" and "bitch." He also told me my husband and son were dead.

While in a cell in the Winchendon police station, I was dressed in only a wet, ripped night gown. Officer Ahearn entered my cell, waved papers in my face and terrorized me. I was kept without adequate apparel in the cell most of the night. I was not given any blanket or proper clothing despite my repeated appeals. Finally, at approximately 3 a.m. one officer gave me and my husband one very small blanket each. They set bail at $5,000.00 cash each for myself and my husband. When the banks opened at 8:00 a.m. my husbands nephew came up with the money to bail my husband. The bail-bondsman, Ms. Whittaker, told my husband that he only had ten minutes to get the additional $5,000.00 to bail me or I would be sent to Framingham. On information and belief my husband went to the bank around the corner and got money. I was then bailed out. I sought emergency medical care for my physical injuries a day or two later at Fallon. I was so distressed I began to suffer an unbearable, all-consuming fear of leaving the house lest the police would do something to my husband and/or son while I was out. I got lorazapen re-prescribed from my personal physician for my distress.

F.    INCIDENT[S] NUMBER SIX

Throughout 2001 and 2002, the police would order people who came to visit us to move their cars from the street, while not doing this to people parking on the street while visiting our neighbors. Mr. Klardie and Mr./Ms. Goyette were so instructed. The police would also stop cars leaving our house to search them for alcohol. Occasionally before the fire and frequently

thereafter, Officers Wolski and Anair of the Winchendon police, and a third officer no longer with the Department would speed up behind my car, then stop right behind it and tailgate me as I drove. On other occasions they would follow my car as I went to pick up my son from school until I turned into the street by the school. My son was in the car on these occasions.   Another day they followed my car to the Ashburnham town line.  These behaviors continued even after, on information and belief, our criminal defense attorney spoke to Chief Murray.  They stopped only after we hired Attorney Fischer to bring a civil suit on our behalf.

G.    INCIDENT NUMBER SEVEN

From 1999 to 2003 my fiancé/husband was repeatedly charged with crimes and taken to court on various charges.  Although they all came back as not guilty (other than a motor vehicle violation), I believe that they are out to get him.  At one of his DUI trials the prosecutor had to leave while the jury was out.  On information and belief he left a note for the other ADA that, if found guilty, he wants my husband to get a three year sentence, committed.

17) Did you or anyone on your behalf as a result of the alleged incidents described in your Complaint ever make a formal complaint against employees of the Defendants alleging misconduct and if so please supply the following information:

(a) Where was the complaint made?

(b) To whom was it reported?

(c) When was it reported?

(d) How was it reported?

(e) What disciplinary action(s), if any, were taken by the Defendants' employer against the Defendant(s) as a result of said complaint, if you are aware of any?

**ANSWER**

My former lawyer sent a demand letter, to which the defendants' employer, the defendant town, never responded.  On information and belief Ken Jean also complained by telephone to the Winchendon Chief of Police about my being taken into protective custody.

18) Please describe fully and completely how the incidents described in your Complaint happened, stating in your answer all events relating thereto in sequential order.

**ANSWER**

See above answer

19) If you allege you were subject to any incidents involving officers of the Ashburnham Police Department, other than those alleged in your complaint, which you contend were harmful, offensive or in any way inappropriate, please describe each such incident, specifying the date and time the incident occurred, what officer(s) were involved in the incident, and who witnessed any such incidents.

**ANSWER**

See above answers.

20) Please identify each expert witness designated by the Plaintiff who is expected to testify at trial by name and professional address, and:

(a) State his/her area of expertise including his/her specialty, if any, and his/her sub-specialty within his/her general area of specialty, if any;

(b) Identify each book, other treatise, learned report, or other learned paper authored, in whole or in part, by him/her in the area of his/her expertise;

(c) State the entire content, verbatim, of each document furnished to him/her as the basis for seeking his/her expert opinion, except that the medical record may be stated by reference to specific pages furnished or by reference to the entire record, as the case may be;

(d) State the entire content of each verbal statement made to him/her as the basis for seeking his/her expert opinion and, in this connection, identify each person making each verbal statement to him/her;

(e) State the precise subject matter about which s/he is expected to testify;

(f) State in detail each opinion which s/he is expected to state or express upon the trial of this action;

(g) State the detailed basis for each opinion s/he is expected to express or state upon the trial of this action; and

(h) State the entire content of each document authored by him/her relating to any manner to the subject matter of the foregoing subparts designated (a) to (g), inclusive, of this interrogatory.

**ANSWER**

I have not yet determined what experts to call.

21) Please state with particularity every fact within your knowledge which you relied upon to make the assertions against the Ashburnham Defendant(s) contained in Paragraph 45 of your Second Amended Complaint concerning the purported institution of criminal prosecutions for a purpose for which it was not intended, to wit, to retaliate and harass Kenneth and Pamela Price Jean.

**OBJECTION**

The Plaintiff objects to this interrogatory as calling for her to ascertain and reveal the mental impressions of her attorney and former attorney, and divulge lawyer client privileged communications. The Plaintiff also objects to this interrogatory as seeking information protected from disclosure as work product.

**ANSWER**

Without waiving the above objection, see answers to preceding interrogatories and allegations of the Complaint.

22) Please state with particularity every fact within your knowledge which you relied upon to make the assertions against the Ashburnham Defendant(s) contained in Paragraph 49 of your Second Amended Complaint concerning the purported participation in a joint venture and conspiracy to deprive the plaintiffs of their freedom and of other civil rights.

**OBJECTION**

The Plaintiff objects to this interrogatory as calling for her to ascertain and reveal the mental impressions of her attorney and former attorney, and divulge lawyer client privileged communications. The Plaintiff also objects to this interrogatory as seeking information protected from disclosure as work product.

**ANSWER**

Without waiving the above objection, see answers to preceding interrogatories and allegations of the Complaint.

23) Please state with particularity every fact within your knowledge which you relied upon to make the assertions against the Ashburnham Defendant(s) contained in Paragraph 57 of your Second Amended Complaint concerning the purported policy or custom of failing to reasonably train and supervise police officers.

**OBJECTION**

The Plaintiff objects to this interrogatory as calling for her to ascertain and reveal the mental impressions of her attorney and former attorney, and divulge lawyer client privileged communications. The Plaintiff also objects to this interrogatory as seeking information protected from disclosure as work product.

**ANSWER**

Without waiving the above objection, see answers to preceding interrogatories and allegations of the Complaint.

24) Please state with particularity every fact within your knowledge which you relied upon to make the assertions against the Ashburnham Defendant(s) contained in Paragraph 61 of your Second Amended Complaint concerning the purported breach of a duty of care to provide safety and security to plaintiffs.

**OBJECTION**

The Plaintiff objects to this interrogatory as calling for her to ascertain and reveal the mental impressions of her attorney and former attorney, and divulge lawyer client privileged communications. The Plaintiff also objects to this interrogatory as seeking information protected from disclosure as work product.

**ANSWER**

Without waiving the above objection, see answers to preceding interrogatories and allegations of the Complaint.

25) Please state with particularity every fact within your knowledge which you relied upon to make the assertions against the Ashburnham Defendant(s) contained in Paragraph 69 of your Second Amended Complaint concerning the purported breach of a duty of care by failing to properly train and supervise individual defendant police officers.

**OBJECTION**

The Plaintiff objects to this interrogatory as calling for her to ascertain and reveal the mental impressions of her attorney and former attorney, and divulge lawyer client privileged communications. The Plaintiff also objects to this interrogatory as seeking information protected from disclosure as work product.

**ANSWER**

Without waiving the above objection, see answers to preceding interrogatories and allegations of the Complaint.

As to objections.
PLAINTIFF,
By her Attorney,

Mark D. Stern, BBO #479500
Mark D. Stern, P.C.
34 Liberty Avenue
Somerville, MA 02144
Tel. (617) 776-4020
Fax (617) 776-9250
email:markdsternpc@rcn.com
April 6, 2005

As to answers, signed under the pain and penalty of perjury,

Pamela Jean                    April 6, 2005

<u>CERTIFICATE OF SERVICE</u>

I, Mark D. Stern, hereby certify that on the above date I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to John J. Cloherty, III, Pierce, Davis, Perritano, LLP, Ten Winthrop Square, Boston, MA 02110, and to Nancy Frankel Pelletier, Robinson Donovan, P.C., 1500 Main Street, Ste. 1600, Springfield, MA 01115-5609, and to Andrew Fischer at the above address. I also mailed copies to their co-counsel, Miahcel Akerson, Douglas Louison and their associates.

Mark D. Stern

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KENNETH AND PAMELA PRICE JEAN, | ) | CIVIL ACTION NO. 03-12306-FDS |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ASHBURNHAM POLICE | ) | |
| DEPARTMENT, CITY OF WINCHENDON | ) | |
| POLICE DEPARTMENT, ROB HARRINGTON, | ) | |
| in his capacity as CHIEF OF THE WINCHENDON | ) | |
| POLICE DEPARTMENT, JACK MURRAY, in his | ) | |
| capacity as CHIEF OF THE ASHBURNHAM | ) | |
| POLICE DEPARTMENT, TODD C. PARSONS, | ) | |
| RAYMOND M. ANAIR, ROBERT BRENNON, | ) | |
| WILLIAM P. GEOFFROY, BRIAN HART, | ) | |
| KEVIN AHEARN, KEVIN E. WOLSKI, | ) | |
| OFFICER JOHN DOE, OFFICER JOHN POE, | ) | |
|     Defendants | ) | |

## ATTORNEY AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION FOR CRIMINAL OFFENDER RECORD INFORMATION

The Undersigned Counsel does hereby swear, state and affirm as follows:

1.    As the attorney of record for the Defendant, I am requesting the Criminal Offender Record Information, conviction data, arrest reports, and probation records concerning Kenneth Jean.

2.    Such information will be used exclusively for witness impeachment purposes and/or trial strategy purposes related to the above-captioned lawsuit.

3.    I will not disclose this information to any unauthorized persons and/or in violation of Mass. Gen. L. ch. 6, § 167 et. seq. or 803 C.M.R. § 1.00 et. seq.

Signed under the pains and penalties of perjury, this 26th day of July, 2005.

_____
John J. Cloherty III, BBO#566522

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENNETH AND PAMELA PRICE JEAN,<br>        Plaintiffs<br><br>v.<br><br>CITY OF ASHBURNHAM POLICE<br>DEPARTMENT, CITY OF WINCHENDON<br>POLICE DEPARTMENT, ROB HARRINGTON,<br>in his capacity as CHIEF OF THE WINCHENDON<br>POLICE DEPARTMENT, JACK MURRAY, in his<br>capacity as CHIEF OF THE ASHBURNHAM<br>POLICE DEPARTMENT, TODD C. PARSONS,<br>RAYMOND M. ANAIR, ROBERT BRENNON,<br>WILLIAM P. GEOFFROY, BRIAN HART,<br>KEVIN AHEARN, KEVIN E. WOLSKI,<br>OFFICER JOHN DOE, OFFICER JOHN POE,<br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 03-12306-FDS |

**ORDER FOR INSPECTION AND COPYING OF
CRIMINAL OFFENDER RECORD INFORMATION (CORI) REPORT**

Upon Defendant Town of Ashburnham's motion for copying of the criminal record information of the below-identified individual, it is hereby ORDERED, ADJUDGED and DECREED that the Defendant's counsel, John J. Cloherty III, shall have access to the Criminal Offender Record Information (CORI) report and that the Criminal History Systems Board wherein such reports are maintained shall produce, upon payment of a reasonable fee, copies of the CORI Report to the Defendant, through Defendant's attorney, John J. Cloherty III, PIERCE, DAVIS & PERRITANO, LLP, Ten Winthrop Square, Boston, MA 02110, concerning the following person:

**Pamela Price Jean**
141 Ashby Road, Ashburnham, MA 01430
D.O.B. 12/27/61

The Defendant shall not be entitled to access arrest or probation records maintained by police departments or the Department of Probation.

ORDERED:

_____
Judge

                    ENTERED: _____

                                    Clerk

                    Dated: _____, 20_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KENNETH AND PAMELA PRICE JEAN, <br>     Plaintiffs <br><br> v. <br><br> CITY OF ASHBURNHAM POLICE <br> DEPARTMENT, CITY OF WINCHENDON <br> POLICE DEPARTMENT, ROB HARRINGTON, <br> in his capacity as CHIEF OF THE WINCHENDON <br> POLICE DEPARTMENT, JACK MURRAY, in his <br> capacity as CHIEF OF THE ASHBURNHAM <br> POLICE DEPARTMENT, TODD C. PARSONS, <br> RAYMOND M. ANAIR, ROBERT BRENNON, <br> WILLIAM P. GEOFFROY, BRIAN HART, <br> KEVIN AHEARN, KEVIN E. WOLSKI, <br> OFFICER JOHN DOE, OFFICER JOHN POE, <br>     Defendants | CIVIL ACTION NO. 03-12306-FDS |

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1 CONCERNING
MOTIONS FOR CRIMINAL OFFENDER RECORD INFORMATION OF PLAINTIFFS**

I, John J. Cloherty III, Esquire, the undersigned, certify that, pursuant to Local Rule 7.1,

I have served all counsel of record a copy of the accompanying motions and invited a conference to

narrow the issues raised in the motions.  Plaintiffs' attorneys have not communicated their consent

to these motions, nor responded to the invitation for a Local Rule 7.1 conference.  Being unable to

narrow the issues in dispute, the defendant hereby files the accompanying motions.

John J. Cloherty III, BBO#566522

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the
above document was served upon each attorney of
record, by electronic filing.

8/11/05
Date