# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **KENNETH AND PAMELA PRICE JEAN,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. |
| v. ) | 03-12306-FDS |
| ) | |
| **CITY OF ASHBURNHAM POLICE** ) | |
| **DEPARTMENT, CITY OF WINCHENDON** ) | |
| **POLICE DEPARTMENT, ROB HARRINGTON,**) | |
| in his capacity as **CHIEF OF THE** ) | |
| **WINCHENDON POLICE DEPARTMENT,** ) | |
| **JACK MURRAY,** in his capacity as **CHIEF OF** ) | |
| **THE ASHBURNHAM POLICE** ) | |
| **DEPARTMENT, TODD C. PARSONS** ) | |
| **RAYMOND M. ANAIR, ROBERT BRENNAN,** ) | |
| **WILLIAM P. GEOFFROY, BRIAN HART,** ) | |
| **KEVIN AHEARN, KEVIN E. WOLSKI** ) | |
| **OFFICER JOHN DOE, OFFICER JOHN POE.** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO SUBSTITUTE TRUE NAME OF DEFENDANT

Plaintiffs Kenneth and Pamela Price Jean have moved to amend the complaint to substitute the true name of the defendant named in the complaint as Officer John Doe, which is Gregory Gushlaw. For the reasons set forth below, the motion is denied.

## Background

This is an action against two Massachusetts towns, nine named police officers, and two unnamed officers alleging various violations at 42 U.S.C. § 1983 and related tortious acts. The complaint was filed on November 18, 2003.[1] The events at issue are alleged to have occurred

---

[1] The complaint was subsequently amended for reasons not relevant to the present discussion.

between the summer of 1999 and December 2001.

In addition to the eleven identified defendants, the complaint names "Officer John Doe" and "Officer John Poe," who are described in the introductory paragraph as "two currently unidentified officers from the Ashburnham Police Department." Paragraph 13 further alleges that in 1999 "two currently identified Officers from the Ashburnham Police Department," in the course of serving a restraining order, conducted a search of plaintiffs' home "without a warrant or any probable cause," which resulted in Kenneth Jean's arrest on charges of possession of marijuana. There are no specific allegations against either "Doe" or "Poe," and no other specific allegations against the unidentified officers.

On November 29, 2004, defendants served plaintiffs with a joint Local Rule 26.1(B)(2) Disclosure. The Disclosure identified 13 Ashburnham police officers as persons "now known to Defendants' Counsel to have witnessed the transaction or occurrence giving rise to this litigation or to have substantial discoverable information about the claims and defenses," including defendants Murray, Brennan, Ahearn, Hart, and Parsons, two dispatchers, and four patrolmen, one of whom was Gregory Gushlaw. On the same date, the defendants produced (1) an Ashburnham call report indicating that Gregory Gushlaw and another officer went to plaintiffs' home on October 2, 1999, to serve a restraining order, in the course of which the defendant was arrested for possession of marijuana; (2) an arrest report from the same date, indicating that Gregory Gushlaw was the arresting officer; (3) a narrative report of the same incident by Officer Mark Baranowski identifying Gushlaw as having participated in the search and the arrest; (4) an incident report, again identifying Gregory Gushlaw as a participant; and (5) a narrative report by Gushlaw himself concerning the incident.

On December 7, 2004, the Court issued a scheduling order pursuant to Fed. R. Civ. P. 16(b) that provided, among other things, the following: "Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after 12/31/04."

Plaintiffs did not seek to amend the complaint to include Mr. Gushlaw by the December 31, 2004 deadline. Plaintiffs now contend that they were unaware until June 2005 of Mr. Gushlaw's identity. Specifically, plaintiffs contend that they learned his identity during the taking of depositions of defendants Brennan, Ahearn, and Hart and Officers Baranowski and Wade Wright between June 2 and June 28, 2005. The question presented is whether there is "good cause" to permit plaintiffs to amend their complaint after the passage of the relevant deadline in the scheduling order.

## Analysis

Although styled as a motion to substitute a party, plaintiffs' motion in substance is a motion to amend the complaint to add a new party under Rule 15 of the Federal Rules of Civil Procedure, not a motion to substitute a party under Rule 25.[2] Rule 15 provides that, with exceptions not relevant here, a party may amend its complaint "only by leave of court or by written consent of the adverse party," but that "leave shall be freely given when justice so requires." That "freely given" leave is subject, however, to the court's obligation to set scheduling orders; Rule 16(b) provides that the court shall enter a scheduling order that limits the time, among other things, "to join other parties and to amend the pleadings," and that such a

---

[2] Rule 25 applies by its terms only to substitutions due to death, incompetency, transfer of interest, or the death or separation from office of a public officer sued in his official capacity, none of which are applicable here.

schedule "shall not be modified except upon a showing of good cause and by leave of the district court." *See O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (1st Cir. 2004) (applying the stricter good-cause standard to a motion to amend filed after the deadline established in the scheduling order).

Clearly, the discovery of previously-unknown facts, including the identity of a tortfeasor, would ordinarily constitute "good cause" within the meaning of Rule 16(b) for relief from a scheduling order deadline. However, that is not the situation presented here. As of November 29, 2004, the date of defendants' initial disclosures, plaintiffs were aware, or reasonably should have been aware, that Mr. Gushlaw was one of the unnamed officers. The information was hardly concealed, or difficult to find; Mr. Gushlaw's involvement in the relevant incident was abundantly clear from the various police reports. Indeed, plaintiffs do not appear to dispute that the information was available in the initial disclosures.[3]

From that point forward, under the scheduling order, plaintiffs had 32 days, or until December 31, 2004, in which to seek leave to amend their complaints. They did not do so. While the time period in question is not lengthy, it was more than ample, under the circumstances, in which to prepare a motion for leave to amend on a relatively simple issue.

It is true, as plaintiffs point out, that Mr. Gushlaw almost certainly had knowledge of the existence of this lawsuit from the beginning; that all of the defendant officers of the Ashburnham Police Department have been represented by the same counsel, and that Mr. Gushlaw likely will be as well; and that all of the Ashburnham defendants were no doubt aware of the true identity of

---

[3] The complaint does not indicate the disposition of the October 1999 marijuana arrest. For present purposes, the Court will assume that it was disposed of without discovery or court proceedings that would have identified Mr. Gushlaw as the arresting officer.

"John Doe" from the filing of the original complaint. It is also true that the prejudice to Mr. Gushlaw and the other parties is therefore relatively minimal. But "lack of prejudice," while a significant factor, is not the controlling standard. Plaintiffs are required to show "good cause" for relief from the deadline, and they have failed entirely to do so. *See O'Connell*, 357 F.3d at 155 (explaining that the diligence of the party seeking amendment, not the prejudice to the opposing party, is the dominant criterion under Rule 16).

The fact that this case was brought against a "John Doe" defendant does not change that analysis in any respect. As one court in this district has explained:

> The Federal Rules of Procedure make no mention of mechanisms for pleading against unnamed parties through the use of the legal fiction of John Doe or Jane Roe. Of course, this fiction has been allowed in order to proceed against parties who are not known at the time the complaint is filed, but whose identities may be learned through the discovery process. . . . However, the Doe fiction may only be used until such time as the actual identities can be learned.

*Kemper Ins. Cos. v. Federal Exp. Corp.*, 115 F. Supp. 2d 116, 124-25 (D. Mass. 2000) (internal citations omitted). Again, the plaintiffs were aware, or should have been aware, of Mr. Gushlaw's identity as of November 29, 2004, at which time they could have and should have filed an appropriate motion for leave to amend. *Compare Turner v. City of Taylor*, 412 F.3d 629, 648 (6th Cir. 2005) (concluding under Rule 15(a) that it was an abuse of discretion to deny a motion to amend filed by plaintiff immediately upon learning the identity of defendants originally identified as John Doe).

Accordingly, the Court concludes that the plaintiffs' delay in seeking to amend the complaint is inconsistent with the showing of diligence required by the good-cause standard of Fed. R. Civ. P. 16(b).

## Conclusion

For the foregoing reasons, plaintiffs' Motion to Substitute True Name of Defendant is DENIED.

**So Ordered.**

                                          /s/ F. Dennis Saylor
                                          F. Dennis Saylor IV
Dated: August 26, 2005                    United States District Judge