UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH JEAN and PAMELA PRICE JEAN, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF ASHBURNHAM POLICE DEPARTMENT, TOWN OF WINCHENDON POLICE DEPARTMENT, ROB HARRINGTON, in his capacity as CHIEF OF THE WINCHENDON POLICE DEPARTMENT, JACK MURRAY, in his capacity as CHIEF OF THE ASHBURNHAM POLICE DEPARTMENT, TODD C. PARSONS, RAYMOND M. ANAIR, ROBERT BRENNAN, WILLIAM P. GEOFFROY, BRIAN HART, KEVIN AHEARN, and KEVIN E. WOLSKI, <br><br> Defendants. | CIVIL ACTION NO. 03-12306-FDS |

**DEFENDANTS' MOTION TO STRIKE THIRD AMENDED COMPLAINT
FILED ON JANUARY 27, 2006**

Now come the Defendants, by and through their undersigned counsel, and hereby move to strike the Third Amended Complaint filed by the Plaintiffs on January 27, 2006. This operative pleading continues to suffer from a number of procedural and substantive infirmities and, despite attempts made to compel Plaintiffs' counsel to remedy the failures, the errors identified have not been corrected, rendering the instant motion necessary. More specifically, the Defendants state the following:

During the last status conference on this matter that took place on October 27, 2004, this Court, referencing footnote three of the Defendants' Opposition to Plaintiffs' Motion for Leave

to Amend Complaint Pursuant to Fed.R.Civ.P. 15 (a); *see* Docket No. 41; ordered Plaintiffs' counsel to file a "cleaned-up" Third Amended Complaint. Thereafter, in correspondence respectively dated November 15, 2005 and January 18, 2006, various defense counsel attempted to secure compliance with that directive of this Court.

On January 27, 2006, three months after this Court's order, a Third Amended Complaint was filed by Plaintiffs' counsel. This Third Amended Complaint contains a great many modifications when compared to its predecessor pleading,[1] and goes well beyond those revisions sought in footnote three of the Defendants' Opposition to Plaintiff's Motion for Leave to Amend Complaint Pursuant to Fed.R.Civ.P. 15 (a) and well beyond the directive of this Court during the October 27, 2005 status conference without obtaining proper judicial approval. Of note, beyond stylistic or grammatical alterations to which the undersigned counsel, this Third Amended Complaint improperly: (1) identifies Gregory Gushlaw as a named Defendant despite this Court's denial of the Plaintiffs' earlier motion to name him as a party to this matter; (2) identifies Defendants, within its defamation cause of action, who are alleged to be "particularly" responsible for that tort; and, (3) advances, in Counts XIV and XV, causes of action against the individual Defendants sounding in negligence, claims that previously were the subject of two defense motions to strike as barred statutorily by M.G.L. ch. 258, that were thereafter deleted in a successor pleading only to reappear in later versions.

---

[1] Namely, the Third Amended Complaint, when compared to its predecessor pleading, reveals changes to the Introduction to the document, as well as paragraphs 2, 7, 10, 15, 16, 18, 20, 22, 24, 28, 30, 31, 38, 39, 41, 43, 47, 50, 51, 54, 56, 59, 63, 65, 66, 76 and 83. Changes to paragraphs three and seventy-nine, properly spelling Defendant Jack Murray's name, were requested by defense counsel. In addition, paragraph 58 contains new language while paragraphs thirty-nine and forty-two reflect mergers of what had been separate paragraphs in the earlier pleading.

On January 30, 2006, correspondence, appended hereto and designated as "Exhibit A," was sent to Plaintiffs' counsel, advising them of these defects and requesting that the pleading be corrected by February 3, 2006. In a telephonic conversation following that correspondence, Attorney Fischer indicated that the defects related to Gregory Gushlaw as a named party and the negligence causes of action against the individual Defendants would be corrected. Attorney Fischer indicated, however, that the identification of officers in the defamation count was in conformity with this Court's directive to clean up the complaint. In response, Attorney Fischer was advised that it was the position of defense counsel that such an alteration went well beyond the stylistic and constituted a substantive modification that, given the expiration of the time period within which amendments to the pleadings could be made, was impermissible without the express approval of this Court.

Thereafter, on February 15, 2006, Attorney Fischer forwarded to defense counsel a proposed substitute Third Amended Complaint, in both Microsoft Word and Wordperfect formats, and also requested the assent of defense counsel to a motion to amend. Upon review, it was discovered that the two versions of the proposed substitute pleading were not identical, but that one version still purported to advance a negligence cause of action against the individual Defendants. Moreover, although removed from the caption and other portions of the proposed pleading, Gregory Gushlaw remained identified as a party in paragraph two of each version of the propose pleading. Finally, the defamation count in both versions continued to identify particular individual Defendants alleged "particularly" to be responsible for that cause of action.

Again, in correspondence dated February 17, 2006, counsel for the Plaintiffs was advised of these deficiencies and further advised that, because it was the responsibility of the Plaintiffs

-3-

and their counsel to file an appropriate operative pleading, it would be inappropriate for defense counsel to assent to any motion to file a Third Amended Complaint. To date, no appropriate correction has taken place.[2]

Beyond those deficiencies identified in Exhibits A and B, further inspection has revealed that Paragraph ten of the Third Amended Complaint seeks to name Defendant Rob Harrington in both his official and individual capacities, while the prior pleading, in its paragraph eleven, names Defendant Harrington in his official capacity alone.

WHEREFORE, the Defendants respectfully request that the Third Amended Complaint be stricken.

| | |
|---|---|
| Defendants Jack Murray, Todd Parsons and Robert Brennan, By their attorneys, | Defendants Town of Ashburnham Police Department, Jack Murray, Todd Parsons, Robert Brennan, Kevin Ahearn and Brian Hart, By their attorneys, |
| /s/ Andrew J. Gambaccini<br>Andrew J. Gambaccini<br>BBO #: 654690<br>Reardon, Joyce & Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605<br>508.754.7285 | /s/ John J. Cloherty<br>John J. Cloherty<br>BBO #: 566522<br>Pierce, Davis & Perritano, LLP<br>Ten Winthrop Square<br>Boston, MA 02110<br>617.350.0950 |

---

[2] Attorney Fischer did advise in his February 15, 2006 email correspondence to defense counsel that he would be out of the office through most of February, returning on March 2, 2006. The correspondence constituting Exhibits A and B to this Motion were, however, addressed to both Attorney Fischer and Attorney Mark Stern, and there was no indication provided at any time that Attorney Stern was unavailable to make the necessary corrections.

-4-

| | |
|---|---|
| Defendants Town of Ashburnham Police Department, Jack Murray, Todd Parsons, Robert Brennan, Kevin Ahearn and Brian Hart, By their attorneys, | Defendants Town of Winchendon Police Department, Rob Harrington, Raymond M. Anair, William P. Geoffroy and Kevin E. Wolski, By their attorney, |
| /s/ Regina M. Ryan<br>Regina M. Ryan<br>BBO #: 565246<br>Merrick, Louison & Costello, LLP<br>67 Batterymarch Street<br>Boston, MA 02110<br>617.439.0305 | /s/ Nancy Frankel Pelletier<br>Nancy Frankel Pelletier<br>BBO #: 544402<br>Robinson Donovan, P.C.<br>1500 Main Street, Suite 1600<br>Springfield, MA 01115<br>413.732.2301 |

Dated: March 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Motion to Strike Third Amended Complaint Filed on January 27, 2006, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on March 6, 2006.

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini

# EXHIBIT A

# REARDON, JOYCE & AKERSON, P.C.

EDWARD P. REARDON (Retired)
AUSTIN M. JOYCE
MICHAEL J. AKERSON
JOHN K. VIGLIOTTI
ANDREW J. GAMBACCINI

ATTORNEYS AT LAW
(A PROFESSIONAL CORPORATION)
FAX: (508) 754-7220

397 GROVE STREET
WORCESTER, MASSACHUSETTS
01605
(508) 754-7285

January 30, 2006

**VIA TELEFAX AND U.S. MAIL**

Andrew Fischer
Jason & Fischer
47 Winter Street, #4
Boston, MA 02108
Telefax: 617.451.3413

Mark D. Stern
Mark D. Stern, P.C.
34 Liberty Avenue
Somerville, MA 02144
Telefax: 617.776.9250

RE:  Jean, et al. v. Ashburnham Police Department, et al.
     U.S.D.C. C.A. No.: 03-12306-FDS

Dear Messrs. Fischer and Stern:

On behalf of all defense counsel in this matter, I write with respect to the Third Amended Complaint that was filed electronically on January 27, 2006. As you are aware, this filing took place following Judge Saylor's admonition at the October 27, 2005 status conference that a "cleaned-up" Third Amended Complaint was to be filed in short order, as well as November 15, 2005 correspondence from Attorney Cloherty and January 18, 2006 correspondence from Attorney Pelletier–both of which sought compliance with that directive.

Review of this January 27, 2006 Third Amended Complaint reveals that, beyond a number of stylistic, grammatical or other non-substantive modifications, this pleading contains three significant defects. First, this Third Amended Complaint identifies Gregory Gushlaw as a named Defendant and thereafter purports to advance sundry claims against Mr. Gushlaw. You will recall that the Court denied your Motion to Substitute True Name of Defendant, filed on or about August 1, 2005, that had sought to add Mr. Gushlaw as a party to this action. Consequently, Mr. Gushlaw is not a Defendant to this action and the Third Amended Complaint must be modified accordingly.

Second, the defamation count of the Third Amended Complaint now contains, for the first time, an allegation advanced against Sergeant Robert Brennan of the Ashburnham Police Department. As originally constituted, this allegation was advanced only as to Winchendon police officers and, should you seek to enlarge that count, you would need approval of the Court, as the time for amendments to the pleadings now has passed by a great many months. It also is

worthy of note that the discovery record created at this point contains no fact to support such a claim against Sergeant Brennan. *See* Fed.R.Civ.P. 11 (b).

Third, Counts XIV and XV of the Third Amended Complaint again seek to advance claims of negligence against the individual Defendants. You will recall further that such claims were the subject of two defense motions to strike as barred statutorily by M.G.L. ch. 258, that such claims were deleted from the Second Amended Complaint but then resurfaced in a later request to amend the operative pleading. This was referenced by Judge Saylor during the last status conference, as he cited to footnote three of the Defendants' Opposition to Plaintiffs' Motion for Leave to Amend Complaint Pursuant to Fed.R.Civ.P. 15 (a), and as he directed the filing of a "cleaned-up" Third Amended Complaint. As such, the January 27, 2006 Third Amended Complaint also must be modified accordingly.

This correspondence shall serve as an attempt to confer in a good faith attempt to resolve or narrow the issues that may be presented in a future motion to the Court. Should the requested modifications not be made and should a new pleading not be filed with the Court by February 3, 2006, the Defendants will be forced to file appropriate requests with the Court, which may include a motion to strike as well as the costs and fees of bringing such a motion.

Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Andrew J. Gambaccini

cc:   John J. Cloherty III
      Nancy Frankel Pelletier
      Regina Ryan

**EXHIBIT B**

# REARDON, JOYCE & AKERSON, P.C.

EDWARD P. REARDON (Retired)
AUSTIN M. JOYCE
MICHAEL J. AKERSON
JOHN K. VIGLIOTTI
ANDREW J. GAMBACCINI

ATTORNEYS AT LAW
(A PROFESSIONAL CORPORATION)
FAX: (508) 754-7220

397 GROVE STREET
WORCESTER, MASSACHUSETTS
01605
(508) 754-7285

February 20, 2006

Andrew Fischer
Jason & Fischer
47 Winter Street, #4
Boston, MA 02108

Mark D. Stern
Mark D. Stern, P.C.
34 Liberty Avenue
Somerville, MA 02144

RE:  Jean, et al. v. Ashburnham Police Department, et al.
     U.S.D.C. C.A. No.: 03-12306-FDS

Dear Messrs. Fischer and Stern:

I write following Attorney Fischer's circulation of a proposed substitute Third Amended Complaint, in two formats, on February 15, 2006 and the message that I left for Attorney Fischer Friday afternoon.

As indicated in that message, there is a discrepancy between the Word and Wordperfect versions of the proposed substitute pleading that you have circulated, namely, that the Wordperfect version still has "individual defendants" contained within the caption for Count XIV. This error should be corrected in the pleading that is to be filed with the Court.

Moreover, Gregory Gushlaw remains identified as a named Defendant in paragraph two of each version of the proposed substitute pleading; this error also should be corrected.

Finally, with respect to the defamation count, paragraph sixty-three now identifies by name both Defendants Geoffrey and Wolski. Attorney Fischer and I had a conversation following my January 30, 2006 correspondence on this issue when that particular paragraph identified Geoffrey and Brennan. At that time, I understood Attorney Fischer's position to be that Brennan was identified because deposition testimony had revealed that he was present at the time of the alleged defamatory event. I indicated at that time that such a modification went well beyond the "cleaning up" of the pleading ordered by Judge Saylor, and instead consisted of a substantive modification of the allegation, for which you would need to seek and secure approval from Judge Saylor.

As the proposed substitute pleading now identifies two Winchendon officers in the defamation count, I will leave you to discuss this matter, and the propriety of such a

modification, with Attorney Pelletier.

Finally, with respect to your suggestion of an assented to motion as to this substitute pleading, please be advised that defense counsel is of the opinion that assent to such a motion would be inappropriate. As Plaintiffs' counsel, it is your responsibility to file a proper pleading in accordance with the Federal and Local Rules, as well as the various directives from Judge Saylor specific to this case. As you have not done so, it is also your responsibility to correct the now operative pleading.

Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Andrew J. Gambaccini

cc:   John J. Cloherty III
      Nancy Frankel Pelletier
      Regina Ryan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH JEAN and PAMELA PRICE JEAN, | CIVIL ACTION NO. 03-12306-FDS |
| Plaintiffs, | |
| v. | |
| TOWN OF ASHBURNHAM POLICE DEPARTMENT, TOWN OF WINCHENDON POLICE DEPARTMENT, ROB HARRINGTON, in his capacity as CHIEF OF THE WINCHENDON POLICE DEPARTMENT, JACK MURRAY, in his capacity as CHIEF OF THE ASHBURNHAM POLICE DEPARTMENT, TODD C. PARSONS, RAYMOND M. ANAIR, ROBERT BRENNAN, WILLIAM P. GEOFFROY, BRIAN HART, KEVIN AHEARN, and KEVIN E. WOLSKI, | |
| Defendants. | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

The undersigned counsel hereby certifies that a good faith attempt to resolve or narrow the issue(s) presented by this Defendants' Motion to Strike Third Amended Complaint Filed on January 27, 2006 has been made pursuant to Local Rule 7.1 of the District Court in that the undersigned counsel has spoken and corresponded with Plaintiffs' counsel with respect to the matters now presented for judicial review.

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini