E-FILED 3/8/06

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
KENNETH AND PAMELA PRICE JEAN,   *
                                 *
        Plaintiffs               *
                                 *
v.                               *
                                 *
TOWN OF ASHBURNHAM POLICE        *
DEPARTMENT, TOWN OF WINCHENDON   *
POLICE DEPARTMENT, ROB HARRINGTON, *
in his capacity as CHIEF OF THE WINCHENDON * C.A. NO. 03-12306FDS
POLICE DEPARTMENT, JACK MURRAY, in his *
capacity as CHIEF OF THE ASHBURNHAM *
POLICE DEPARTMENT, TODD C. PARSONS *
RAYMOND M. ANAIR, ROBERT BRENNAN, *
WILLIAM P. GEOFFROY, BRIAN HART, *
KEVIN AHEARN, and KEVIN E. WOLSKI *
                                 *
        Defendants               *
*********************************************

## MOTION TO ALLOW FILING OF SUBSTITUTE THIRD AMENDED COMPLAINT AND OPPOSITION AND RESPONSE TO DEFENDANTS' MOTION TO STRIKE THIRD AMENDED COMPLAINT

**I. Defendants raised no objection to the plaintiffs' proposed "substitute" Third Amended Complaint**.

Now come the plaintiffs and move this Honorable Court allow them to file the a substitute Third Amended Complaint. As reason, plaintiffs state that they have addressed each of the three concerns raised by defense counsel to the Third Amended Complaint filed by the plaintiff on January 27, 2006, pursuant to this Court's order that plaintiff's file a "cleaned up" complaint in the substitute Third Amended Complaint.

Upon the filing of the Third Amended Complaint, plaintiffs' counsel received phone calls then a letter from defense counsel Andrew Gambaccini, dated January 30, 2006. [Exhibit A, hereto] The letter sets forth only three concerns.[1] In response to Mr. Gambaccini's complaints, plaintiffs addressed each of the three (3) concerns, two of which were no more than scrivener's errors. Having done so, in a "substitute" third amended complaint, plaintiffs requested the assent of the defendants to file this corrected Third Amended Complaint as a "substitute", rather than go through the procedure of a new motion to amend and a fourth amended complaint.

Plaintiffs' counsel circulated the "substitute" third amended complaint by email [See Exhibit B, hereto], having spoken to the Court's clerk about filing a "substitute" motion rather than going through the process of another motion to amend. Mr. Gambaccini, the only one of the four defense counsel who responded agreed that the "substitute" Third Amended Complaint addressed the three concerns raised in his January 30 letter.

The Email from Plaintiffs' counsel indicated that he would be out of town (actually he was attending the ATLA mid-winter convention) until March 2, 2006, thus plaintiffs' counsel was quite surprised by defendants' motion to strike, as the defendants knew of the imminent filing of the "substitute" motion, which addresses and resolves each of the three (3) concerns raised by the defendants.

---

[1] The allusion to "a great many modifications" in the defendants' motion, as well as the footnote noting multiple changes is misleading, as the many changes reflect the deletion of Officer Gushlaw in multiple places and the grammatical corrections and other "clean-ups" the Court sought from the plaintiffs.

## II. The Substitute Third Amended Complaint addresses the defendants' concerns.

The defendants' first concern is that the Third Amended Complaint failed to remove <u>all</u> references to Officer Gushlaw. The substitute Third Amended complaint deletes Gushlaw's name from the two place noted in both Mr. Gambaccini's letter and the defendants' Motion to Strike.

The second issue raised in both Mr. Gambaccini's letter and the defendants' Motion to Strike is the reference to defendant Brennan in the defamation count, Count XII. Upon notice of this error, through Mr. Gambaccini, plaintiff's counsel corrected it, properly identifying defendants Geoffrey and Wolski as the parties who slanderously listed plaintiff Pamela Jean's profession as "prostitute" on a booking sheet dated May 24, 2001.

The third concern of the defendants was that the individual defendants asserted that they could not be subject to liability under the claims asserted in Counts XIV and XV, based upon the state tort claims act. Plaintiffs agree that the individual defendants cannot be held liable for their conduct while in the scope of their employment, but assert that this is what is pled in Counts XIV and XV, which read, at ¶ 74, "The Towns of Winchendon and Ashburnham, as employers of the individual defendants are vicariously liable and liable under M.G.L., chapter 258, for the negligent act of their employees."

This clearly places liability in Counts XIV and XV upon the municipalities and not any individual defendants.

**III. Conclusion**

  Where the substitute Amended Third Complaint addresses each of the concerns raised by the defendants, and where the defendants have voiced no objection to the substitute Third Amended Complaint, the Court should allow this motion permitting the plaintiff to cure each of the three (3) objections raised by the defendants in their motion to strike and in their letter to Counsel.

                 Respectfully submitted,

Date: March 8, 2006            /s/ Andrew M. Fischer
                       Andrew M. Fischer
                       BB0# 167040
                       JASON & FISCHER
                       47 Winter Street
                       Boston, MA 02108
                       (617) 423-7904
                       afischer@jasonandfischer.com

jean\moallowsubst3acomplaint