# REARDON, JOYCE & AKERSON, P.C.

EDWARD P. REARDON (Retired)
AUSTIN M. JOYCE
MICHAEL J. AKERSON
JOHN K. VIGLIOTTI
ANDREW J. GAMBACCINI

ATTORNEYS AT LAW
(A PROFESSIONAL CORPORATION)
FAX: (508) 754-7220

397 GROVE STREET
WORCESTER, MASSACHUSETTS
01605
(508) 754-7285

January 30, 2006

VIA TELEFAX AND U.S. MAIL

Andrew Fischer
Jason & Fischer
47 Winter Street, #4
Boston, MA 02108
Telefax: 617.451.3413

Mark D. Stern
Mark D. Stern, P.C.
34 Liberty Avenue
Somerville, MA 02144
Telefax: 617.776.9250

RE:  Jean, et al. v. Ashburnham Police Department, et al.
     U.S.D.C. C.A. No.: 03-12306-FDS

Dear Messrs. Fischer and Stern:

On behalf of all defense counsel in this matter, I write with respect to the Third Amended Complaint that was filed electronically on January 27, 2006. As you are aware, this filing took place following Judge Saylor's admonition at the October 27, 2005 status conference that a "cleaned-up" Third Amended Complaint was to be filed in short order, as well as November 15, 2005 correspondence from Attorney Cloherty and January 18, 2006 correspondence from Attorney Pelletier–both of which sought compliance with that directive.

Review of this January 27, 2006 Third Amended Complaint reveals that, beyond a number of stylistic, grammatical or other non-substantive modifications, this pleading contains three significant defects. First, this Third Amended Complaint identifies Gregory Gushlaw as a named Defendant and thereafter purports to advance sundry claims against Mr. Gushlaw. You will recall that the Court denied your Motion to Substitute True Name of Defendant, filed on or about August 1, 2005, that had sought to add Mr. Gushlaw as a party to this action. Consequently, Mr. Gushlaw is not a Defendant to this action and the Third Amended Complaint must be modified accordingly.

Second, the defamation count of the Third Amended Complaint now contains, for the first time, an allegation advanced against Sergeant Robert Brennan of the Ashburnham Police Department. As originally constituted, this allegation was advanced only as to Winchendon police officers and, should you seek to enlarge that count, you would need approval of the Court, as the time for amendments to the pleadings now has passed by a great many months. It also is

worthy of note that the discovery record created at this point contains no fact to support such a claim against Sergeant Brennan. *See* Fed.R.Civ.P. 11 (b).

Third, Counts XIV and XV of the Third Amended Complaint again seek to advance claims of negligence against the individual Defendants. You will recall further that such claims were the subject of two defense motions to strike as barred statutorily by M.G.L. ch. 258, that such claims were deleted from the Second Amended Complaint but then resurfaced in a later request to amend the operative pleading. This was referenced by Judge Saylor during the last status conference, as he cited to footnote three of the Defendants' Opposition to Plaintiffs' Motion for Leave to Amend Complaint Pursuant to Fed.R.Civ.P. 15 (a), and as he directed the filing of a "cleaned-up" Third Amended Complaint. As such, the January 27, 2006 Third Amended Complaint also must be modified accordingly.

This correspondence shall serve as an attempt to confer in a good faith attempt to resolve or narrow the issues that may be presented in a future motion to the Court. Should the requested modifications not be made and should a new pleading not be filed with the Court by February 3, 2006, the Defendants will be forced to file appropriate requests with the Court, which may include a motion to strike as well as the costs and fees of bringing such a motion.

Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Andrew J. Gambaccini

cc:    John J. Cloherty III
       Nancy Frankel Pelletier
       Regina Ryan