UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH JEAN and PAMELA PRICE JEAN, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF ASHBURNHAM POLICE DEPARTMENT, TOWN OF WINCHENDON POLICE DEPARTMENT, ROB HARRINGTON, in his capacity as CHIEF OF THE WINCHENDON POLICE DEPARTMENT, JACK MURRAY, in his capacity as CHIEF OF THE ASHBURNHAM POLICE DEPARTMENT, TODD C. PARSONS, RAYMOND M. ANAIR, ROBERT BRENNAN, WILLIAM P. GEOFFROY, BRIAN HART, KEVIN AHEARN, and KEVIN E. WOLSKI, <br><br> Defendants. | CIVIL ACTION NO. 03-12306-FDS |

**DEFENDANTS' OPPOSITION TO MOTION TO FILE A SUBSTITUTE THIRD AMENDED COMPLAINT**

Now come the Defendants, by and through their undersigned counsel, and hereby request that this Court deny the Plaintiffs' Motion to File a Substitute Third Amended Complaint. As grounds for this request, the Defendants state that the Substitute Third Amended Complaint *continues* to suffer from certain infirmities that Plaintiffs' counsel have failed to correct, despite an abundance of time and a number of opportunities to do so.

As described in greater detail in the Defendants' Motion to Strike the Third Amended Complaint, the undersigned defense counsel have expended much effort in recent months on the subject of the Plaintiffs' operative pleading, initially to secure compliance with this Court's

October 27, 2005 directive that Plaintiffs' counsel file a "cleaned-up" operative complaint, and then to address deficiencies in the Third Amended Complaint that was filed on January 27, 2006 and to request that Plaintiffs' counsel remedy the defects in a timely fashion. Despite their best efforts, the attempts did not result in timely relief and, ultimately, the Defendants moved to strike the Third Amended Complaint.

In response to that request, the Plaintiffs have moved for allowance of the filing of a Substitute Third Amended Complaint. Yet again, however, certain defects in that pleading persist. First, the Substitute Third Amended Complaint, in paragraph ten, indicates that Defendant Rob Harrington has been sued in both his official and individual capacities, whereas predecessor complaints named him only in his official capacity. Without obtaining judicial approval for such a substantive modification to the pleading, this is a fatal flaw in the Substitute Third Amended Complaint.

Second, with respect to Count XII of the Substitute Third Amended Complaint, alleging defamation, the pleading continues to identify individual Defendants who are alleged to be "particularly" responsible under that cause of action. This identification of individual Defendants in the defamation count first appeared in the Third Amended Complaint filed on January 27, 2006, and continues to appear in the Substitute Third Amended Complaint. It is the position of the undersigned defense counsel that this modification goes beyond the rectification of spelling or grammatical errors in predecessor pleadings, and constitutes a substantive modification to the operative complaint that is impermissible absent judicial approval of such an alteration.

Third, on the subject of the negligence causes of action, Counts XIV and XV of the

Substitute Third Amended Complaint, it appears to be the position of Plaintiffs' counsel that these counts are advanced only as to the municipal Defendants. The undersigned defense counsel only wish clarity on this point, a clarity that is not achieved based on the manner in which Counts XIV and XV are pled. The concern with Count XIV centers upon its caption, which is styled "Negligence–Individual Defendants." Similarly, Count XV is problematic insofar as it alleges that "Defendant Town of Ashburnham and defendant Town of Winchendon and Ashburnham Chief of Police Murray and Winchendon Chief of Police Harrington owed a duty of reasonable care to the plaintiffs" and that "[s]*aid defendants* breached their duty . . . ." Substitute Third Amended Complaint, ¶¶ 79-80. Count XV therefore appears to allege a negligence cause of action against Defendants Murray and Harrington, as well as the municipal Defendants. The issue is not an abstract exercise, as a lack of clarity on these counts is likely to require that any future dispositive defense motion waste time and space to respond to the legal merits of a negligence claim against the individual Defendants.

Accordingly, the Defendants respectfully request that this Court deny the Plaintiffs' Motion to File a Substitute Third Amended Complaint.

Defendants Jack Murray, Todd
Parsons and Robert Brennan,
By their attorneys,

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini
BBO #: 654690
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605
508.754.7285

Defendants Town of Ashburnham
Police Department, Jack Murray,
Todd Parsons, Robert Brennan,
Kevin Ahearn and Brian Hart,
By their attorneys,

/s/ Regina M. Ryan
Regina M. Ryan
BBO #: 565246
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
617.439.0305

Defendants Town of Ashburnham
Police Department, Jack Murray,
Todd Parsons, Robert Brennan,
Kevin Ahearn and Brian Hart,
By their attorneys,

/s/ John J. Cloherty
John J. Cloherty
BBO #: 566522
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston, MA 02110
617.350.0950

Defendants Town of Winchendon
Police Department, Rob Harrington,
Raymond M. Anair, William P.
Geoffroy and Kevin E. Wolski,
By their attorney,

/s/ Nancy Frankel Pelletier
Nancy Frankel Pelletier
BBO #: 544402
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
413.732.2301

Dated: March 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Opposition to Motion to File a Substitute Third Amended, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on March 16, 2006.

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini