## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————— )
)
**KENNETH and PAMELA PRICE JEAN,**     )
)
**Plaintiffs,**     )
)            **Civil Action No.**
**v.**     )            **03-12306-FDS**
)
**TOWN OF ASHBURNHAM POLICE**     )
**DEPARTMENT, TOWN OF WINCHENDON**     )
**POLICE DEPARTMENT, ROB**     )
**HARRINGTON, in his capacity as Chief**     )
**of the Winchendon Police Department,**     )
**JACK MURRAY, in his capacity as Chief**     )
**of the Ashburnham Police Department,**     )
**TODD C. PARSONS, RAYMOND M. ANAIR,**     )
**ROBERT BRENNAN, WILLIAM P.**     )
**GEOFFROY, BRIAN HART, KEVIN**     )
**AHEARN, and KEVIN E. WOLSKI,**     )
)
**Defendants.**     )
———————————————————————— )

### MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO STRIKE THIRD AMENDED COMPLAINT AND SUBSTITUTE THIRD AMENDED COMPLAINT AND PLAINTIFFS' MOTION TO ALLOW FILING OF SUBSTITUTE THIRD AMENDED COMPLAINT

**SAYLOR, J.**

This matter involves claims brought under 42 U.S.C. § 1983, the Massachusetts Civil

Rights Act, and Massachusetts tort law arising out of various acts allegedly committed by

members of the Ashburnham and Winchendon police departments. Plaintiffs allege that defendant

police officers conducted a series of unlawful arrests, searches and seizures, and prosecutions, and

engaged in other harassing behavior against plaintiffs, between the summer of 1999 and spring of

2002. Plaintiffs also allege that the Ashburnham and Winchendon police departments failed to

train and supervise their officers adequately in violation of plaintiffs' rights.

This case is now two and one-half years old. Plaintiffs have made multiple requests to amend the complaint in this action, several of which have been allowed by the Court. The various amendments and proposed amendments have been deficient in a variety of respects and have consumed a greatly disproportionate amount of judicial resources. Plaintiffs seek yet again to amend the complaint over defendants' vigorous opposition. Because plaintiffs have repeatedly failed to correct various mistakes in the complaint, and because they have attempted to amend the complaint in direct contravention of an order of the Court, the most recent attempt to amend will be, in substance, denied.

## I.    Background

Plaintiffs filed a nine-count complaint against eleven named defendants and two unnamed defendants on November 18, 2003. The original complaint asserted counts for (1) false imprisonment; (2) intentional infliction of emotional distress; (3) violation of 42 U.S.C. § 1983; (4) violation of the Massachusetts Civil Rights Act; (5) malicious prosecution; (6) abuse of process; (7) conspiracy; (8) violation of 42 U.S.C. § 1983; and (9) defamation. Counts 1 and 4 were brought against all defendants, and Counts 2, 5, 6 and 7 were brought against all individual defendants. Count 3 was brought only against defendants Wolski, Geoffroy, Ahearn, Hart, Brennan, Anair and Parsons; Count 9 was brought only against defendants Wolski and Geoffroy; and Count 8 was brought only against the municipal defendants. The original complaint named all individual defendants except defendant Harrington in both their official and individual capacities. It named defendant Harrington only in his official capacity as Chief of Police of the Town of Winchendon.

Plaintiffs filed a motion to amend the complaint on May 7, 2004. The proposed amended

complaint sought to add two new counts:  a negligence claim against each of the individual officers and a negligent supervision claim against the two municipal defendants and their chiefs of police.  The amended complaint also reversed the order of counts 8 and 9 of the original complaint.  On November 2, 2004, the Court (Wolf, J.) granted the motion to amend in part (allowing it as to the municipal defendants only) and denying it in part.

The Court held a scheduling conference on December 6, 2004, at which the parties discussed a variety of technical defects in the complaint (for example, referring to Ashburnham and Winchendon as "cities" rather than "towns").  Counsel for plaintiffs agreed to make the corrections.

Plaintiffs then filed a Second Amended Complaint on December 7, 2004, alleging (in new paragraphs 19 through 23) three additional incidents of mistreatment occurring between January 2000 and December 2001.  That complaint also added a new count 10, the negligent supervision claim against the municipal defendants, in accordance with Judge Wolf's Order.  The Second Amended Complaint continued, however, to suffer from a variety of technical defects.

Plaintiffs filed yet another motion to amend the complaint on April 15, 2005.  The proposed third amended complaint made three substantive modifications:  (1) it substituted the name of Officer Marc Baranowski for one of the unnamed defendants, (2) it added two counts for loss of consortium, and (3) it added state law claims for trespass and invasion of privacy. Defendants did not oppose the motion to add Baranowski as a named defendant, but opposed the addition of four new supplemental state law claims.  Defendants also observed the following in footnote 3 to their opposition:

The Defendants note further that Plaintiffs' proposed amended pleading suffers

from a number of technical defects, many of which this Court already has
expended judicial resources in correcting during the December 6, 2004 scheduling
conference.  These defects include the following: (1) the mislabeling of the
municipal defendants as "Cities" and not "Towns"; (2) the misspelling of
Defendant Robert Brennan's name; (3) the improper reference to Defendant
Raymond Anair as a member of the Ashburnham Police Department and not the
Winchendon Police Department; and, (4) the failure to include the referenced
"Exhibit A" to the pleading.

　　　　Moreover, the Plaintiffs' proposed amended pleading contains, when
compared to the Second Amended Complaint, no small number of additional
alterations, including modifications to the wording and substance of the facts and
claims being alleged, that are not referenced in the [plaintiffs'] Motion.  In
addition, the Plaintiffs' proposed amended pleading, without reference to having
done so in the motion papers, restates claims of negligence against the individual
Defendants despite the fact that, following the filing of two defense motions to
strike those claims as barred by M.G.L. ch. 258, such claims were deleted from the
Second Amended Complaint.

On August 1, 2005, plaintiffs filed a motion to substitute the name of Officer Gregory

Gushlaw for one of the unnamed defendants.  On August 26, the Court denied the motion on the

grounds that plaintiffs had been aware of Gushlaw's alleged involvement for a considerable period

of time and had not exercised due diligence in seeking to amend the complaint in that respect.

The Court granted plaintiffs' motion to file a Third Amended Complaint at an October 27,

2005 status conference.  It did so, however, on the following conditions:  (1) that the parties

confer in order to determine whether any claims might be narrowed or eliminated; (2) that

plaintiffs eliminate the technical defects which defendants referenced in footnote 3 of their

opposition to plaintiffs' motion for leave to amend the complaint; and (3) that plaintiffs delete the

state law negligence claims against the individual officers.  The Court also ordered that further

amendments would not be permitted absent good cause.

Plaintiffs filed a Third Amended Complaint on January 27, 2006.  That complaint added

claims of loss of consortium, trespass, and invasion of privacy, as permitted by the Court. However, the complaint also (1) substituted, without leave of court, the name of Officer Gregory Gushlaw for one of the previously unnamed defendants—notwithstanding the fact that the Court had specifically denied plaintiffs' motion to substitute; (2) contained no mention of Officer Baranowski; (3) added a claim, without leave of court, against defendant Harrington in his individual capacity; and (4) identified defendants Geoffroy and Brennan in count 12 as being "particularly" responsible for the defamation of plaintiff Pamela Jean.

Defendants have moved to strike the Third Amended Complaint on the grounds that it continues to contain multiple procedural and substantive infirmities. In particular, defendants contend (with ample justification) that the complaint reflects changes beyond the scope of those amendments agreed upon by the Court at the October 27, 2005 status conference. Plaintiffs filed an opposition to the motion and a motion to file a Substitute Third Amended Complaint on March 8, 2006. Plaintiffs did not, however, actually file their proposed Substitute Third Amended Complaint, and therefore it is not before the Court. Defendants then filed a motion to strike the Substitute Third Amended Complaint on March 16, 2006.

## II.   Conclusion

The Third Amended Complaint as filed directly contravenes the Order of the Court given at the October 27, 2005 status conference and the August 26 Order denying the motion to substitute. Furthermore, the Court's patience with plaintiffs' inability to formulate an accurate complaint is now entirely exhausted. Accordingly, defendants' Motion to Strike the Third Amended Complaint is GRANTED in part and DENIED in part. The Third Amended Complaint will not be stricken in its entirety, but the Court will order the following:

1.    Any claim in the Third Amended Complaint against Officer Gregory Gushlaw is

hereby stricken;

2.    The Court's prior Order permitting plaintiffs to amend the complaint to substitute

Officer Marc Baranowski is hereby vacated;

3.    Any claim in the Third Amended Complaint against defendant Robert Harrington

in his individual capacity is hereby stricken; and

4.    The phrase "particularly defendants Geoffroy and Brennan" in count 12 of the

Third Amended Complaint is hereby stricken.

The Court cannot rule on plaintiffs' Motion to File a Substitute Third Amended

Complaint, because the proposed substitute complaint was not filed with the Court.  That motion

is therefore DENIED.  Defendants' Motion to Strike the Substitute Third Amended Complaint is

DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  June 16, 2006