# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                 :

**KENNETH JEAN and PAMELA PRICE**    :
**JEAN,**                              :    **CIVIL ACTION NO. 03-12306-FDS**
                                 :
        **Plaintiffs,**                  :
                                 :
**v.**                                      :
                                 :
**TOWN OF ASHBURNHAM POLICE**    :
**DEPARTMENT, TOWN OF WINCHENDON**    :
**POLICE DEPARTMENT, ROB**    :
**HARRINGTON, in his capacity as CHIEF OF**    :
**THE WINCHENDON POLICE**    :
**DEPARTMENT, JACK MURRAY, in his**    :
**capacity as CHIEF OF THE ASHBURNHAM**    :
**POLICE DEPARTMENT, TODD C. PARSONS,** :
**RAYMOND M. ANAIR, ROBERT BRENNAN,** :
**WILLIAM P. GEOFFROY, BRIAN HART,**    :
**KEVIN AHEARN, and KEVIN E. WOLSKI,**    :
                                 :
        **Defendants.**               :
_____ :

### DEFENDANTS' OPPOSITION TO SUBSTITUTE MOTION TO RECONSIDER THE COURT'S JUNE 16, 2006 ORDER ON DEFENDANTS' MOTIONS TO STRIKE THIRD AMENDED COMPLAINT AND SUBSTITUTE THIRD AMENDED COMPLAINT AND PLAINTIFFS' MOTION TO ALLOW FILING OF SUBSTITUTE THIRD AMENDED COMPLAINT

Now come the Defendants, by and through their undersigned counsel, and hereby request

that this Court deny the Plaintiffs' Substitute Motion for Reconsideration, filed on June 30,

2006.[1] As grounds for this Opposition, the Defendants state that the predicate for the Substitute

_____

[1] A Motion for Reconsideration was filed on June 22, 2006, followed by a Substitute Motion for Reconsideration filed on June 30, 2006. The Motion for Reconsideration relied largely upon the Plaintiffs' earlier attempt to file a Substitute Third Amended Complaint; *see* Docket Entry No. 65; and, once advised that the earlier Substitute Third Amended Complaint had been stricken because it was filed prior to securing approval from this Court, a Substitute Motion for Reconsideration was filed with the Substitute Third Amended Complaint as an attachment.

Motion for Reconsideration, namely, an assertion that this Court overlooked or otherwise was unable to review the Plaintiffs' earlier filing of a Substitute Third Amended Complaint; *see* Substitute Motion for Reconsideration, pp. 1-3; in reaching the determinations reflected in its June 16, 2006 Memorandum and Order, misses the point insofar as the Substitute Third Amended Complaint *also* contains a number of defects in pleading and the June 16, 2006 Order of this Court adequately addresses the defects in both the Third Amended Complaint and the Substitute Third Amended Complaint.

Within the June 16, 2006 Order, this Court expended considerable effort in detailing the procedurally-tortured history of the operative Complaints in this litigation.[2]  For present purposes, it suffices to say that counsel for the Defendants believed that the Third Amended Complaint, filed by Plaintiffs' counsel on January 27, 2006; *see* Docket Entry No. 62; contained a number of deficiencies in pleading and also reflected substantive modifications to the pleading

---

The Substitute Third Amended Complaint filed on June 30, 2006 is identical to the document that was filed on March 8, 2006; *see* Docket Entry No. 65; including the date of the pleading, which is stated to be March 8, 2006.  *See* Docket Entry No. 71, p. 16.

[2]The Defendants note that the Plaintiffs' filings continue to suffer from any number of deficiencies, despite the fact that counsel for the Defendants have brought these issues to the attention of Plaintiffs' counsel on numerous occasions, and in a variety of forms, and despite the fact that this Court has issued a number of clear directives on the matter.  For instance, in the Plaintiffs' Substitute Motion for Reconsideration: (1) the reference to the docket number indicates that this matter is assigned to Chief Judge Wolf, despite that not being the case since this matter was transferred to the Central Division of the United States District Court on November 3, 2004, *see* Docket Entry No. 25; (2) the case caption continues to refer to the municipal Defendants as cities; (3) the case caption misspells the name of Robert Brennan; and, (4) the case caption has added "Officer John Doe" and "Officer John Poe" as parties, despite the fact that the Plaintiffs Third Amended Complaint and Substitute Third Amended Complaint contained no such identified parties.  *See* Docket Entry Nos. 62 (Third Amended Complaint) and 71 (Substitute Third Amended Complaint).  These errors are present in both the Motion for Reconsideration and the Substitute Motion for Reconsideration, although they do not exist in the Substitute Third Amended Complaint.

landscape without securing prior judicial authorization for such revisions.  Those objections were

registered in the Motion to Strike the Third Amended Complaint filed on March 6, 2006.  *See*

Docket Entry No. 63.  In turn, the Plaintiffs' binary response opposed the Motion to Strike and

sought leave to file a Substitute Third Amended Complaint.  *See* Docket Entry Nos. 64 and 65.

The Defendants objected to that portion of the Plaintiffs' filing seeking leave to file a Substitute

Third Amended Complaint by way of an Opposition filed on March 16, 2006.  *See* Docket Entry

No. 66.  In substance, those objections regarded a number of deficiencies contained within the

Substitute Third Amended Complaint, including: (1) the naming of Defendant Rob Harrington in

both his official and individual capacities when predecessor pleadings named him only in his

official capacity; (2) the identification of individual Defendants "particularly" responsible for the

alleged wrongful conduct underlying the defamation cause of action; and, (3) problems

associated with the manner in which Counts XIV and XV were pled, insofar as both Counts

appeared to advance claims against the individual Defendants, despite the earlier striking of those

claims by Plaintiffs' counsel following requests for dismissal on behalf of the individual

Defendants.[3]

Expressing frustration with the Plaintiffs' "inability to formulate an accurate complaint,"

this Court issued a Memorandum and Order on June 16, 2006 that did not strike the Third

Amended Complaint; *see* Docket No. 62; in its entirety, but did address and remedy the defects

pointed out in the Defendants' Motion to Strike the Third Amended Complaint *as well as* the

---

[3]As mentioned; *see* footnote one of this Opposition; the Substitute Third Amended
Complaint filed in connection with the Substitute Motion for Reconsideration; *see* Docket Entry
No. 71; is identical to the document that was filed on March 8, 2006.  Accordingly, the exact
same deficiencies exist in this pleading and the Defendants have the same objections.

Defendants' Opposition to the Motion to File a Substitute Third Amended Complaint. Put another way, although it would of course be preferable to have an operative pleading that was accurate and complete without resort to a judicial aid in deciphering the pleading, the combination of the Third Amended Complaint and this Court's June 16, 2006 Order does serve to create a pleading to which the Defendants do not object. Notwithstanding the functionality of the Third Amended Complaint when read alongside this Court's June 16, 2006 Order, the Plaintiffs' have moved, twice, for reconsideration of the Order and, because the Order remedies the defects to which the Defendants have voiced objection, the Defendants request that the Substitute Motion for Reconsideration be denied in that regard.

There remains one outstanding issue raised by the Plaintiffs' Substitute Motion for Reconsideration, that being this Court's decision to vacate its prior Order permitting the Plaintiffs to amend the operative pleading to name Mark Baranowski as a Defendant. Briefly put, in their request to amend the operative Complaint filed in April, 2005, the Plaintiffs sought leave to name Mark Baranowski as a named Defendant, as well as leave to add four state law causes of action. *See* Docket Entry Nos. 38, 39. The Defendants filed an Opposition to that Motion to Amend, but opposed only the request to add the four state law causes of action and did not oppose the naming of Mark Baranowski as a Defendant. *See* Docket Entry No. 41, p.1, n.1 ("Insofar as the Plaintiffs' Motion seeks to add Officer Mark Baranowski as a named Defendant, the Defendants do not oppose the Plaintiffs' Motion; the Defendants, however, do oppose the Plaintiffs' Motion to the extent that the filing seeks to add a total of four pendent state law claims."). During the status conference on October 27, 2005, the Court discussed that Motion to Amend, and indeed the Court specifically noted that the Defendants had not opposed the addition

-4-

of Mark Baranowski as a party, then moving on to hear argument on the subjects that were in dispute amongst the parties, specifically the addition of the four state law causes of action.

The Plaintiffs now claim that they were unsure as to what ruling the Court had made on the subject of Mr. Baranowski, notwithstanding the lack of opposition from the Defendants on the issue and despite the Court's noting of that lack of opposition just prior to *granting* the Plaintiffs' Motion to Amend in all other respects. *See* October 27, 2005 Clerk's Notes. It would be curious, to say the least, if Plaintiffs' counsel was operating under the assumption that they had prevailed on their Motion to Amend in all respects except for the one point on which there was no opposition lodged by the Defendants. Plaintiffs' counsel, however, indicates just that in their Motion for Reconsideration as well as their Substitute Motion for Reconsideration.

Given this sequence of events, including the lack of opposition to naming Mr. Baranowski as a party, the Court's noting of that lack of opposition at the October 27, 2005 status conference prior to moving to the points of contention and the Court's allowance of the Motion to Amend in all other respects, Plaintiffs' counsel reasonably should have been aware of Mr. Baranowski's status in this case. Since October 27, 2005, Plaintiffs' counsel has filed a Third Amended Complaint and twice has filed a Substitute Third Amended Complaint, none of which name Mr. Baranowski as a party.[4] In this setting, it was reasonable and appropriate for the Court to take the action that it took with respect to the vacating of its prior order permitting the addition of Mr. Baranowski as a party. Frankly, it is the job of Plaintiffs' counsel, not counsel for the Defendants and not this Court, to take care in the filing of pleadings and to identify

---

[4]Notably, the Substitute Third Amended Complaint filed on June 30, 2006 *still does not* identify Mr. Baranowski, in the caption or within the body of the pleading, as a named Defendant.

properly the parties against whom suit has been brought.

WHEREFORE, the Defendants respectfully request that the Motion for Reconsideration be denied. In addition, given the lengthy history associated with this issue of the deficiencies within the Plaintiffs' operative pleadings, a record that has required much time and effort be expended by counsel for the Defendants, as well as this Court, the Defendants ask also for an award of the costs and fees of bringing this Opposition, together with such other relief as this Court deems just and appropriate. Should this Court grant relief associated with the costs and fees of this Opposition, the Defendants of course would be willing to submit papers detailing such amounts.

Defendants Jack Murray, Todd
Parsons and Robert Brennan,
By their attorneys,


/s/ Andrew J. Gambaccini
Andrew J. Gambaccini
BBO #: 654690
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605
508.754.7285


Defendants Town of Ashburnham
Police Department, Jack Murray,
Todd Parsons, Robert Brennan,
Kevin Ahearn and Brian Hart,
By their attorneys,


/s/ Regina M. Ryan
Regina M. Ryan
BBO #: 565246
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
617.439.0305

Defendants Town of Ashburnham
Police Department, Jack Murray,
Todd Parsons, Robert Brennan,
Kevin Ahearn and Brian Hart,
By their attorneys,


/s/ John J. Cloherty
John J. Cloherty
BBO #: 566522
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston, MA 02110
617.350.0950


Defendants Town of Winchendon
Police Department, Rob Harrington,
Raymond M. Anair, William P.
Geoffroy and Kevin E. Wolski,
By their attorney,


/s/ Nancy Frankel Pelletier
Nancy Frankel Pelletier
BBO #: 544402
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
413.732.2301

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on July 10, 2006.

/s/ Andrew J. Gambaccini

Andrew J. Gambaccini
