UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KENNETH and PAMELA PRICE JEAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 03-12306-FDS |
| TOWN OF ASHBURNHAM POLICE DEPARTMENT, TOWN OF WINCHENDON POLICE DEPARTMENT, ROB HARRINGTON, in his capacity as Chief of the Winchendon Police Department, JACK MURRAY, in his capacity as Chief of the Ashburnham Police Department, TODD C. PARSONS, RAYMOND M. ANAIR, ROBERT BRENNAN, WILLIAM P. GEOFFROY, BRIAN HART, KEVIN AHEARN, and KEVIN E. WOLSKI, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR
RECONSIDERATION AND SUBSTITUTE MOTION FOR RECONSIDERATION**

**SAYLOR, J.**

This matter involves claims brought under 42 U.S.C. § 1983, the Massachusetts Civil Rights Act, and Massachusetts tort law arising out of various acts allegedly committed by members of the Ashburnham and Winchendon police departments.[1]  Pending before the Court are two motions for reconsideration filed by plaintiffs.  Both ask the court to reconsider its June 16, 2006 memorandum and order regarding the filing of their Third Amended Complaint (that is, the

---

[1] Plaintiffs allege that defendant police officers conducted a series of unlawful arrests, searches and seizures, and prosecutions, and engaged in other harassing behavior against plaintiffs, between the summer of 1999 and spring of 2002.  Plaintiffs also allege that the Ashburnham and Winchendon police departments failed to train and supervise their officers adequately in violation of plaintiffs' rights.

fourth version of the complaint) and motion to file a "Substitute Third Amended Complaint" (which, if it had been allowed, would have been the fifth version).

## I.     Brief Background

The procedural posture of this case is set forth in the Court's earlier Memorandum and Order and will not be repeated here.

The Court granted plaintiffs' motion to file a Third Amended Complaint at an October 27, 2005 status conference. However, it granted such motion with a number of conditions, and further ordered that additional amendments would not be permitted absent good cause. Plaintiffs filed a Third Amended Complaint on January 27, 2006, which failed to comply with the Court's October 2005 order in a number of substantial respects. As a result, defendants moved to strike the Third Amended Complaint. Plaintiffs filed an opposition to the motion, and a motion to file a "Substitute Third Amended Complaint" on March 8, 2006.

Plaintiffs did not, however, file the "Substitute Third Amended Complaint" as an exhibit to their motion. Instead, they attempted to electronically file it as an "amended complaint." The clerk's office properly rejected this filing as improper, as leave of court had not yet been obtained. *See* Fed. R. Civ. P. 15. Plaintiffs did not correct the problem, and thus the "Substitute Third Amended Complaint" was not docketed and not made part of the record.

The Court then granted in part and denied in part defendant's motion to strike based on the substantial deficiencies in the Third Amended Complaint. The Memorandum and Order noted that plaintiffs "have repeatedly failed to correct various mistakes in the complaint" and have "attempted to amend the complaint in direct contravention of an order of the Court." It further stated that it could not "rule on plaintiffs' Motion to File a Substitute Third Amended Complaint,

because the proposed substitute complaint was not filed with the Court." Having now reviewed the proposed "Substitute Third Amended Complaint," the Court concludes that it cures only some—but not all—of the deficiencies noted in defendants' opposition to the motions. **II.**

### Conclusion

Enough is enough. This case is now nearly three years old and plaintiffs still cannot produce a complaint that accurately identifies their claims and the intended defendants. Disputes over this issue simply have to come to an end. Accordingly, plaintiff's Motion for Reconsideration (Docket No. 69) and Substitute Motion for Reconsideration (Docket No. 71) are DENIED.

Defendants request an award of costs and fees associated with bringing their opposition to plaintiffs' motions for reconsideration. This relief is appropriate under the circumstances. Therefore, any or all counsel for defendants may file, within 30 days of this Order, an affidavit detailing their reasonable attorneys' fees and expenses in opposing the motions for reconsideration.

**So Ordered.**

                                                                          /s/ F. Dennis Saylor
                                                                        F. Dennis Saylor IV
                                                                        United States District Judge

Dated: August 10, 2006