UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************************
KENNETH AND PAMELA PRICE JEAN          *
                                       *
            Plaintiffs                 *
                                       *
v.                                     *
                                       *
CITY OF ASHBURNHAM POLICE              *
DEPARTMENT, CITY OF WINCHENDON         *
POLICE DEPARTMENT, ROB HARRINGTON,     *
in his capacity as CHIEF OF THE WINCHENDON *   C.A. NO. 03-12306MLW
POLICE DEPARTMENT, JACK MURRY, in his  *
capacity as CHIEF OF THE ASHBURNHAM    *
POLICE DEPARTMENT, TODD C. PARSONS     *
RAYMOND M. ANAIR, ROBERT BRENNON,      *
WILLIAM P. GEOFFROY, BRIAN HART,       *
KEVIN AHEARN, KEVIN E. WOLSKI          *
OFFICER JOHN DOE, OFFICER JOHN POE.    *
                                       *
            Defendants                 *
*********************************************
```

## PLAINTIFFS' MOTION TO COMPEL

Pursuant to Fed.R.Civ. P. Rule 37, Plaintiffs respectfully move that this Honorable Court issue an order compelling Defendants Town of Winchendon ("Winchendon")and Rob Harrington ("Harrington") to provide answers to Plaintiffs' Supplemental Interrogatory No. 1. In support of their motion, Plaintiffs say the following.

FACTS AND PROCEDURAL HISTORY

1. Plaintiff Kenneth Jean testified at his deposition that Officer Whittaker, a former officer of the Winchendon Police Department lost his job due to a report made by an attorney representing Mr. Jean in a criminal proceeding (Exhibit A hereto).

2. Plaintiffs believe that said testimony suggests that his fellow officers may have harbored

some animosity towards Mr. Jean and in turn towards his fiancé/wife when they determined her relationship to Mr. Jean, and said animosity may both explain the motives of some or all of the Defendants towards the Plaintiffs, and/or may incline a fact-finder to credit more of the testimony of the Plaintiffs concerning what the Defendants are alleged to have done to them.

3. In order to determine if information exclusively in the control of the Winchendon Defendants confirmed or contradicted the testimony of Mr. Jean, Plaintiffs sent to the Defendants Town of Winchendon and the Defendant Harrington a supplemental interrogatory on or about August 28, 2006, copies of which are appended as Exhibits B & C hereto.

4. Plaintiff received no response whatsoever from the Defendant Town of Winchendon to the interrogatory promulgated to it. Plaintiff received a response from the Defendant Harrington, a copy of which is appended as Exhibit D hereto. Said response consisted only of an objection:

> . . . Harrington objects to this interrogatory on the grounds that it is calculated to annoy and harass the defendant; seeks information neither relevant not material to this legal action nor reasonably calculated to lead to the production of admissible evidence; and exceeds the scope of discovery permitted by Mass.R.Civ.P. 26.

5. Plaintiffs conferred with Defendants pursuant to Local Rule 7.1. See emails attached hereto as Exhibits E, F & G. In none of their conferences was any explanation given as to why the Defendants did not provide an answer to the interrogatories.

6. To date Defendants Harrington and Town of Winchendon have respectively refused to provide any further or any response to the Interrogatories.

ARGUMENT

The Defendant Harrington's sole objection to the interrogatory is on relevance and Rule

2

26 grounds;[1] no assertion of privilege of any nature has been asserted.  The Defendant Town of Winchendon has made no timely objection whatsoever to the interrogatory, and as a consequence has waived any objection it may ever have had thereto.

The objection based on relevance and Rule 26 is apparently frivolous.  A Plaintiff is entitled to know if a Defendant has information confirming or explaining its assertion of the events at issue in a case. F.R.Civ.P. 26(b); see also discussion thereof in Moore's Manual: Federal Practice and Procedure, Sections 15.03[1] & [2].

In this case the Plaintiffs allege they were treated unfairly by a number of Winchendon (and Ashburnham) police officers, in effect, that the Plaintiffs were targeted by the officers for mistreatment.  Plaintiffs allege such mistreatment commenced against Mr. Jean and began against his fiancé/wife immediately upon a Defendant police officer's learning of her association with Mr. Jean.  Plaintiffs further allege that prior to the commencement of any of this harassment, Mr. Jean, through his attorney, caused one of the former fellow officers of the Defendant Winchendon Officers to lose his job by exposing the fact in a court proceeding that he was not in fact qualified to hold said position.

Defendants deny both some of the factual allegations made by Plaintiffs and dispute that they had any hostile animus towards the Plaintiffs.  A fact-finder will have to determine whether to credit Plaintiffs' allegations of misconduct.  If any motive or motives for such misconduct is/are established, a fact-finder is more likely to credit the Plaintiffs' versions of the events; if no motive is established, a fact-finder is less likely to credit them. Hence, Plaintiffs are entitled to

---

[1] He also asserts it is to annoy and harass, however, presuming it is determined to be a relevant inquiry, there would be no basis for such an objection.

3

know if the Defendants have information confirming Plaintiffs' allegation of what occurred in regards to Officer Whittaker and why it occurred. Plaintiffs are further entitled to know if Defendants have information contradicting those allegations. Defendants have at no time stated any reason why they think the Plaintiffs are not entitled to such information. Furthermore, Plaintiffs are entitled to know the same not only in advance of trial, but indeed in advance of mediation of this case expected to be scheduled in the next two months.

WHEREFORE, Plaintiffs request that this Court expeditiously order the Defendants to respond in full to the interrogatory.

>Respectfully submitted,
>PLAINTIFFS KENNETH and PAMELA PRICE JEAN,
>By their attorney,
>
>/s/ Mark D. Stern
>Mark D. Stern, BBO #479500
>Mark D. Stern, P.C.
>34 Liberty Avenue
>Somerville, MA 02144
>Tel. (617) 776-4020
>Fax (617) 776-9250
>email:markdsternpc@rcn.com
>
>/s/ Andrew M. Fischer
>Andrew Fischer, BBO #167040
>Jason and Fischer
>47 Winter Street
>Boston, MA 02108
>AFischer@jasonandfischer.com

Date: November 6, 2006

CERTIFICATE OF SERVICE

  I hereby certify that on this date I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to:

    Michael Akerson
    Austin M. Joyce
    Andrew J. Gambaccini
    Edward P. Reardon, P.C.
    397 Grove Street
    Worcester, MA 01605

    Douglas I. Louison
    Regina M. Ryan
    Merrick, Louison & Costello, LLP
    67 Batterymarch Street
    Boston, MA 02110

    Nancy Frankel Pelletier
    Robinson Donovan, P.C.
    1500 Main Street - Suite 1600
    Springfield, MA 01115

    John J. Cloherty, III
    Pierce, Davis, Perritano, LLP
    Ten Winthrop Square
    Boston, MA 02110

    Andrew M. Fischer
    Jason & Fischer
    47 Winter Street
    Boston, MA 02108

            Signed:


            Mark D. Stern