UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12306-FDS

KENNETH AND PAMELA PRICE JEAN,　　)
　　　Plaintiffs　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
CITY OF ASHBURNHAM POLICE　　　　　)
DEPARTMENT, CITY OF WINCHENDON　 )
POLICE DEPARTMENT,　　　　　　　　　 )
ROB HARRINGTON, in his capacity as　　　)
CHIEF OF THE WINCHENDON POLICE　　)
DEPARTMENT, JACK MURRY, in his capacity )
as CHIEF OF THE ASHBURNHAM POLICE　)
DEPARTMENT, TODD C. PARSONS,　　　　)
RAYMOND M. ANAIR, ROBERT BRENNON, )
WILLIAM P. GEOFFROY, BRIAN HART,　　)
KEVIN AHEARN, KEVIN E. WOLSKI　　　　)
OFFICER JOHN DOE, OFFICER JOHN DOE, )
　　　Defendants　　　　　　　　　　　　)

**<u>OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL</u>**

NOW COME the defendants, Town of Winchendon and Rob Harrington, and respectfully oppose the Plaintiff's Motion to Compel. As grounds therefore and support thereof, the defendants state as follows:

First, as to the representation by the plaintiff that the defendant, City of Winchendon (sic) Police Department, failed to respond to the supplemental answer to interrogatory, the same if factually inaccurate. Attached hereto and marked as Exhibit A is the correspondence attaching the said supplemental response in September 2006.

As to the substantive argument, the plaintiff claims compliance with Rule 7.1 by way of his e-mail dated October 25, 2006, a copy of which is attached hereto and marked as Exhibit B.

464576

Counsel responded on the same day inquiring as to the basis for the plaintiffs' position. Upon receipt of plaintiffs' counsel's response, defendants' counsel undertook to review the deposition transcripts referred to so as to provide a response thereto. Said correspondence was drafted November 3 and sent to plaintiffs' counsel on November 6. In the interim, plaintiffs' counsel filed the instant motion.

As reflected in defendants' counsel's correspondence of November 6, a copy of which is attached hereto and marked as Exhibit C, it is entirely disingenuous for the plaintiffs to attempt to argue that they have only recently become aware of the potential relationship between the termination of Officer Whitaker and the plaintiffs' case. The first deposition taken in this case was by Attorney Stern of Defendant, Officer Raymond M. Anair. That deposition was taken on <u>May 2, 2005</u>. During the course of the deposition, Attorney Stern inquired as to the knowledge of Officer Anair regarding the reasons for Officer Whitaker's departure from the Winchendon Police Department. Officer Whitaker had not been identified by the plaintiff in automatic disclosure and, as such, the undersigned inquired of Mr. Stern as to the relevance of the questions relating to Officer Whitaker. Mr. Stern flatly refused to provide the information regarding Officer Whitaker. The record discloses as follows:

> Q. Now, do you know who Officer Whitaker was?
> A. What department?
> Q. Winchendon?
> A. No. We don't have any Officer Whitaker in Winchendon.
> Q. Not at any time that you have been there?
> A. No, not time that I've been there.
> Q. Did you ever hear that there was an Officer Whitaker that worked there?
> A. Yes, back in the early eighties.

464576

Q. Do you know what happened to him?

A. He is now the chief of Templeton.

Q. Is that in Massachusetts?

A. Yes.

Q. Do you know how it came to be that he left the Winchendon Department?

    MS. PELLETIER: Objection, What's the relevant of Officer Whitaker leaving the department on this litigation?

    MR. STERN: I don't have to explain my theories of the case I don't believe to ask a question.

    MS. PELLETIER: He's not a party to the case.

    MR. STERN: He's not a party to the case. I'll agree to that.

    MS. PELLETIER: And you won't tell me what the relevance of this question is?

    MR. STERN: That's correct.

    MS. PELLETIER: I'm going to instruct him not to answer and we'll reserve on it.

    MR. STERN: On what basis are you instructing him not to answer?

    MS. PELLETIER: The deposition is not a fishing expedition, but this case concerns certain events that occurred that are very clearly identified in your complaint.

    MR. STERN: Right.

    MS. PELLETIER: None of which happened in the 1980s.

    MR. STERN: That's correct, and I'm entitled to inquire into the reasons why they might or might not have occurred, and believe me I'm not here to waste anybody's time, but I don't have to explain what I think I might find.

    MS. PELLETIER: But by the same token unless you can give me some sense of why you think that has anything to do with this case, I don't know why we should have to be sitting here discussing things that occurred in 1980.

464576

    MR. STERN: Because I'll make the motion to compel and we'll have to come back.

    MS. PELLETIER: Because you won't tell me ahead of time so that I can consider your position?

    MR. STERN: I'm tell you ---

A.     If it makes a difference I don't know.

    MS. PELLETIER: It may not stop and we may as well get it out and deal with it. If he's going to keep asking you about other things that you don't know anything about in the 1980s, we're going to have a problem.

    MR. STERN: I have probably two or three questions on this.

    MS. PELLETIER: He is not a 30(b)(6) deponent. He is an officer who is a defendant in this case.

    MR. STERN: I'm serious about this area. I only have two or three questions about it. Apparently his first answer is going to be he doesn't know, but I don't feel like I have to explain what I think I might find. It's not like I'm going all over town on a fishing expeditions or that you will find me going all over town on fishing expeditions, and I certainly don't have to explain it in front of the witness.

    MS. PELLETIER: We can ask the witness to leave the room if you like. Why don't you ask the next question since he already answered it, but don't do that again if you don't mind.

Q.     Has any officer of the department ever had a conversation with you in which they discussed Officer Whitaker?

    MS. PELLETIER: Objection. That's insanely broad.

    MR. STERN: It only calls for a yes or a no and I'll narrow it if he says yes.

    MS. PELLETIER: That would include do you know where Officer Whitaker is. I mean that's an insanely broad question.

    MR. STERN: I will narrow it if he answers yes.

A.     Can you repeat the question, please?

Q.     Yes. Has any officer of the department discussed Officer Whitaker with you?

464576

        MS. PELLETIER: Objection. Go ahead.

A.    Yes.

Q.    Have they ever discussed with you either whether or not he was legally employed by the department or why he left the department?

        MS. PELLETIER: Objection. Go ahead.

A.    No.

Q.    Have they ever discussed any relationship between Ken Jean and Officer Whitaker with you?

A.    No.

(Deposition of Raymond M. Anair, p. 29, line 24 through p. 34, line 19).

    It is abundantly clear from the foregoing that, as of May 2005, the plaintiffs had a theory that there was some relationship between Officer Whitaker's departure from the Winchendon Police Department and the incident which gave rise to this litigation some 15 years thereafter. Each Winchendon police officer deposed by the plaintiff was asked the same questions regarding Officer Whitaker and each testified that they had no knowledge of the specific circumstances relating to Officer Whitaker's separation from the Town of Winchendon and/or that they had no knowledge of any relationship between Officer Whitaker's departure from the Town of Winchendon Police Force and Kenneth Jean. See deposition testimony of William P. Geoffroy, Kevin E. Wolski and David Walsh, pertinent pages of which are attached hereto and marked as Exhibits D, E and F, respectfully.

    The plaintiff apparently attempts to allege that his own client's deposition testimony prompted the need for supplemental discovery regarding Officer Whitaker's departure from the Winchendon Police Department from the late 1980s. At the outset, it is incomprehensible that the plaintiffs' counsel would have to rely on inquiries by defense counsel at his own client's deposition to conduct further discovery. The questions were posed by defense counsel based

464576

upon the inquiries made by Mr. Stern and Mr. Fischer over one year before. Because Mr. Stern refused to provide information as to his position with regard to Officer Whitaker, counsel asked the plaintiffs their position at deposition. Contrary to the representation made by Attorney Stern in both his communication with counsel and to this court, his client was questioned and answered as follows:

> Q. Do you claim that any of the activities of the Winchendon Police Department had anything to do with an officer by the name of Whitaker?
>
> A. Yes, ma'am.
>
> Q. You never mentioned that prior to me asking you that question, is that fair to state? We've been sitting here for almost three hours, correct?
>
> A. **Why would I ma'am? I totally forgot him. He was not part of this harassment, that all came about after. He was a very early age, I'm going to say 1988 or '89, it was a lone event, it was totally unrelated to all of this.**
>
> Q. Totally unrelated to all of this?
>
> A. Yes, ma'am. Unless any of the police departments harbor animosity towards me from that, but I would have no knowledge of that.

(Deposition of Kenneth Jean. P. 677, line 21 through p. 678, line 16.

There is nothing in the testimony of the plaintiffs to suggest that further inquiry is suddenly necessary with regard to Officer Whitaker. As noted above, the alleged potential relationship between Officer Whitaker's separation from the force and the alleged actions of the officers in this case was the subject of inquiry by the plaintiff since the very first deposition. The testimony of the officers in this case renders it clear that further inquiry is based on nothing other than pure speculation on the part of the plaintiff and/or is designed to harass the defendants herein. To allow further discovery of the nature requested would sanction a fishing expedition in contravention of Fed. R. Civ. P. 26. See, *Aponte-Torres v. University of Puerto Rico*, 446 F 3d

464576

50, 59 (2006). For all of the forgoing reasons, the defendants respectfully request that the plaintiffs' motion be denied.

THE DEFENDANTS
CITY OF WINCHENDON POLICE
DEPARTMENT AND
ROB HARRINGTON

By    */s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 544402

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 20th day November, 2006, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel:

| | |
|---|---|
| Andrew M. Fischer, Esq.<br>Jason & Fischer<br>47 Winter Street<br>Boston, MA 02108 | Mark D. Stern, Esq.<br>34 Liberty Avenue<br>Somerville, MA 02144 |
| Michael Akerson, Esq.<br>Austin M. Joyce, Esq.<br>Andrew J. Gambaccini, Esq.<br>Reardon, Joyce & Akerson, P.C.<br>397 Grove Street<br>Worcester, MA 01605 | Douglas I. Louison, Esq.<br>Regina M. Ryan, Esq.<br>Merrick, Louison & Costello, LLP<br>67 Batterymarch Street<br>Boston, MA 02110 |
| John J. Cloherty, III<br>Pierce, David, Perritano, LLP<br>Ten Winthrop Square<br>Boston, MA 02110 | |

Subscribed under the penalties of perjury.

    */s/ Nancy Frankel Pelletier, Esq.*
Nancy Frankel Pelletier, Esq.

464576